**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| MINTEL INTERNATIONAL GROUP, LTD., a United Kingdom corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 08-cv-3939 |
| v. | ) ) | Hon. Robert M. Dow, Jr. |
| MEESHAM NEERGHEEN, an individual, | ) ) ) | |
| Defendant. | ) ) ) | |

## AGREED MOTION FOR ENTRY OF PROTECTIVE ORDER

Defendant Meesham Neergheen, and as agreed to by Plaintiff Mintel International Group Ltd., (collectively the "Parties"), by and through their attorneys, move this Court for entry of their proposed protective order. In support of this motion, the Parties state as follows:

1. This matter is set for a preliminary injunction hearing to be held on August 4, 2008.

2. Due to the nature of this litigation, the Parties recognize that discovery will involve production of confidential information and documents subject to protection under Fed. R. Civ. P. 26(c), which if disclosed would result in injury to one or more of the Parties.

3. The Parties have reviewed Fed.R.Civ.P. 26(c), L.R. 26.2, and Judge Dow's Case Management Procedures as published on the Court's website, and have negotiated a protective order that is narrowly and carefully tailored to address their mutual concerns relating to the disclosure of confidential information, the ability to conduct appropriate discovery, and the

legitimate public interest. A copy of the proposed protective order is attached hereto as Exhibit 1.

Dated July 18, 2008

                                        Respectfully submitted,

                                        By: */s/Jeana R. Lervick*

                                        John T. Roache
                                        Jeana R. Lervick
                                        BELL, BOYD & LLOYD LLP
                                        Three First National Plaza
                                        70 West Madison Street
                                        Suite 3100
                                        Chicago, Illinois 60602
                                        312.372.1121
                                        312.827.8000 (facsimile)
                                        Attorney No. 90100

# EXHIBIT 1

Case 1:08-cv-03939   Document 16-2   Filed 07/18/2008   Page 1 of 15

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| MINTEL INTERNATIONAL GROUP, LTD., a United Kingdom corporation, ) ) ) ) | |
| Plaintiff, ) ) | Civil Action No. 08-cv-3939 |
| v. ) ) | Hon. Robert M. Dow, Jr. |
| MEESHAM NEERGHEEN, an individual, ) ) | |
| Defendant. ) ) ) | |

## AGREED PROTECTIVE ORDER

WHEREAS, the Parties, Plaintiff Mintel International Group, Ltd. ("Mintel") and Defendant Meesham Neergheen ("Mr. Neergheen") (collectively "the Parties"), and non-parties may, during the course of this action, be required to disclose trade secrets and other confidential research, development, marketing, or proprietary commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS, the Parties, through counsel, have moved for entry of this Protective Order pursuant to Rule 26(c) to prevent unnecessary disclosure or dissemination of such confidential information;

IT IS HEREBY ORDERED that the following provisions of this Protective Order regarding confidentiality (hereinafter "Order") shall govern and control the disclosure, dissemination, and use of information in this action.

I.      **NATURE OF INFORMATION AND MATERIALS PROTECTED**

A.      *Applicability.* The confidentiality provisions of this Order shall apply to all depositions, productions of documents and things, answers to interrogatories, responses to requests for admissions, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial, matters in evidence, and any other information that a producing party may designate as confidential in connection with this action.

B.      *Confidential Information of Third Parties.* The term "producing party" encompasses not only the Parties to this action but also third parties who may disclose or produce information, *e.g.*, in response to a subpoena.

C.      *"Confidential" Information* includes information in written, oral, electronic, graphic/pictorial, audiovisual, or other form, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise:

1.      which is designated as such in writing by the producing party; and

2.      which constitutes, contains, describes and/or reflects information relating to products currently offered for sale, including but not limited to, trade secrets, processes, operations, know-how or apparatus, technical information, development or other technical or scientific information related thereto the disclosure of which (i) is likely to have the effect of harming the business operations or competitive position of the producing party, or a party in privity with the producing party, or (ii) would violate an obligation of confidentiality to a

2

third person, including a court.

D.　　*Exceptions to confidential status.* Information will not be deemed confidential and protected, and the parties shall use reasonable efforts to ensure that information is not designated as such, if its content or substance:

1. is at the time of production or disclosure, or subsequently becomes, through no wrongful act or failure to act on the part of the receiving party, generally available to the relevant public through publication or otherwise; or

2. is already in the possession of the receiving party at the time of production, unless the receiving party obtained the information through improper means, as defined by the Uniform Trade Secrets Act (e.g., Wis. Stat. § 134.90), or with knowledge that its receipt of the information was improper; or

3. is disclosed to the receiving party by a third party without breach of an obligation of confidence to the producing party.

E.　　*"Confidential – Attorneys' Eyes Only" Information.* "Confidential" information may be additionally designated "Attorneys' Eyes Only" by counsel for the producing party for the purpose of identifying particularly sensitive Confidential information, including the identification of customers, amount or source of any income, profits, losses, expenditures, pricing, costs, marketing, sales, shipments, or any information describing, reflecting and/or relating to products in development or not otherwise offered for sale, including but not limited to, trade secrets, processes, operations, know-how or apparatus, technical information, development which, if known to any officer, director, employee, or agent of a receiving party, would lead to a significant harm or injury to the reputation and/or

business of the producing party, or a party in privity with the producing party, and further limiting its access to a more restrictive group of persons.

## II.   RESTRICTIONS ON ACCESS TO CONFIDENTIAL INFORMATION

A.   Access to information that is designated "Confidential" shall be limited to counsel of record for any party, other law firm attorneys, other outside counsel and personnel, law firm personnel, in-house counsel, in-house clerical staff, service bureaus, outside consultants/experts, one in-house technical expert, and other qualified persons, as defined below:

1.   *"Other law firm attorneys"* means attorneys (*i.e.*, members in good standing of the bar of the highest court of any state or of any federal district court) who are members or employees of the law firms of the outside attorneys of record for any party but who are not themselves of record.

2.   *"Law Firm Personnel"* means (i) regular full- or part-time employees of the law firms of the outside attorneys of record for any party to whom it is necessary that the protected information in question be disclosed for purposes of any dispute between parties to this lawsuit and (ii) non-employee clerical personnel engaged by such law firms on a contract basis (e.g., data entry clerks) to whom it is necessary that the protected information in question be disclosed for purposes of any dispute prosecuting or defending this lawsuit and who are under duties and obligations of confidentiality to the law firms of the outside attorneys of record.

3.   *"Outside consultant/expert"* means a person who is not employed by the receiving party, is retained by that party or its attorneys of record in this litigation, for the purposes of assisting in preparation of this litigation for trial, such as an accountant, statistician, economist, technical consultant or other technical expert, provided: (i) the person has signed a

4

document in substantially the form of Exhibit A attached hereto; (ii) the person's identity as a designated outside consultant/expert and the person's curriculum vitae have first been disclosed in writing to the party producing the Confidential information; and (iii) the producing party has not served a written objection to the designation of the person as an "outside consultant/expert" within five (5) days of receiving notice of the person's identity; and (iv) the producing party has withdrawn any objection made to the designation.

4.  *"In-house counsel"* means attorneys (*i.e.*, members in good standing of the bar of the highest court of any state or of any federal district court) who are regular full- or part-time employees of the receiving party who are working directly on this litigation, and who are not substantively involved in patent preparation or prosecution relating to the subject matter of the patent(s) at issue in this litigation for the receiving party.

5.  *"In-house clerical staff"* means regular clerical employees (*e.g.*, legal assistants, secretaries, file clerks, but excluding personnel performing technology-related duties) of the receiving party who are working directly on this litigation under the direct supervision of either inside or outside counsel and to whom it is necessary that the confidential information in question be disclosed for purposes of this litigation.

6.  *"In-house expert"* means one person who is a regular full- or part-time employee of the receiving party who is working directly in connection with this litigation, who has substantive scientific and/or technical expertise relevant to the subject matter of the patent(s) at issue in this litigation, and who is not substantively involved in the receiving party's preparation or prosecution of patents related to the subject matter of the patent(s) at issue in this litigation, provided: (i) the person has signed a document in substantially the form of Exhibit A attached hereto; (ii) the person's identity as a designated in-house expert and the person's

curriculum vitae have been disclosed in writing to the party producing the Confidential information; and (iii) the producing party has not served a written objection to the designation of the person as an "in-house expert" within five (5) days of receiving notice of the person's identity; and (iv) the producing party has withdrawn any objection made to the designation. If the receiving party disputes the producing party's objection, it shall have the option to move the Court for inclusion of such person under this provision.

      7.      *"Service bureau"* means a company that:

      (a)      is independent of the parties, but a company will not be deemed non-independent solely because it does business, regularly or irregularly, with a party;

      (b)      is engaged by counsel of record to perform clerical-type services in connection with this litigation, *e.g.*, photocopying, imaging, computer data entry, and the like; and

      (c)      has executed an undertaking to be bound by the provisions of this Order in substantially the form of Exhibit A attached hereto, including the specific undertaking to instruct its employees who have access to protected information about their duty not to use or disclose such information.

      8.      *"Other qualified persons"* means any other person (i) who is so designated (1) by order of the Court after notice to and an opportunity to be heard by all affected parties, or (2) by agreement of the producing party, and (ii) who has signed a document in substantially the form of Exhibit A attached hereto.

      B.      *Access to Confidential Information designated "Confidential – Attorneys' Eyes Only"* shall be limited to counsel of record for any party, other law firm attorneys, other outside counsel and personnel, law firm personnel, outside consultants/experts, service bureaus, and

other qualified persons, as defined in paragraphs II.A.1-3 and 8.

C.  *Confidential information of nonparties.* In the event that a party seeks discovery from a nonparty to this action, the nonparty may invoke the terms of this Order in writing to all parties to the action with respect to any confidential information to be provided to the requesting party by the nonparty.

D.  *Disclosure to certain persons associated with producing party.* Nothing in this Order shall preclude any party to the lawsuit or their attorneys from showing a document designated as confidential to an individual employed by the producing party who prepared or reviewed or received the document prior to the filing of this action.

E.  *No waiver of right or obligation to object to production.* Nothing contained in this Order shall be construed as a waiver by any party of its right to object to the subject matter of any request for discovery in this action, nor as a waiver by any other party of the first party's obligation to make proper responses to discovery requests. The entry of this Order shall not be construed as an agreement by any party to respond to discovery requests or to supply any information which is outside the scope of discovery under the Federal Rules of Civil Procedure, and shall not constitute an admission that any documents or information that may exist is relevant or material in any way to the issues raised in the pending action or admissible in such action, nor as a waiver of any privilege with respect thereto.

F.  *Requests for additional protection.* This Order shall be without prejudice to the right of the parties to request additional protection under Rule 26(c), Fed. R. Civ. P., for discovery requests made hereafter by any party.

G.  *Future representation by counsel.* It is not the intent of the parties, nor of the Court, that an attorney or law firm that acquires knowledge of (or is given access to) confidential

information pursuant to this Order should thereby be disqualified from other representations adverse to the producing party solely because of such knowledge (or access).

III.    **DESIGNATION AND LABELING OF CONFIDENTIAL INFORMATION**

    A.    *Labeling of documents.* Information being designated as protected that is in documentary or other tangible form shall be labeled by the producing party, prior to its production, to reflect its intended designation. In labeling information as *Confidential* or *Confidential – Attorneys' Eyes Only,* the producing party will make such designation only as to that information that it in good faith believes to qualify under Part I of this Order.

    B.    *Designation of other disclosures.* Information being designated as protected that is not in documentary or other tangible form, or that cannot conveniently be labeled, shall be designated and/or categorized by the producing party in a writing provided to the receiving party at the time of production.

    C.    *Preliminary designation of documents being inspected.* If a producing party elects to produce documents and things for inspection, it need not label the documents and things in advance of the initial inspection. For purposes of the initial inspection, all documents within the produced files will be considered as having been marked "Confidential - Attorneys' Eyes Only." Thereafter, on selection of specified documents for copying by the inspecting party, the producing party shall mark either the original documents or the copies or such documents as may contain protected subject matter with the appropriate confidentiality marking at the time the copies are produced to the inspecting party.

    D.    *Designation not determinative.* Designation of documents or other specified information as "Confidential" or "Confidential – Attorneys' Eyes Only" by counsel, or receipt of documents or information so designated, shall not be considered as determinative

8

of whether the contents of the documents or the information specified are entitled to be deemed as such.

E. *Challenges to "Confidential" designations.* A party shall not be obligated to challenge the propriety of a designation of information as protected at the time made, and failure to do so shall not preclude a subsequent challenge thereto. If any party to the action disagrees at any stage of the proceedings with such a designation, that party shall provide to the producing party written notice of its disagreement. The parties shall first try to dispose of such dispute in good faith on an informal basis. The parties will work together in good faith to agree on, among other things, "declassification" or "downgrading" of redacted copies of particular documents or to agree that certain specified persons may be given access to particular protected information. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court. Upon such a challenge, the burden of proving that the information has been properly designated as protected will shift to the producing party who made such designation.

F. *Designation of and procedure for deposition testimony.* The following procedures shall be followed if confidential information of a producing party is discussed or disclosed in a deposition:

1. The producing party shall have the right to exclude from attendance at the deposition, during such time as the confidential information is to be discussed or disclosed, any person other than the deponent, the court reporter, and persons entitled to access the Confidential information.

2. The confidential information shall be designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" at the request of

9

counsel for the producing party (or, if the producing party is not a party to the action and is not represented at the deposition, at the request of counsel for the party disclosing the information or questioning the witness about it).

      3. If a request under subparagraph 2 is made on the record during the deposition, the reporter shall indicate on the cover page of the transcript that the transcript contains "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information and additionally shall list the pages and line numbers of the transcript on which the information in question is contained.

      4. Alternatively, a request under subparagraph 2 may be made in writing within ten (10) days after the requesting counsel receives a copy of the transcript of the deposition. The request shall contain a list of the numbers of the pages and lines of the transcript that are to be designated as containing Confidential or Confidential - Attorneys' Eyes Only information, and specific designations for each item or group of items on the list. The list shall be set forth on one or more separate pieces of paper, the first one of which shall bear the caption of the action and identifying information about the deposition. The requesting counsel shall insert the list before the cover page of the transcript and shall mail or fax copies of the list to counsel for all parties so that it may be affixed to the face of the transcript and each copy thereof.

    G. *Inadvertent production.*

      1. If a party inadvertently produces a document containing confidential information without marking or labeling it as such, the information shall not lose its protected status through such production and the parties shall take all steps reasonably required to assure its continued confidentiality if the producing party provides written notice to the receiving party within ten (10) days of the discovery of the inadvertent production of the document, identifying

the document in question and of the corrected confidential designation for the document.

2. The inadvertent production of any document or other information during discovery in this action shall be without prejudice to any claim that such material is subject to the attorney-client privilege or is protected from discovery as work product within the meaning of Rule 26, Fed. R. Civ. P., if the producing party gives written notice to the receiving party within ten (10) days of the discovery of the inadvertent document production, identifying the document in question and claim to privilege or work product.

H. By this Protective Order, the Parties do not waive their right to make application to this Court for a determination that material designated as Confidential Material does not contain confidential, sensitive, or personal information sufficient to justify the designation, or that under the circumstances the information should be released from the provisions of this Order. If disputes arise concerning the propriety of designating particular documents as Confidential Material, whether certain documents or information should be released from the provisions of this Order, or concerning any other matter relating to the application of this Order, counsel shall attempt to resolve these disputes by agreement before asking the Court to resolve them.

IV. **FILING CONFIDENTIAL INFORMATION WITH THE COURT**

A. *Filing under seal.* No document containing confidential information shall be filed with this Court unless it is in a sealed, opaque container or envelope including on the outside thereof the designation "CONFIDENTIAL", the case heading of this litigation and a notification that the contents are subject to a protective Order and the container is not to be open to the public except on further order of this Court or by stipulation of counsel for all parties. The clerk of this Court is directed to maintain under seal all documents and transcripts of

deposition testimony designated as confidential that is so filed in this litigation.

      B.    *Use of information in court proceedings.* Any receiving party that knows that it intends to present confidential information of another party in oral form at trial, or during any pre- or post-trial hearing, shall first notify the Court and the producing party a reasonable amount of time in advance. Because of the policy favoring public attendance at judicial proceedings, the parties are strongly encouraged to agree on procedures that will minimize the presentation of protected information in open court. In appropriate circumstances, such procedures might include, *e.g.*, submission of written testimony under seal, presentation of "declassified" summaries of confidential information, and the like. The Court does not here determine which if any such procedures might be suitable in particular situations. Absent a stipulation of all parties, the fact that information has been designated as protected shall not be admissible during the trial of this action, nor shall the jury be advised of such designation.

## V.    PROCEDURES AFTER TERMINATION OF THIS CASE

      A.    *Continuing jurisdiction of the Court.* This Order shall survive the final conclusion of the action, and this Court retains jurisdiction of the parties hereto, and of any person who executes a copy of Exhibit A, indefinitely as to any dispute between any of them regarding improper use of information disclosed pursuant to this Order.

      B.    *Return and destruction of documents.*

          1.    Except as set forth below, within 60 days of final termination of this action, the attorneys of record for each receiving party shall return to each producing party or its attorneys of record, at the expense of the producing party, all documents (and copies thereof) and all materials (and any copies thereof) that have been furnished to it by the producing party and that have been identified as CONFIDENTIAL pursuant to this Order. At the option of the

producing party, such documents received by the receiving party may be destroyed in lieu of being returned to the producing party.

2. Notwithstanding subparagraph 1 above, the attorneys of record for a party may retain indefinitely, in "secure storage" (defined below), a single archival copy of documents containing confidential information that have been submitted to the Court or cited to the Court in any proceeding in this case, provided that said archival copy is not used or disclosed, except (i) as permitted by this Order, (ii) by agreement of the producing party in question, or (iii) by further order of this Court. The archival copy may be in hard-copy, electronic, magnetic, optical-disk, or other form, or any combination thereof. By way of example and not of limitation, outside counsel may maintain, *e.g.*, a set of pleadings, briefs, and similar court papers; a set of trial exhibits received in evidence a copy of the record on appeal; a reasonable number of backup tapes containing confidential information in electronic form that had been maintained on law firm computer networks (*i.e.*, counsel need not specifically purge their firms' routine backup tapes of protected information as long as the backup tapes are kept in secure storage); and the like.

3. For purposes of subparagraph 2 above, "secure storage" for archival copies of protected information does not include storage that is routinely physically accessible from a local-area network, wide-area network, or the Internet.

**IT IS SO ORDERED:**

Date:_____         _____
                                     United States District Judge

13

## **EXHIBIT "A"**

## **AGREEMENT CONCERNING CONFIDENTIAL INFORMATION**

The undersigned hereby acknowledges that he/she has read the Protective Order entered in this litigation on _____ and that he/she understands the terms thereof, that he/she has been designated by _____(INSERT NAME OF PARTY) as a qualified person there under, and that he/she individually and on behalf of _____ (INSERT NAME) agrees to be bound by the terms of such Agreed Protective Order. The undersigned further understands that he/she can be adjudged to be in contempt of Court if found to have violated the terms of this Protective Order and that the Court may award an equitable and legal relief it deems appropriate.

_____          Dated: _____

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that a true and correct copy of **Agreed Motion for Entry of Protective Order** and its accompanying **Notice of Motion** have been served this 18th day of July, 2008 via ECF filing to:

>Joseph Marconi
>Victor Pioli
>Katherine J. Pronk
>JOHNSON & BELL, LTD.
>33 West Monroe Street
>Suite 2700
>Chicago, Illinois 60603

>_____/s/ *Jeana R. Lervick*_____
>Jeana R. Lervick
>BELL, BOYD & LLOYD LLP
>70 West Madison Street
>Suite 3100
>Chicago, IL 60602
>(312) 373-1121