IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MINTEL INTERNATIONAL GROUP, ) <br> LTD., a United Kingdom corporation, ) <br>   ) <br> Plaintiff, ) <br>   ) <br> v. ) <br>   ) <br> MEESHAM NEERGHEEN, an individual, ) <br>   ) <br> Defendant. ) <br>   ) | Case No.: 08CV3939 <br><br> Judge Robert Dow, Jr. |

## AGREED ORDER

This cause having been heard before the Court during the hearing taking place Thursday July 24, 2008, the parties seeking clarification of the terms of the temporary restraining order entered by the Court on July 16, 2008, IT IS HEREBY ORDERED:

1. Per agreement of the parties, the temporary restraining order entered by the Court on July 16, 2008 is hereby extended until the date the Court renders a ruling following the preliminary injunction hearing.

2. The preliminary injunction hearing currently scheduled for August 4, 2008 is hereby continued until September 4, 2008 at 1:30 p.m. Accordingly, Plaintiff's supplemental brief and Defendant's initial brief are extended to be due on August 21, 2008. Both parties' reply briefs are extended to be due on August 28, 2008.

3. Defendant shall provide to Plaintiff's expert on or before July 25, 2008 a forensic copy of Defendant's hard drive(s). Defendant's expert shall certify that the forensic copy given is an exact copy of Defendant's hard drive(s) and shall provide a copy of the intake documentation including the hash verification.

4. Plaintiff's expert may conduct an inspection of the forensic copy, which may include the performance of any and all searches desired by the Plaintiff. Plaintiff's expert shall not provide or reveal to Plaintiff or Plaintiff's counsel any content of defendant generated documents obtained from the inspection of Defendant's hard drive. This shall not preclude Plaintiff's expert from discussing anything not directly related to the content of the defendant

1

generated documents. The Plaintiff's expert will release to both parties simultaneously a round one activity listing report that details the universe of file and folder names on the computer as well as other system activity events, subject to the requirements of Paragraph 7. This round one listing shall not include any contents of defendant generated documents that are subject to the agreed privilege review protocol. Plaintiff's expert may retain a copy of the forensic image and the results of the inspection until such time that the Court may order them produced (in whole or in part) or destroyed.

5. On a rolling basis as discovered, Plaintiff's expert shall provide to Defendant's counsel all defendant generated documents responsive to any searches performed. Plaintiff's expert will create an index listing of any items produced and will release such index to both parties simultaneously, subject to the requirements of Paragraph 7. All defendant generated documents will be produced only to Defendant's counsel. Defendant's counsel will then have the opportunity to review the results and, thereafter, shall produce the results to Plaintiff, to the extent they are not privileged or subject to objection. Within three (3) business days of receiving the documents, Defendant will produce a privilege log and all non-privileged documents.

6. Defendant shall take no action to delete, modify, scrub or otherwise alter or diminish any data related to or contained on the hard drive(s), including metadata.

7. Any index described above will not reveal the subject line of e-mails and will not reveal the preview field or any other information that reveals the content of the documents.

Dated: July 25, 2008

Hon. Robert M. Dow

2