IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MINTEL INTERNATIONAL GROUP, LTD, a United Kingdom corporation, ) ) ) Plaintiff, ) ) v. ) ) MEESHAM NEERGHEEN, an individual, ) ) Defendant. ) ) | Case No.: 08 CV 3939<br><br>Mag. Judge Maria Valdez |

## MOTION TO COMPEL

Plaintiff MINTEL INTERNATIONAL GROUP, LTD. ("Mintel"), hereby moves this Court to compel Datamonitor employee Dylan Grey to present himself in London for his deposition on August 15, 2008. In support of its motion, Mintel states as follows:

1. On or about July 11, 2008, Mintel filed a Complaint for Injunctive and Other Relief against Defendant Meesham Neergheen ("Defendant"), alleging violation of the Illinois Trade Secret Act, Computer Fraud and Abuse Act, and violation of various terms of Defendant's employment contract and non-compete agreement. More specifically, the Complaint alleged that Defendant violated his employment contract and non-compete agreement by commencing employment with Datamonitor, one of Mintel's direct competitors.

2. Both Mintel and Datamonitor are United Kingdom corporations with offices in Chicago.

3. On July 21, 2008, Mintel served a Rule 30(b)(6) Notice of Deposition upon Datamonitor through opposing counsel, who stated she would accept an informal subpoena to preclude the need to formally serve Datamonitor pursuant to 28 U.S.C. § 1783. A copy of the correspondence sent by Mintel's counsel that confirms the subpoena was informally served upon opposing counsel is attached hereto as "Exhibit 1."

1

4. Within Mintel's Rule 30(b)(6) Notice of Deposition, Mintel requested that Datamonitor produce for deposition one or more officers, directors or persons most knowledgeable in the following areas:

(1) The date and circumstances of Datamonitor's initial association with Meesham Neergheen;
(2) Meesham Neergheen's employment interview(s) with Datamonitor;
(3) Meesham Neergheen's statements to Datamonitor during his employment interview(s);
(4) All discussions and negotiations between Datamonitor and Meesham Neergheen prior to Datamonitor extending an offer of employment to Neergheen;
(5) The decision of Datamonitor to hire Meesham Neergheen;
(6) The decision of Datamonitor to hire Meesham Neergheen notwithstanding Neergheen's non-compete agreements with Mintel International Group, Ltd. ("Mintel");
(7) The current and expected job duties and responsibilities of Meesham Neergheen at Datamonitor;
(8) The Mintel documents misappropriated by Meesham Neergheen, including but not limited to Mintel's confidential and proprietary trade secret information;
(9) The contracts and/or agreements entered into between Meesham Neergheen and Datamonitor;
(10) All conversations and communications between Meesham Neergheen and Datamonitor;
(11) Datamonitor's policies and/or procedures regarding hiring employees subject to non-compete agreements and/or confidentiality clauses;
(12) Datamonitor's policies and/or procedures for monitoring Datamonitor employees subject to non-compete agreements and/or confidentiality clauses with prior employers;
(13) The contents of Meesham Neergheen's personnel file;
(14) The Datamonitor desktop and/or laptop computers used by Meesham Neergheen; and
(15) Datamonitor's paper and electronic document retention policies, guidelines and/or directives.

A copy of the Rule 30(b)(6) Notice of Deposition is attached hereto as "Exhibit 2."

5. On July 21, 2008, opposing counsel sent correspondence to Mintel's counsel, stating she had reviewed the Rule 30(b)(6) Notice of Deposition and that Mr. Howard was "the person most knowledgeable about all of the topics with the possible

exception of Datamonitor's document retention policies and certain aspects of the computers." Opposing counsel went on to confirm that Mr. Howard would be able to respond to questions on these topics during his deposition. A copy of opposing counsel's correspondence is attached hereto as "Exhibit 3."

6. The Rule 30(b)(6) deposition was held on July 22, 2008. Mr. Howard was Datamonitor's designated individual who testified on that date. However, Mr. Howard was unable to testify on countless issues. For example, Mr. Howard did not know the number of Datamonitor's employees; did not know how many offices Datamonitor has around the world; could not testify about Datamonitor's recruitment rules; did not know whether Datamonitor was or had a subsidiary; was unsure of the total number of Datamonitor's customers; and was unsure whether Datamonitor requires its employees to sign non-compete agreements. Instead, Mr. Howard deferred these questions to Dylan Grey and stated Mr. Grey was the Datamonitor employee most knowledgeable to testify about these issues. In fact, during his deposition, Mr. Howard stated *twenty-six* (26) times that he was unable to answer the question posed and, instead, Mr. Grey was the appropriate individual to respond. Furthermore, opposing counsel expressly stated on the record that Mr. Howard did not have knowledge to testify on five of the areas designated by Mintel within the Rule 30(b)(6) Notice of Deposition. A copy of Mr. Howard's deposition transcript could not be attached by Mintel's counsel because the transcript was designated "Confidential" by opposing counsel.

7. "Rule 30(b)(6) is designed to prevent business entities from 'bandying,' the practice of presenting employees for their deposition who disclaim knowledge of facts known by other individuals within the entity." *Canal Barge Co. v. Commonwealth Edison*

*Co.*, 2001 U.S. Dist. LEXIS 10097 (N.D. Ill. July 18, 2001) (citing *SmithKline Beecham Corp. v. Apotex Corp.*, 2000 U.S. Dist. LEXIS 667 (N.D. Ill. Jan. 24, 2000)). For a Rule 30(b)(6) deposition to operate effectively, the deposing party must designate the areas of inquiry with reasonable particularity, and the corporation must designate and adequately prepare witnesses to address these matters. *Id.* "Once the deposing party specifies the topics of the deposition, it becomes the corporation's duty to designate one *or more* individuals able to testify about the relevant areas." *Id.* (emphasis added). Therefore, Mr. Howard's testimony makes clear that Datamonitor should have, at a minimum, also presented Mr. Grey at the Rule 30(b)(6) deposition on July 22, 2008.

8.      Therefore, on July 31, 2008, Mintel's counsel verbally requested the scheduling of Mr. Grey's deposition in London on August 15, 2008, for Mintel's counsel will be in London on that date for other business. Mr. Grey is employed by Datamonitor in Datamonitor's London office.

9.      On August 4, 2008, opposing counsel informed Mintel's counsel that Mr. Grey was unavailable for the scheduling of his deposition August 14-18. Opposing counsel failed to explain why Mr. Grey could not be deposed on any of those dates. A copy of opposing counsel's correspondence is attached hereto as "Exhibit 4."

10.     Pursuant to Local Rule 37.2, Mintel's counsel made a good faith effort to resolve this discovery dispute by conducting a telephone conference with opposing counsel on August 7, 2008. Unfortunately, the issue was not resolved by the meet and confer.

11.     This Court has made clear that the rule in federal litigation "[is that] in the absence of special circumstances, a party seeking discovery must go where the desired witnesses are normally located." *Yaskawa Electric Corp. v. Kollmorgen Corp.*, 201 F.R.D.

4

443, 444 (N.D. Ill. 2001) (citing *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979)). Furthermore, Illinois courts have referred to a "presumption" that the deposition of a corporation should be taken at its principal place of business. *New Medium Technologies, LLC v. Barco N.V.*, 242 F.R.D. 460, 466 (N.D. Ill. 2007); *see also Magnus Electronics, Inc. v. Masco Corp. of Indiana*, 871 F.2d 626, 630 (7th Cir. 1989); *Chris-Craft Indus. Products, Inc. v. Kurarary Co., Ltd.*, 184 F.R.D. 605, 607 (N.D. Ill. 1999); *Zuckert v. Berkliff Corp.*, 96 F.R.D. 161, 162 (N.D. Ill. 1987). Courts have treated the "presumption" with varying degrees of deference. *New Medium Technologies*, 242 F.R.D. at 466. The presumption may be overcome if the time, expense and inconvenience of travel present a special hardship for the deponent. *Afram Export Corp. v. Metallurgiki Halyps, S.A.*, 772 F.2d 1358, 1365 (7th Cir. 1985).

12. In application, Mr. Grey will suffer no hardship by appearing for his deposition in London, which is where he is employed. Furthermore, it is unnecessary for opposing counsel to travel to London to present Mr. Grey for his deposition, for Mintel has teleconferencing capabilities that will permit opposing counsel to both hear *and* see everything that occurs during the deposition. Therefore, opposing counsel can not argue that, as a result of Mr. Grey's deposition occurring in London, they would be forced to incur travel expenses to London.

13. Consequently, Mintel requests that the Court order Mr. Grey to appear for his deposition on August 15, 2008. Mr. Grey's "unavailability" is no excuse for not proceeding with his deposition, for "[h]ighly placed executives are not immune from discovery, and the fact that an executive has a busy schedule cannot shield him or her from being deposed." *New Medium Technologies*, 242 F.R.D. at 469 (citing *General Star*

*Indemnity Co. v. Platinum Indemnity Ltd.*, 210 F.R.D. 80, 83 (S.D.N.Y. 2002); *Six West Retail Acquisition v. Sony Theatre Mgmt. Corp.*, 203 F.R.D. 98, 102 (S.D.N.Y. 2001)).

14.     Furthermore, it is important to point out that the decision of where a deposition should occur is ultimately an exercise in the vast discretion a district court has in supervising discovery. *Cf. Crawford – El v. Britton*, 523 U.S. 574, 118 S. Ct. 1584, 140 L. Ed. 2d 759 (1998); Federal Rule of Civil Procedure 26(c). Therefore, this Court has the ability to require Mr. Grey to appear for his deposition in London on August 15, 2008 and, based upon the willingness of Mintel's counsel to incur the time and expense associated with traveling to London, the Court should require Mr. Grey to appear on that date.

WHEREFORE Plaintiff Mintel International Group, Ltd. respectively requests that this Court grant its Motion to Compel and enter an Order requiring Grey to appear for his deposition at Mintel's London office on August 15, 2008. Mintel further requests any other such relief as the Court may deem just and proper.

        Respectfully submitted,

        MINTEL INTENTIONAL GROUP, LTD.

        By:     /s/ Joseph Marconi
               One of Their Attorneys

Joseph R. Marconi
Victor Pioli
Katherine J. Pronk
JOHNSON & BELL, LTD.
Attorneys for Plaintiff
33 W. Monroe Street, Suite 2700
Chicago, Illinois 60603
(312) 372-0770
Doc. No.: 1914201

**Katherine J. Pronk**
___

**From:** Katherine J. Pronk
**Sent:** Monday, July 21, 2008 12:24 PM
**To:** 'Lervick, Jeana R.'
**Subject:** Subpoena

**Attachments:** Subpoena - Jeff Howard.pdf

Jeana:

Attached, please find a copy of Jeff Howard's Subpoena. Please let me know if you have any problems opening or viewing the attachment. Thank you for allowing us to informally subpoena Mr. Howard. We appreciate your courtesy.

Please contact me at your convenience to discuss Mr. Neergheen's hard drive. We were hoping to pick up Mr. Neergheen's computer today.

Thanks so much.

Katy

Katherine J. Pronk
Johnson & Bell, Ltd
33 W. Monroe St.
Suite 2700
Chicago, IL 60603
dir 312.984.0287
fax 312.372.9818
www.johnsonandbell.com


Subpoena - Jeff
Howard.pdf (13...

1



○AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

| NORTHERN | DISTRICT OF | ILLINOIS |
|---|---|---|

MINTEL INTERNATIONAL GROUP, LTD.

V.

MEESHAM NEERGHEEN

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 08 CV 3939

TO: Richard Watkins
Datamonitor
200 West Monroe Street
Chicago, IL 60606

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. SEE ATTACHED RULE 30(b)(6) NOTICE OF DEPOSITION

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Johnson & Bell, Ltd. 33 West Monroe Street, Suite 2700, Chicago, Illinois 60603 | 7/24/2008 9:00 am |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Joseph R. Marconi (by: KJP) | 7/21/08 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Joseph R. Marconi, JOHNSON & BELL, LTD.
33 W. Monroe Street, Suite 2700, Chicago, IL 60603      312-984-0211

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MINTEL INTERNATIONAL GROUP, LTD., a United Kingdom corporation,<br><br>Plaintiff,<br><br>v.<br><br>MEESHAM NEERGHEEN, an individual,<br><br>Defendant. | Case No.: 08CV3939<br><br>Judge Robert Dow, Jr. |

### PLAINTIFF'S RULE 30(b)(6) NOTICE OF DEPOSITION

PLEASE TAKE NOTICE THAT at 9:00 a.m. on the 24th day of July 2008, pursuant to Fed. R. Civ. P. 30(b)(6), Datamonitor should produce for deposition one or more officers, directors, managing agents or other persons most knowledgeable about the following areas:

(1) The date and circumstances of Datamonitor's initial association with Meesham Neergheen;

(2) Meesham Neergheen's employment interview(s) with Datamonitor;

(3) Meesham Neergheen's statements to Datamonitor during his employment interview(s);

(4) All discussions and negotiations between Datamonitor and Meesham Neergheen prior to Datamonitor extending an offer of employment to Neergheen;

(5) The decision of Datamonitor to hire Meesham Neergheen;

(6) The decision of Datamonitor to hire Meesham Neergheen notwithstanding Neergheen's non-compete agreements with Mintel International Group, Ltd. ("Mintel").

1

(7) The current and expected job duties and responsibilities of Meesham Neergheen at Datamonitor;

(8) The Mintel documents misappropriated by Meesham Neergheen, including but not limited to Mintel's confidential and proprietary trade secret information.

(9) The contracts and/or agreements entered into between Meesham Neergheen and Datamonitor;

(10) All conversations and communications between Meesham Neergheen and Datamonitor;

(11) Datamonitor's policies and/or procedures regarding hiring employees subject to non-compete agreements and/or confidentiality clauses;

(12) Datamonitor's policies and/or procedures for monitoring Datamonitor employees subject to non-compete agreements and/or confidentiality clauses with prior employers;

(13) The contents of Meesham Neergheen's personnel file;

(14) The Datamonitor desktop and/or laptop computers used by Meesham Neergheen; and

(15) Datamonitor's paper and electronic document retention policies, guidelines and/or directives.

Datamonitor is under a duty to designate the person(s) who are able to testify on each of the matters set out above. The deposition will proceed at the offices of Johnson & Bell, Ltd., 33 West Monroe, Suite 2700, Chicago, Illinois 60603. The deposition shall be conducted pursuant to the Federal Rules of Civil Procedure and all applicable Local Rules. The deposition will be recorded by stenographic means pursuant to Rule 30(b)(3) and will continue from day-to-day until completed.

                                        MINTEL INTERNATIONAL
                                        GROUP, LTD.

Joseph R. Marconi
Victor Pioli
Katherine J. Pronk                      By: *Katherine J. Pronk*
Johnson & Bell, Ltd.                     One of Its Attorneys
33 West Monroe, Suite 2700
Chicago, Illinois 60603
312/984-0287
Doc. No. 1900595

## CERTIFICATE OF SERVICE

TO:    John Roache
Jeana Lervick
Bell, Boyd & Lloyd, LLP
70 West Madison Street, Suite 3100
Chicago, IL 60602
*Attorneys for Defendant Meesham Neergheen*

The undersigned states that she served **Plaintiff's Rule 30(b)(6) Notice of Deposition** and corresponding **Subpoena** via Facsimile and First Class Mail on July 21, 2008.

*Cynthia L. Hooper*

4

## Katherine J. Pronk

| | |
|---|---|
| **From:** | Lervick, Jeana R. [jlervick@bellboyd.com] |
| **Sent:** | Monday, July 21, 2008 4:35 PM |
| **To:** | Katherine J. Pronk |
| **Cc:** | Roache, John T |
| **Subject:** | 30(b)(6) Notice |

Dear Katy,
I just received Mintel's 30(b)(6) subpoena and notice. After reviewing the 30(b)(6) topics, it appears that Jeff Howard is the person most knowledgeable about all of the topics with the possible exception of Datamonitor's document retention policies and certain aspects of the computers. Mr. Howard will be able to respond to questions on these topics during his deposition tomorrow.

Thanks and talk with you soon.
Jeana


**Jeana R. Lervick | Bell, Boyd & Lloyd LLP**
70 W. Madison St., Ste. 3100 | Chicago, IL 60602-4207
t. 312-807-4339 | f. 312-827-1266
jlervick@bellboyd.com | www.bellboyd.com

The information contained in this e-mail message may be privileged, confidential, and protected from disclosure. If you are not the intended recipient, any further disclosure or use, dissemination, distribution, or copying of this message or any attachment is strictly prohibited. If you think that you have received this e-mail message in error, please delete it and notify Jeana R. Lervick (jlervick@bellboyd.com). If this message contains advice with respect to a Federal tax matter, in accordance with the Treasury Department's Circular 230 such advice is not intended or written to be used, and cannot be used, for the purpose of avoiding any Federal tax penalties.

8/7/2008

EXHIBIT 3

## Katherine J. Pronk

| | |
|---|---|
| **From:** | Lervick, Jeana R. [jlervick@bellboyd.com] |
| **Sent:** | Monday, August 04, 2008 2:18 PM |
| **To:** | Katherine J. Pronk |
| **Subject:** | Update |
| **Attachments:** | Objections 30(b)(6) Doc.PDF |

Dear Katy,
I hope your weekend went well. Below are a few updates on discovery items.
First, regarding depositions, it appears that Mr. Grey will not be available for deposition on the dates on which Mr. Marconi will be in London. Would you like to propose particular alternate dates for his deposition in the coming weeks, or would it be easier if I suggested a date on which he is available?

Second, also regarding depositions, we are wondering if you yet have dates on which Mr. Carr is available for deposition?

Third, please find attached objections to 30(b)(6) document requests. I will have a hard copy sent over via U.S. mail, as well.

Thanks and let me know if you have any questions.
Best,
Jeana



<<Objections 30(b)(6) Doc.PDF>>


**Jeana R. Lervick | Bell, Boyd & Lloyd LLP**
70 W. Madison St., Ste. 3100 | Chicago, IL 60602-4207
t. 312-807-4339 | f. 312-827-1266
jlervick@bellboyd.com | www.bellboyd.com

The information contained in this e-mail message may be privileged, confidential, and protected from disclosure. If you are not the intended recipient, any further disclosure or use, dissemination, distribution, or copying of this message or any attachment is strictly prohibited. If you think that you have received this e-mail message in error, please delete it and notify Jeana R. Lervick (jlervick@bellboyd.com). If this message contains advice with respect to a Federal tax matter, in accordance with the Treasury Department's Circular 230 such advice is not intended or written to be used, and cannot be used, for the purpose of avoiding any Federal tax penalties.

EXHIBIT 4

8/7/2008