IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MINTEL INTERNATIONAL GROUP, LTD., a United Kingdom corporation, | ) ) ) |
| Plaintiff, | ) ) Case No.: 08CV3939 |
| v. | ) ) Judge Robert Dow, Jr. ) Magistrate Judge Maria Valdez |
| MEESHAM NEERGHEEN, an individual, | ) ) ) |
| Defendant. | ) |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL PARTY WITNESSES FOR IN-PERSON DEPOSITIONS AND PLAINTIFF'S REQUEST FOR PROTECTIVE ORDER

Plaintiff MINTEL INTERNATIONAL GROUP, LTD. ("Mintel") hereby presents Mintel's Response to Defendant's Motion to Compel Party Witnesses for In-Person Depositions and Mintel's Request for Protective Order. In support of this motion, Mintel states as follows:

#### BACKGROUND

1.      To date, Defendant Meesham Neergheen ("Defendant") has requested and taken the deposition of Mintel's Information Technology Director, Jason Thomson. Mr. Thomson is a resident of the United Kingdom and works from Mintel's London office. Mr. Thomson completed an affidavit that Mintel relied upon within Mintel's Memorandum of Law in Support of Temporary Restraining Order and Injunctive Relief. Therefore, Mintel incurred the expense of bringing Mr. Thomson to Chicago for his deposition on July 28, 2008.

2.      Mintel also relied upon an affidavit from Richard Carr, Mintel's Chief Financial Officer. Defendant has noticed the in-person deposition of Mr. Carr for August

1

27, 2008. Mr. Carr similarly works out of Mintel's London office and, consequently, Mintel will incur the expense of bringing Mr. Carr to Chicago for his deposition. Again, Mintel has no objection to doing so because Mintel relied upon an affidavit from Mr. Carr to support the arguments within Mintel's Memorandum of Law in Support of Temporary Restraining Order and Injunctive Relief.

3. However, Defendant is unreasonably demanding that Mintel incur the expense of bringing three additional employees and/or directors to Chicago for in-person depositions. As the below arguments and case law make clear, Defendant's request is unreasonable and, consequently, the Court should permit the three depositions to proceed by telephone. The burden and expense that Mintel would incur to bring these three Mintel employees and/or directors to Chicago clearly outweigh the benefit of permitting opposing counsel to depose these individuals in person.

## ARGUMENT

4. Pursuant to Federal Rule of Civil Procedure 26(b)(1), "parties may obtain discovery regarding any matter ... that is relevant to the claim ... of the party." This rule may be limited by a court where "(i) the discovery sought is unreasonably cumulative or duplicative, or is ***obtainable from some other source that is more convenient, less burdensome, or less expensive***; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) ***the burden or expense of the proposed discovery outweighs its likely benefit***." Fed. R. Civ. P. 26(b)(2) (emphasis added).

5. As stated above, Mintel has or will produce in person the two individuals that completed affidavits that Mintel submitted with its Memorandum of Law in Support of

Temporary Restraining Order and Injunctive Relief. Furthermore, Defendant has requested that Mintel employee Paul Phillips be presented for his in-person deposition on August 25, 2008. Mr. Phillips works in Mintel's Chicago office and, therefore, there is no hardship for Mintel to present Mr. Phillips for his in-person deposition. Therefore, it is important to note that Mintel has or will produce a total of three out of the six requested individuals in person for their depositions.

6. However, it is unreasonable for Defendant to require Mintel to incur the burden and expense of bringing three of Mintel's London employees and/or directors to Chicago for their deposition. Therefore, the Court should deny Defendant's Motion to Compel, for the Court has an obligation to administer the Federal Rules of Civil Procedure "to secure the just, speedy, and *inexpensive* determination of every action." Fed. R. Civ. P. 1 (emphasis added); *see also Stewart Warner Corp. v. Westinghouse Electric Corp.*, 325 F.2d 822, 827 (2d Cir. 1963) (stating the Federal Rules of Civil Procedure "were designed to permit the speedy and inexpensive litigation of controversies and to maximize the expenditure of judicial resources wherever possible").

7. Within Defendant's Motion to Compel, Defendant is requesting the Court to compel the in-person deposition of John Weeks. Mr. Weeks is Mintel's Global Director and oversees all of Mintel's worldwide operations. Furthermore, Mr. Weeks has no personal knowledge of the events in the dispute and had virtually no contact with Defendant during Defendant's employment with Mintel. "Depositions of high level corporate executives may be duplicative, cumulative and burdensome where the person sought to be deposed has no personal knowledge of the events in dispute." *Harris v. Computer Associates Intl., Inc.*, 204 F.R.D. 44, 46 (E.D.N.Y. 2001); *see also Baine v. General Motors Corp.*, 141 F.R.D. 332,

333-335 (M.D. Ala. 1991) (denying the plaintiff's request to depose a corporate vice president who lacked unique personal knowledge of the issues).

8. Within *Harris*, the federal court denied an employee's motion to compel the deposition testimony of the chief executive officer of defendant corporation. 204 F.R.D. at 47. The court emphasized that "[w]hen a [corporate officer] can contribute nothing more than a lower level employee, good cause is shown to not take the deposition." *Id.* at 46 (citing *Porazzi Co. v. The Mormaclark*, 16 F.R.D. 383, 383 (S.D.N.Y. 1951)); *see also Thomas v. International Business Machines*, 48 F.3d 478, 483 (10th Cir. 1995) (barring deposition of corporate executive who lacked personal knowledge of the events). Accordingly, because the chief executive officer in *Harris* had no involvement in plaintiff's supervision and lacked personal knowledge of the facts, the court determined that deposing the chief executive officer would be unreasonably repetitive and burdensome. *Id.* at 47; *see* Fed. R. Civ. P. 26(b)(2)(i). In other words, the Court determined that the burden and expense of the chief executive officer's deposition outweighed its likely benefit. *Id.*

9. The United States Court of Appeals for the Seventh Circuit, factoring in a corporate officer's location in another state, reached a similar conclusion in *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 678 (7th Cir. 2002). Plaintiff filed a gender discrimination lawsuit against defendant corporation, a diversified manufacturing company with its headquarters in California and facilities in more than 200 locations around the world. Plaintiff was employed at one of defendant corporation's offices in Indiana. *Id.* During discovery, plaintiff asked defendant corporation to produce several witnesses for deposition, including one of the corporate officers who worked in California. *Id.* at 679. Defendant corporation refused to produce the officer for his deposition, arguing that the

officer did not have first-hand knowledge of the circumstances surrounding plaintiff's employment termination. *Id.* The court denied the plaintiff's motion to compel the deposition of the officer, emphasizing that although there is a strong public policy in favor of disclosure of relevant materials, Federal Rule of Civil Procedure 26(b)(2) empowers district courts to limit the scope of discovery if "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive." *Id.* at 681. The court considered the totality of the circumstances, "weighing the value of the material sought against the burden of providing it" and determined it was reasonable for the trial court to refuse to compel the vice president for his deposition. *Id.*; *see generally* Fed. R. Civ. P. 26 committee notes. The court focused heavily upon the significant distance the director would have to travel and determined the deposition of the director was too costly and burdensome. *Id.* Therefore, the director was not compelled to present himself for deposition. *Id.*

10. It is important to note that like the director in *Patterson*, Mr. Weeks is a corporate officer and director for Mintel. Furthermore, Mr. Weeks is an executive with no first hand knowledge of the facts of this case. Therefore, Defendant is requesting the deposition of Mr. Weeks for the purpose of adding to Mintel's costs and for no other reason. Despite Mr. Weeks' lack of personal knowledge, Mintel is nonetheless willing to produce Mr. Weeks by telephone for his deposition. Under the circumstances, and based upon the authority cited above, this is more than fair.

11. Defendant is also unreasonably requesting that the Court compel Sabine Popp and Steve Charlton to appear in person for their depositions. It is important to note that Ms. Popp and Mr. Charlton are not directors, officers or managing agents of Mintel and

5

have not been designated by Mintel under Rule 30(b)(6). "Except where an employee has been designated by the corporation under Rule 30(b)(6)," or is an officer, director, or managing agent, "an employee is treated in the same way as any other witness," and "his or her presence must be obtained by subpoena rather than notice." Wright, Miller & Marcus, 8A *Federal Practice & Procedure: Civil 2d* § 2103, pp. 36-37. Thus, ordinary employees such as Ms. Popp and Mr. Charlton are subject to the general rule that a deponent should be deposed near his or her residence or principal place of work. *See, e.g., Archer Daniels Midland Co. v. Aon Risk Services, Inc.*, 187 F.R.D. 578, 588 (D. Minn. 1999) (emphasizing that the lower level employees of plaintiff corporation could insist on being deposed in the State of their residence or their principal place of employment); *see also* Fed. R. Civ. P. 45(c)(3)(A)(ii) (directing Court to quash or modify subpoena if it "requires a person who is not a party or an officer of a party to travel more than 100 miles from the place where that person resides, is employed or regularly transacts business in person").

12.    As such, because Ms. Popp and Mr. Charlton are not directors, officers or managing agents of Mintel and instead are employees of the corporation, Defendant cannot compel Ms. Popp and Mr. Charlton to appear in Chicago for their depositions. Furthermore, Defendant has failed to serve a subpoena on Ms. Popp and Mr. Charlton and instead improperly served deposition notices upon these two employees. *See* Wright, 8A *Federal Practice & Procedure: Civil 2d* § 2103, pp. 36-37. Nonetheless, despite Defendant's improper notice of the depositions, Mintel is willing to make Ms. Popp and Mr. Charlton available for their telephone depositions. Again, under the circumstances and based upon the authority above, this is more then reasonable.

13.    Within Defendant's Motion to Compel, Defendant argues that because

Mintel filed suit in the Northern District of Illinois, Mintel must make all party witnesses available in Chicago. Accordingly, Defendant appears to argue that based upon this general rule, Defendant can demand that as many as ten (10) Mintel employees be flown from London to Chicago for their in-person depositions. Such an argument is wholly illogical and clearly unreasonable. This Court has the broad discretion to prevent this from occurring, for to require Mintel to incur such an expense is unreasonable, abusive and oppressive. "The federal courts are open to foreign suitors as to others, and procedural rules are not to be construed in such fashion as to impose conditions on litigants which in their practical effect amount to a denial of jurisdiction." *Washington-Southern Navigation Co. v. Baltimore & Philadelphia Steamboat Co.*, 263 U.S. 629, 44 S. Ct. 220, 68 L. Ed. 480 (1924).

14.　Within Defendant's Motion to Compel, Defendant relies upon the following quote taken from *MCI Worldcom Network Servs. v. Atlas Excavating, Inc.*, 2004 U.S. Dist. LEXIS 2736 at * 4 (N.D. Ill. Feb. 23, 2004): "[B]ecause [the Plaintiff] brought suit in the Northern District of Illinois, it must make party witnesses available in Chicago, even if these witnesses live elsewhere." However, the *MCI Worldcom* case involved a Rule 30(b)(6) deposition. As explained above, none of the deponents requested by Defendant are Rule 30(b)(6) witnesses.

15.　Defendant also relies upon *Continental Baking Co. v. M&G Automotive Specialists*, 1993 U.S. Dist. LEXIS 3232 at * 3 (N.D. Ill. Mar. 12, 1993) to argue that the general rule that a plaintiff must appear at depositions in the forum of its choosing also applies to "witnesses with knowledge who are employed by the Plaintiff." However, nowhere within *Continental Baking* is this stated. Instead, this case supports Mintel's

argument that Mr. Charlton and Ms. Popp should have been served with subpoenas, for the court states as follows: "[I]f the person to be deposed is a party, or an officer, director or managing agent of a party to an action, a subpoena is not required to compel his or her attendance at a deposition." *Id.* at * 3 (citing *Trans Pacific Ins. Co. v. Trans Pacific Ins. Co.*, 136 F.R.D. 385, 392 (E.D. Pa. 1991)). Therefore, in the alternative, if the person to be deposed is not an officer, director or managing agent of a party, a subpoena is required to compel his or her attendance at a deposition. *See id.* at * 3. Furthermore, the court in *Continental Baking* explains that "as a general rule, the deposition of a corporation by its agents and officers should be taken at the corporation's principal place of business." *Id.* at * 4 (citing *Zuckert v. Berkliff Corp.*, 96 F.R.D. 161, 162 (N.D. Ill. 1982)). Most importantly, however, the court emphasizes that regardless of any general rules pertaining to depositions, the rules are not invariable and the trial court has "great discretion in establishing the time and place of depositions." *Id.* at * 3 (citing *In re Standard Metals Corp.*, 817 F.2d 625, 628 (10th Cir. 1987)). Accordingly, Defendant attempts to misconstrue the language found within *Continental Baking*. As explained above, this case only adds further support to Mintel's arguments.

16. Mintel requests that the Court permit the depositions of Mr. Charlton, Mr. Weeks and Ms. Popp to proceed by telephone. Federal Rule of Civil Procedure 30(b)(7) provides that "the parties may stipulate in writing or **the court may upon motion order** that a deposition be taken by telephone." Fed. R. Civ. P. 30(b)(7) (emphasis added). A party seeking a witness to be deposed telephonically must present a legitimate reason for the request. *Jahr v. IU Intl. Corp.*, 109 F.R.D. 429, 431 (M.D.N.C. 1986). The burden then shifts to the opponent to show why the deposition should proceed by a more traditional

method. *Id.* at 431. The court must consider whether the use of telephonic means would reasonably ensure accuracy and trustworthiness, and whether the opposing party would be prejudiced. *Rehau, Inc. v. Colortech, Inc.*, 145 F.R.D. 444, 447 (W.D. Mich. 1993).

17. Mintel's desire to keep costs down and prevent the burden of Mr. Weeks, Ms. Popp and Mr. Charlton traveling from London to Chicago constitute legitimate reasons to conduct the depositions telephonically. Defendant has failed to include any reason within Defendant's Motion to Compel as to why the telephone depositions of these individuals should not be permitted. Should Defendant attempt to argue that Defendant's counsel would be prevented from effectively evaluating the demeanor of these individuals by telephone, such an argument is without merit. "[T]o deny a request to conduct a telephonic deposition solely because of the opponent's inability to observe the witness would be tantamount to repealing Federal Rule of Civil Procedure 30(b)(7)." *Cressler v. Neuenschwander*, 170 F.R.D. 20, 21 (D. Kan. 1996); *Jahr*, 109 F.R.D. at 432.

18. The present case is analogous to *Rehau, Inc. v. Colortech, Inc.*, 145 F.R.D. 444, 445 (W.D. Mich. 1993). In *Rehau*, plaintiff corporation appealed the magistrate's decision that granted defendant's motion to compel the in-person deposition of two corporate officers. Therefore, plaintiff corporation was ordered to bear the expense of bringing two of its officers to Michigan for their depositions; one of the corporate officers resided in Germany and the other resided in Sweden. *Id.* On appeal, the court determined the magistrate judge should not have ordered the two deponents to travel to Michigan and instead should have granted plaintiff corporation's request for the depositions to proceed by telephone. *Id.* The court reversed the decision of the magistrate judge, reasoning as follows:

> Nothing in the language of Rule 30(b)(7) requires that a telephonic deposition may only be taken upon a showing of necessity, financial inability, or other hardship ... by looking to a concomitant 1980 amendment to Rule 30, one discerns a purpose to encourage the courts to be more amenable to employing non-traditional methods for conducting depositions ... in order to reduce the cost of federal litigation. Because of the history and similar purpose of subsections (b)(4) and (b)(7), the Court concludes that leave to take telephonic depositions should be liberally granted in appropriate cases ... . Thus, upon giving a legitimate reason for taking a deposition telephonically, the movant need not further show an extraordinary need for the deposition. Rather, the burden is on the opposing party to establish why the deposition should not be conducted telephonically. The *Jahr* court's interpretation of Rule 30(b)(7) is consistent with Rule 1, which states that the Rules of Civil Procedure shall be "construed to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. ... There is no reason why a full day's deposition cannot be conducted by a conference call, and there is no indication that the integrity of the discovery process will be compromised in any way by doing so. ... *I see positively no reason to add the cost of two trans-Atlantic flights and hotel accommodations to the tab when the same task can be accomplished with two simple phone calls*. Therefore, plaintiff's motion on this point will be granted.

*Id.* at 446-447 (citing *Jahr*, 109 F.R.D. at 429) (emphasis added). In application to the present case, there is similarly no logical reason for Mintel to incur the expense of three flights from London to Chicago and hotel accommodations when the same outcome can be accomplished by telephone. Therefore, Mintel requests that the Court grant Mintel's request for the depositions of Mr. Charlton, Ms. Popp and Mr. Weeks to proceed by telephone.

19.    This Court has the broad discretion to limit discovery when the burden or expense of the proposed discovery outweigh its likely benefit. *See* Fed. R. Civ. P. 26(b)(2). The Court has "great discretion in designating the location of taking a deposition," *Thompson v. Sun Oil Co.*, 523 F.2d 647, 648 (8th Cir. 1975), and that discretion must be directed toward "considering each case on its own facts and the equities of the particular situation." *Turner v. Prudential Ins. Co. of America*, 119 F.R.D. 381, 383 (M.D.N.C. 1988) (citing *Leist v. Union Oil Co.*, 82 F.R.D. 203 (E.D. Wis. 1979)). Furthermore, the Court has

an obligation to administer the Federal Rules of Civil Procedure to ensure that every lawsuit is administered in a just, speedy and inexpensive manner. *See* Fed. R. Civ. P. 1. Requiring the in-person depositions of Mr. Charlton, Mr. Weeks and Ms. Sabine would impose an unduly heavy burden upon Mintel. And, Defendant has failed to set forth any logical reason as to why the telephone depositions of these individuals would not be sufficient.

WHEREFORE Plaintiff MINTEL INTERNATIONAL GROUP, LTD. respectfully requests that the Court deny Defendant's Motion to Compel Party Witnesses for In-Person Depositions. Plaintiff further requests that the Court grant Plaintiff's Request for Protective Order, thereby requiring the depositions of Sabine Popp, Steve Charlton and John Weeks to be taken by telephone. Plaintiff also requests any additional relief the Court deems just and equitable.

                                                         Respectfully submitted,

                                                         MINTEL INTERNATIONAL GROUP, LTD

                                                         /s/ Katherine J. Pronk
                                                        One of Its Attorneys

Joseph R. Marconi – ARDC #01760173
Victor Pioli – ARDC #6256527
Katherine J. Pronk
Johnson & Bell, Ltd.
33 W. Monroe St., Suite 2700
Chicago, IL  60603
312-372-0770
Doc. No.: 1920661

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she caused to be served **Plaintiff's Response To Defendant's Motion To Compel Party Witnesses For In-Person Depositions and Plaintiff's Request For Protective Order** on August 20, 2008 using the CM/ECF System, which will send notification of such filing to the following:

> Joel C. Griswold
> Jeana R. Lervick
> John T. Roache
> BELL, BOYD & LLOYD LLP
> 70 West Madison Street, Suite 3100
> Chicago, IL 60602



/s/ Katherine J. Pronk

Joseph R. Marconi – ARDC #01760173
Victor Pioli – ARDC #6256527
Katherine J. Pronk
Johnson & Bell, Ltd.
33 W. Monroe St., Suite 2700
Chicago, IL 60603
312-372-0770