IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MINTEL INTERNATIONAL GROUP, LTD., a United Kingdom corporation, )<br>)<br>) Plaintiff, )<br>)<br>v. )<br>)<br>MEESHAM NEERGHEEN, an individual, )<br>)<br>Defendant. ) | Case No.: 08CV3939<br><br>Judge Robert Dow, Jr.<br>Magistrate Judge Maria Valdez |

### PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S REQUEST FOR PROTECTIVE ORDER

Plaintiff MINTEL INTERNATIONAL GROUP, LTD. ("Mintel") hereby presents the following Supplemental Brief in Support of Mintel's Request for Protective Order. In response to the questions posed within the Honorable Maria Valdez's docket entry of August 21, 2008, Mintel states as follows:

1. Ms. Popp and Mr. Charlton are not directors, officers or managing agents of Mintel and, consequently, Defendant can only require Ms. Popp and Mr. Charlton to appear for their depositions by subpoena rather than notice. *See* Wright, Miller & Marcus, 8A *Federal Practice & Procedure: Civil 2d* § 2103, pp. 36-37; *see, e.g., Archer Daniels Midland Co. v. Aon Risk Services, Inc.*, 187 F.R.D. 578, 588 (D. Minn. 1999) (emphasizing that the lower level employees of plaintiff corporation could insist on being deposed in the State of their residence or their principal place of employment). "[It] is not permissible ... to notice the deposition of a corporation by a particular person who is not an officer, director or managing agent." *GTE Products Corp. v. Gee*, 115 F.R.D. 67, 69 (D. Mass. 1987) (explaining that it "has long been established that the deposition of a corporation may be taken only by an officer, director or managing agent"). "An employee is a 'managing agent' only if he acts with supervisory authority, being invested with general powers to exercise his discretion and judgment in dealing with corporate matters." *Heater v. The Chesapeake & Ohio Railway Co.*, 497 F.3d 1243, 1248 (7th Cir. 1974) (citing *Skogen v. Dow Chem. Co.*, 375 F.2d 692, 701 (8th Cir. 1967)). It is important to note that Defendant has the burden of proving that Ms. Popp and Mr. Charlton are "managing agents" for purposes of the discovery rules. *See Richard*

1

*Wolf Medical Instruments Corp. v. Dory*, 1989 U.S. Dist. LEXIS 5239, at * 4 (N.D. Ill. 1989) (emphasizing that the plaintiff had the burden of proving that the deponent was a managing agent of defendant).

2. Ms. Popp and Mr. Charlton are employees of Mintel – not directors or officers or managing agents. Although Ms. Popp and Mr. Charlton oversee and manage some employees, "[t]he term 'managing agent' should not be interpreted literally." *Id.* at * 2. Furthermore, Ms. Popp and Mr. Charlton each directly report to more senior management and have responsibility for only <u>limited</u> aspects of the corporation's operations. Accordingly, because Ms. Popp and Mr. Charlton have limited authority and responsibilities, Ms. Popp and Mr. Charlton would not be considered managing agents of Mintel. Defendant cannot establish that Ms. Popp and Mr. Charlton have the ability to exercise judgment and discretion as to Mintel's corporate affairs and, consequently, Ms. Popp and Mr. Charlton should have been served with subpoenas for their depositions.

3. Although Mr. Charlton and Ms. Popp are not "managing agents" of Mintel and should have been served with subpoenas for their deposition testimony, it is important to point out that Mintel has not sought to quash these two depositions. Instead, Mintel is willing to produce these two employees for their telephonic depositions. Under the circumstances, this is more than reasonable.

4. In contrast, although Mr. Weeks is an officer, director and managing agent of Mintel, Mr. Weeks is a high level executive with absolutely no firsthand personal knowledge of the issues involved in this litigation. "Depositions of high level corporate executives may be duplicative, cumulative and burdensome where the person sought to be deposed has no personal knowledge of the events in dispute." *Harris v. Computer Associates Intl., Inc.*, 204 F.R.D. 44, 46 (E.D.N.Y. 2001); *see also Baine v. General Motors Corp.*, 141 F.R.D. 332, 333-335 (M.D. Ala. 1991) (denying the plaintiff's request to depose a corporate vice president who lacked unique personal knowledge of the issues). "When a [corporate officer] can contribute nothing more than a lower level employee, good cause is shown to not take the deposition." *Id.* at 46 (citing *Porazzi Co. v. The Mormaclark*, 16 F.R.D. 383, 383 (S.D.N.Y. 1951)); *see also Thomas v. International Business Machines*, 48 F.3d 478, 483 (10th Cir. 1995) (barring deposition of corporate executive who lacked personal knowledge of the events).

5. Accordingly, Defendant is requesting the deposition of Mr. Weeks for no other reason then to harass Mintel and to increase the costs and expenses incurred by Mintel in this

litigation. The *Harris* case and *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 678 (7th Cir. 2002), both cases which are cited and discussed within Mintel's original motion, support the contention that Mintel should not even have to produce Mr. Weeks for his deposition, for the burden and expense of Mr. Weeks' deposition outweigh its likely benefit because of Mr. Weeks' lack of personal knowledge. Nonetheless, Mintel is willing to produce Mr. Weeks for his telephone deposition, which is more then reasonable under the circumstances. It is important to note that Mintel is merely requesting that Mr. Weeks' deposition proceed by telephonic means – Mintel is not attempting to quash the deposition despite the fact there are numerous cases that support the proposition that Mr. Weeks should not have to be produced at all for his deposition.

6. Furthermore, instead of requesting the depositions of individuals without relevant or sufficient firsthand knowledge of the issues in this case, Defendant should have served Mintel with a Rule 30(b)(6) Notice of Deposition. More specifically:

> When a deposition of a corporation, partnership, association, government agency, or other artificial entity is sought, the entity must, of course, speak through an actual person. ***The entity itself is in a much better position to decide who should speak for it than is the party noticing the deposition***. In recognition of this, Rule 30(b)(6) permits the party noticing the deposition to state the matters for examination and to demand that the entity make a designation of one or more persons to testify as to those matters.

7 Moore's Federal Practice, § 30.25 (Matthew Bender 3d ed.) (emphasis added).

7. Regardless of whether or not Mr. Weeks, Mr. Charlton and Ms. Popp are "non-management employees of Mintel," Mintel would like to emphasize that the Court still has an obligation to administer the Federal Rules of Civil Procedure "to secure the just, speedy, and *inexpensive* determination of every action." Fed. R. Civ. P. 1 (emphasis added); *see also Stewart Warner Corp. v. Westinghouse Electric Corp.*, 325 F.2d 822, 827 (2d Cir. 1963) (stating the Federal Rules of Civil Procedure "were designed to permit the speedy and inexpensive litigation of controversies and to maximize the expenditure of judicial resources wherever possible"). Furthermore, Federal Rule of Civil Procedure 30(b)(7) permits the Court to order that a deposition be taken by telephone as long as the party requesting the telephone deposition has a legitimate reason for making the request. *See Jahr v. IU Intl. Corp.*, 109 F.R.D. 429, 431 (M.D.N.C. 1986). Mintel has clearly presented sufficient, legitimate reasons for requesting that the depositions of Mr. Weeks, Mr. Charlton and Ms. Popp proceed by telephone. The present case is <u>completely analogous</u> to *Rehau, Inc. v. Colortech, Inc.*, 145 F.R.D. 444, 445 (W.D. Mich. 1993), which Mintel

briefed within its prior motion. The *Rehau* court did not focus upon whether the deponents were "non-managing employees" of the company. Instead, the court considered the burden and expense involved with the trans-Atlantic flights and determined there was no logical reason why the depositions could not be conducted by telephone. Accordingly, this Court should similarly order that the requested depositions proceed by telephone.

WHEREFORE Plaintiff MINTEL INTERNATIONAL GROUP, LTD. respectfully requests that the Court deny Defendant's Motion to Compel Party Witnesses for In-Person Depositions. Plaintiff further requests that the Court grant Plaintiff's Request for Protective Order, thereby requiring the depositions of Sabine Popp, Steve Charlton and John Weeks to be taken by telephone. Plaintiff also requests any additional relief the Court deems just and equitable.

        Respectfully submitted,

        MINTEL INTERNATIONAL GROUP, LTD

        /s/ Joseph R. Marconi
        One of Its Attorneys

Joseph R. Marconi – ARDC #01760173
Victor Pioli – ARDC #6256527
Katherine J. Pronk
Johnson & Bell, Ltd.
33 W. Monroe St., Suite 2700
Chicago, IL 60603
312-372-0770
Doc. No.: 1923577

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that she caused to be served **Plaintiff's Supplemental Brief in Support of Plaintiff's Request For Protective Order** on August 25, 2008 using the CM/ECF System, which will send notification of such filing to the following:

>Joel C. Griswold
>Jeana R. Lervick
>John T. Roache
>BELL, BOYD & LLOYD LLP
>70 West Madison Street, Suite 3100
>Chicago, IL  60602

                                                 /s/ Joseph R. Marconi

Joseph R. Marconi – ARDC #01760173
Victor Pioli – ARDC #6256527
Katherine J. Pronk
Johnson & Bell, Ltd.
33 W. Monroe St., Suite 2700
Chicago, IL  60603
312-372-0770