# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | Maria Valdez |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3939 | **DATE** | 8/28/2008 |
| **CASE TITLE** | Mintel International Group, LTD vs. Neergheen | | |

**DOCKET ENTRY TEXT**

Defendant's Motion to Compel Party Witness for In-Person Depositions [38] is GRANTED and Plaintiff's Request for a Protective Order [42] is DENIED.

■[ For further details see text below.]

Docketing to mail notices.
*Copy to judge/magistrate judge.

## STATEMENT

This matter is before the Court on Defendant's Motion to Compel Party Witness for In-Person Depositions [Doc. No. 38] and Plaintiff's related Request for a Protective Order [Doc. No. 42].

Defendant moves to compel the deposition of three individuals, Mr. Charlton, Mr. Weeks and Ms. Popp, who are employed by the Plaintiff in London. Mr. Weeks is the Chairman for Mintel, Mr. Charlton is Global Executive for Mintel and Ms. Popp is Global Marketing Director for Mintel. (Mintel's Answers to First Set of Interrog. No. 14, Ex. AA to Doc. No. 47). Defendants agree that Mr. Weeks is a corporate officer but deny that Mr. Charlton and Ms. Popp are corporate managers or officers. Defendant wishes to take the depositions of the three individuals in Chicago. Plaintiff objects and has filed a related motion seeking a protective order "requiring the deposition of Sabine Popp, Steve Charlton and John Weeks to be taken by telephone." (Pltf's Resp. and Mot. at 11).

The depositions of Mr. Weeks, Mr. Charlton and Ms. Popp are requested under Rule 30(b)(1) of the Federal Rules of Civil Procedure. Defendant points out that Plaintiff has specifically identified all three as persons who may have knowledge of the facts in this lawsuit. (Mintel's Answers to First Set of Interrog. No. 14, Ex. AA, Doc. No. 47-2). And, according to the defendant, recent deposition testimony illuminated the role of Mr. Charlton and Ms. Popp in this litigation. Mr. Charlton oversees two Human Resource managers -- one of which is listed in email documents that defendant believes is central to the case. Mr. Charlton also lived in the United States until recently and held a position at Mintel in which he acted on behalf of the United States CEO of Mintel. Ms. Popp, according to the defendant, made the decision to restructure the company that lead to the termination of the defendant. Ms. Popp frequently travels to the United States.

As to the defendant's motion to compel, the party seeking relief has the burden of persuasion under Rule 26. *Trading Technologies Intern., Inc. v. eSpeed, Inc.*, 2005 WL 1300778, *1 (N.D.Ill. April 28, 2005). Plaintiff

**STATEMENT**

has also filed a motion for a protective order and has the burden to show good cause for a protective order. *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir.1994).

There is no serious argument that the taking of the depositions of the three employees is relevant for purposes of discovery. Plaintiff generally contends that the deposition of Mr. Weeks, a corporate officer, should not be compelled because he is a person with no personal knowledge of the issues involved and whose deposition would be costly to Mintel. Plaintiff relies on *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681-82 (7th Cir.2002) for the proposition that a court need not compel deposition of a high-ranking executive in a multinational corporation where the cost and expense outweigh any potential benefit when the executive lacks personal knowledge of the case. But, *Patterson* is not exactly on point because in this case Plaintiff identified Mr. Weeks as a person who may have knowledge of the underlying claims.

Although Plaintiff initially argued that Mr. Charlton and Ms. Popp were not managers and should therefore be subpoenaed for deposition Plaintiff has now stated that they are not seeking to quash the two depositions. (Pltf's Supp. Br. at 2). Therefore, the remaining issue is whether the three employees should be required to submit to a deposition in the United States.

The decision of where a deposition should occur is in the discretion of the court. Rule 26(c)(2), Federal Rules of Civil Procedure; 8A C. Wright & A. Miller, Federal Practice and Procedure, § 2112 at 72-73 (1994). The general rule is that even a nonresident plaintiff must appear for deposition in the place they chose to file the lawsuit. *Orrison v. Balcor Co.*, 132 F.R.D. 202, 203 (N.D.Ill.1990). As a counterpoint to this general rule is the broad presumption that the depositions of a corporation through its agents should be taken at the corporation's principal place of business. *Magnus Electronics, Inc. v. Masco Corp. of Indiana*, 871 F.2d 626, 630 (7th Cir.1989); *Custom Form Mfg., Inc. v. Omron Corp.*, 196 F.R.D. 333, 336 (S.D.Ind.2000). This rule particularly applies when the corporation is a defendant because the courts acknowledge that the defendant did not chose the forum and should not be forced to expend time and resources to travel to the plaintiff's choice of forum. *Zuckert v. Berkliff Corp.*, 96 F.R.D. 161, 162 (N.D.Ill.1982). The rule, however, gives way depending on the facts of the case and even foreign corporate defendants have been compelled to submit to deposition in the United States. *Custom Form Mfg. v. Omron Corp.*, 196 F.R.D. 333, 336 (N.D.Ind. 2000) ("When a foreign corporation is doing business in the United States, is subject to the court's jurisdiction, and has freely taken advantage of our federal rules of discovery, exceptions to the general rule on the location of depositions are often made. Under such facts, the foreign corporation's agents are frequently compelled for deposition on American soil."). However, "'the presumption appears to be merely a decision rule that facilitates determination when other relevant factors do no favor one side over the other.'" *Id.* (citation omitted). And, "[c]orporate defendants are frequently deposed in places other than the location of their principal place of business, especially when the deposition site is the forum most convenient to all parties and that which best serves the general interests of judicial economy." *Id*. at 338. To complicate matters, we have a case where a counterclaim exists so that the Plaintiff is also a Defendant and the Defendant is also a Plaintiff. Although the Court does note that the Plaintiff Mintel filed the action and chose the forum for this lawsuit and resultant countersuit.

Given these rules and counter-presumptions, in exercising its discretion, this Court considers a number of factors. These include whether there is any hardship for the deponent to travel due to time, expense, and inconvenience, *Afram Export Corp. v. Metallurgiki Halyps, S.A.*, 772 F.2d 1358, 1365 (7th Cir.1985), the ability of the Court to intervene in the event a dispute arises, *Custom Form,* 196 F.R.D. at 336, the convenience of the parties, and whether the persons sought to be deposed engages in travel for business purposes. *Cadent Ltd. v. 3M Unitek Corp*., 232 F.R.D. 625, 629 (C.D.Cal.2005).

**STATEMENT**

Plaintiff argues that it should not incur the expense of bringing in three London-based employees. Defendant points out that all three are well-traveled and at least one was recently a resident of the United States. Certainly, the ability of the Court to intervene (not that it is anticipated that the Court will have to intervene) is best preserved with the deposition taking place in Chicago rather than in London (by telephone or otherwise). Further, Plaintiff does not detail how the deponents would be burdened, but the Court can reasonably presume that the deponents themselves will be inconvenienced by a transatlantic journey. Also, the convenience of the attorneys is best served by a Chicago locale instead of a London deposition since both sides have Chicago-based counsel. *Custom Form Mfg*., 196 F.R.D. at 337 (citing *Kasper v. Cooper Canada Ltd.*, 120 F.R.D. 58 (N.D.Ill.1988) (The burden and expense to the deponents and travel expense of counsel are also legitimate considerations.).

To deal with the inconvenience, Plaintiff argues that telephonic depositions would be appropriate in light of the burden and expense of the three witnesses traveling to the United States. In support of this Plaintiff relies on the case of *Rehau v. Colortech, Inc.,* 145 F.R.D. 445, 445 (W.D. Mich. 1993). In *Rehau*, the court followed the reasoning of *Jahr v. IU Int'l Corp*., 109 F.R.D. 429 (M.D.N.C.1986) in concluding that upon giving a legitimate reason for taking a deposition telephonically, the moving party need not further show an extraordinary need for the deposition. Rather, the burden is on the opposing party to establish why the deposition should not be conducted telephonically. *Rehau*, 145 F.R.D. at 446-47.

However, other courts have followed the holding in *Clem v. Allied Lines Int'l Corp.*, 102 F.R.D. 938 (S.D.N.Y.1984), which held that a plaintiff living abroad who seeks to have his deposition taken by telephone must demonstrate that holding his deposition in the forum jurisdiction would impose an extreme hardship on him. *Id*. at 940. The *Clem* case is based on the general presumption stated above that a plaintiff who chooses to bring suit in a particular forum should be prepared to be deposed in that forum.

To resolve this split it is important to look at the basis for the motion at issue. Plaintiff wants to proceed by telephonic deposition. Rule 30(b)(4) of the Federal Rules of Civil Procedure allows for the taking of a deposition by telephone upon agreement or by court order. The Rule is silent as to whether a burden is placed on the requesting party to show hardship. However, we do not have an agreement between the parties to take the depositions by telephone so the Plaintiff was required to seek a protective order to allow for telephonic depositions. In filing for a protective order the Plaintiff must meet that the "for good cause" standard established by Fed. R. Civ. P. 26(c). Here, Plaintiff has not shown that "good cause" exists in that conducting the three depositions in Chicago would subject the deponents to undue burden or expense. If the standard under Rule 26(c) was any undue burden than it would be a closer call. But the standard anticipates that litigation, and discovery in particular, by its very nature impose significant burdens and expenses on the litigants. Mintel must show an "undue burden" beyond what is normally anticipated. There is nothing in Plaintiff's motion to indicate that the cost of the deposition cannot be afforded or that there is any physical impediments to travel. Instead, Mintel argues that the telephonic alternative to the in-person deposition is available.

A telephonic deposition would be a cost saver in nearly every case. But, they are not the norm, they are the exception. This is so because counsel, for example, could be disadvantaged in a telephonic deposition without the opportunity "to see the witness and to evaluate the witness' demeanor, facial reactions and expressions." *Arrocha v. McAuliffe*, 109 F.R.D. 397, 402 (D.D.C.1986) (holding in a Title VII employment discrimination case that the disparity and ability of counsel to examine and evaluate witnesses which would result if depositions occurred in the foreign country, precluding plaintiffs' counsel from attending in person and requiring him to participate by telephone, could not be approved).

**STATEMENT**

The court finds that the balance of the interests discussed above favors in-person depositions in Chicago. The deponents are well acquainted with international travel and have not specifically articulated undue burden. The Court is mindful that the Plaintiff's suggestion would offer some cost relief to the parties and as such is always an important consideration. However, because the Plaintiffs have identified the three deponents as individuals who may have some unique knowledge of the underlying claims, Defendant's demand to take their depositions are not redundant or pure fishing expeditions. A telephonic deposition would not provide an adequate setting to question individuals who have specific knowledge of the allegations.

For the foregoing reasons, Defendant's Motion to Compel Party Witness for In-Person Depositions [Doc. No. 38] is GRANTED and Plaintiff's Request for a Protective Order [Doc. No. 42] is DENIED.