IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MINTEL INTERNATIONAL GROUP, LTD., a United Kingdom corporation, | ) ) ) ) |
| Plaintiff/Counter-Defendant, | ) Case No. 08-cv-3939 ) Judge Robert Dow, Jr. |
| v. | ) Magistrate Judge Maria Valdez |
| MEESHAM NEERGHEEN, an individual | ) ) |
| Defendant/Counter-Plaintiff. | ) ) |

## NEERGHEEN'S MOTION FOR RULE TO SHOW CAUSE AND FOR SANCTIONS

Meesham Neergheen ("Neergheen"), by counsel, submits his Motion for Rule to Show Cause and for Sanctions. Neergheen seeks a rule to show cause as to why, even after the Court's Order of August 28, 2008 granting Neergheen's Motion to Compel, Mintel International Group, Inc. ("Mintel") still refuses to produce three key witnesses. In support of his motion, Neergheen states as follows:

1.  After extensive briefing before the Court, Mintel still refuses to produce three key witnesses — Mr. Steve Charlton, Mr. John Weeks and Ms. Sabine Popp — for deposition in Chicago. Not only did Mintel fail to raise an objection to Neergheen's request that all Mintel employees sit for deposition in the forum in which Mintel filed suit until late in the game, it unsuccessfully attempted to block the depositions altogether. And now, with only <u>two business days</u> before the hearing on Mintel's Injunction Motion, Mintel *still* refuses to confirm when the depositions will take place.

1

2. As has been extensively briefed before the Court, the three witnesses at-issue have been identified by Mintel as deponents who have unique knowledge of the underlying claims.[1] Moreover, since Neergheen filed his Motion to Compel, Mintel has informed Neergheen that it intends to produce Mr. Charlton as a live witness at Thursday's hearing, and Ms. Popp has filed a declaration in support of Mintel's Supplement to its Injunction Motion. [D.I. 54].

3. On August 28, 2008, the Court granted Neergheen's Motion to Compel Mr. Weeks, Mr. Charlton and Ms. Popp to sit for deposition in Chicago ("the Order"). In the Order, the Court found that Mintel had not shown good cause as to why the depositions should not be conducted in Chicago. The Court granted Neergheen's Motion in its entirety.

4. Neergheen's Motion requested the depositions to be conducted as noticed, namely, that they be conducted on August 26 (Mr. Charlton), August 28 (Mr. Weeks) and August 29 (Ms. Popp). [D.I. 39, Ex. D]. However, as the dates had become too close to allow the witnesses to travel, on August 28, 2008, counsel for Neergheen notified counsel for Mintel that, should Neergheen's Motion to Compel be granted, Neergheen would need the witnesses to be available on Monday through Wednesday September 1-3, 2008, so that they could be properly deposed prior to the hearing. (Exhibit A). Mintel did not respond. The Order granting Neergheen's motion was filed a few hours later.

5. On August 29, 2008, Neergheen contacted Mintel and again requested confirmation of when the witnesses would be produced. This time, given the impending holiday and loss of another day before the hearing, Neergheen asked that the witnesses be produced Tuesday and Wednesday August 2-3, 2008. (Exhibit B). Again, counsel did not respond.

---

[1] Neergheen hereby incorporates by reference his Motion to Compel [D.I. 38], First [D.I. 47] and Second [D.I. 51] Supplements, and accompanying documents.

Counsel for Neergheen thereafter telephoned all three counsel of record for Mintel, and, again, Mintel did not respond.

6.　　In light of the above, Neergheen's ability to prepare his defenses for Thursday's hearing on Mintel's Injunction Motion have been materially prejudiced.  Mintel is aware of the time constraints in the present case — it has indicated that it will not agree to a continuance of the hearing.  To refuse to comply with the Court's Order (or to even discuss the matter) after steadfastly claiming that it will not agree to extensions in light of its conduct clearly begs to question why Mintel should not be held in contempt.  *See Moore v. Best of North Chicago, Inc.*, 1989 U.S. Dist. LEXIS 5907 (N.D. Ill. May 24, 1989).

7.　　Mintel cannot demonstrate how its actions are not in violation of the Court's Order.  Accordingly, Neergheen requests that Mintel be sanctioned for its egregious conduct.  Rule 37 of the Federal Rules of Civil Procedure allows that, where as here, a party fails to obey an order of the Court, the Court may make an order "refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters into evidence."  Fed.R.Civ.P. 37(b)(2)(B).  Also under the Rule, the Court may make an order "striking out pleadings or parts thereof."  Fed.R.Civ.P. 37(b)(2)(C).  The rationale behind the broad scope of Rule 37 is that "litigants are presumed to know that deceptive conduct is unacceptable, and parties should know that they 'must not engage in such abusive litigation practices as … tampering with the integrity of the judicial system.'"  *Rhodes v. LaSalle Bank, N.A.*, 2005 U.S. Dist. LEXIS 43505 at *5 (N.D. Ill. Feb. 1, 2005).

8.　　In light of Mintel's continued failure to produce the witnesses — particularly after entry of the Court's Order — prohibition of any testimony (in any form) by any of Mr. Charlton, Mr. Weeks and/or Ms. Popp is proper.  Such would include the striking of Ms. Popp's affidavit

in support of Mintel's Injunction Motion. Additionally, given the significant amount of time Neergheen has had to dedicate to the issue, he additionally requests reasonable fees associated with filing of the Motion to Compel (including Supplements) as well as the present motion.

　　　　WHEREFORE, Defendant/Counter-Plaintiff Meesham Neergheen respectfully requests this Court for a Rule to Show Cause as to why Plaintiff/ Counter-Defendant Mintel International Group, Inc. refuses to comply with the Court's Order of August 28, 2008 and further respectfully requests the above sanctions including an order prohibiting Mintel from introducing into evidence any information put forth by Mintel from or related to Mr. Steve Charlton, Ms. Sabine Popp and/or Mr. John Weeks, including striking the affidavit of Ms. Popp, fees associated with Neergheen's Motion to Compel and the present motion, and any other relief deemed appropriate by the Court.

Dated: August 29, 2008

　　　　　　　　　　　　　　　　　　　　　　　　　__/s/ Jeana R. Lervick_____
　　　　　　　　　　　　　　　　　　　　　　　　　John T. Roache
　　　　　　　　　　　　　　　　　　　　　　　　　Jeana R. Lervick
　　　　　　　　　　　　　　　　　　　　　　　　　Joel C. Griswold
　　　　　　　　　　　　　　　　　　　　　　　　　Bell, Boyd & Lloyd LLP
　　　　　　　　　　　　　　　　　　　　　　　　　70 West Madison Street
　　　　　　　　　　　　　　　　　　　　　　　　　Suite 3100
　　　　　　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60602
　　　　　　　　　　　　　　　　　　　　　　　　　312.372.1121
　　　　　　　　　　　　　　　　　　　　　　　　　312.827.8000 (facsimile)

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MINTEL INTERNATIONAL GROUP, LTD., a United Kingdom corporation, | ) ) ) ) | |
| Plaintiff/Counter-Defendant, | ) ) ) | Case No. 08-cv-3939 Judge Robert Dow, Jr. |
| v. | ) | Magistrate Judge Maria Valdez |
| MEESHAM NEERGHEEN, an individual | ) ) ) | |
| Defendant/Counter-Plaintiff. | ) ) | |

**[PROPOSED] ORDER**

This cause having been heard before the Court on Neergheen's Motion for Rule to Show Cause and for Sanctions, it is hereby ordered that:

1. Plaintiff/ Counter Defendant Mintel International Group, Inc. ("Mintel") show cause as to why it should not be held in contempt for violating the August 28, 2008 Order compelling Mintel to produce Mr. Steve Charlton, Mr. John Weeks and Ms. Sabine Popp ("the Witnesses") for deposition in Chicago;

2. Mintel is precluded from offering into evidence for any purpose in any hearing, brief or trial, any testimony from the Witnesses, as well as any documents or information to which the Witnesses may have been privy or relating to the Witnesses; and

3.  Mintel is ordered to pay all attorneys fees relating to Neergheen's filing of his Motion to Compel the In-Person Depositions of Party Witnesses, including any supplements to the Motion and Neergheen's Motion for Rule to Show Cause.


Dated:  September ____, 2008              _____
                                          Hon. Maria Valdez

2

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a true and correct copy of Neergheen's **Motion for Rule to Show Cause and for Sanctions**, and accompanying documents, have been served this 29th day of August, 2008 via ECF filing to:

>Joseph Marconi
>Victor Pioli
>Katherine J. Pronk
>JOHNSON & BELL, LTD.
>33 West Monroe Street
>Suite 2700
>Chicago, Illinois 60603

>_/s/ Jeana R. Lervick_
>Jeana R. Lervick
>BELL, BOYD & LLOYD LLP
>70 West Madison Street
>Suite 3100
>Chicago, IL 60602
>(312) 373-1121