IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MINTEL INTERNATIONAL GROUP, LTD., a United Kingdom corporation, | ) ) ) |
| Plaintiff, | ) ) Case No.: 08CV3939 ) |
| v. | ) Judge Robert Dow, Jr. ) Magistrate Judge Maria Valdez |
| MEESHAM NEERGHEEN, an individual, | ) ) |
| Defendant. | ) |

### PLAINTIFF'S EMERGENCY OBJECTIONS TO MAGISTRATE JUDGE VALDEZ'S ORDER GRANTING DEFENDANT'S MOTION TO COMPEL AND DENYING PLAINTIFF'S REQUEST FOR A PROTECTIVE ORDER

Plaintiff MINTEL INTERNATIONAL GROUP, LTD. ("Mintel") hereby moves this Court to reconsider Magistrate Judge Valdez's order granting Defendant's motion to compel and denying Plaintiff's request for a protective order, and in support thereof states as follows:

1. This Court may reconsider any pretrial matter determined by a magistrate where it is shown that the magistrate's order is clearly erroneous or contrary to law. 28 U.S.C. § 636. Plaintiffs bring this motion on an emergency basis because the preliminary injunction hearing is set for Thursday, September 4.

2. On August 18, 2008, Defendant Neergheen submitted his Motion to Compel Party Witnesses for In-Person Depositions wherein he requested that the Court order Plaintiff to produce three of its employees (John Weeks, Steve Charlton, and Sabine Popp) in person by flying them from London to Chicago at Plaintiff's expense, notwithstanding Plaintiff's willingness to produce the individuals by telephone. Defendant contended that only "extreme hardship" would warrant the use of telephonic depositions, and that travel from London to Chicago did not constitute such extreme hardship. (Court Doc. 38).

1

3. Plaintiff responded on August 20 and sought a protective order mandating that the three depositions be taken by telephone. Plaintiff contended that telephonic depositions would be far less burdensome and expensive than in-person depositions, that the benefit to Defendant would be largely the same in either case, and that flying the three individuals from London to Chicago for in-person depositions would therefore be unreasonable. (Court Doc. 42).

4. Plaintiff further noted that it had already produced, in person, the two individuals who had submitted affidavits in support of its Memorandum of Law in Support of Temporary Restraining Order and Injunctive Relief, and that further in-person depositions were therefore unnecessary and unreasonable. More specifically, Plaintiff incurred the expense of flying both Jason Thomson and Richard Carr from London to Chicago for their in-person depositions.

5. Moreover, of the three individuals named in Defendant's motion to compel, the only corporate officer (Weeks) has no personal knowledge of the facts of this case, and the other two individuals (Charlton and Popp) are not directors, officers, or managing agents of Plaintiff, nor had they been designated as such pursuant to Rule 30(b)(6). Despite the fact that Charlton and Popp were therefore only subject to depositions by subpoena, and despite the fact that no such subpoenas had been issued, Plaintiffs were willing to produce them by telephone. (*Id.*)

6. Magistrate Judge Valdez ordered supplemental briefing on the issue of whether Charlton and Popp were non-management employees, and whether such employees would be "parties" under the discovery rules. (Court Doc. 44). The parties submitted their briefs on August 25. (Court Docs. 46, 47).

7. Magistrate Judge Valdez subsequently granted Defendant's motion to compel and denied Plaintiff's request for a protective order. (Court Doc. 57). She held that in order to warrant a protective order Plaintiff "must show an 'undue burden' *beyond what is normally anticipated.*"

(*Id.*) (emphasis added). This is contrary to the plain language of Rule 26(c), which states that a court "may, for good cause, issue an order to protect a party or person from . . . undue burden or expense."

8. Judge Valdez went on to hold that a "telephonic deposition would not provide an adequate setting to question individuals who have specific knowledge of the allegations." This, again, is directly contrary to existing authority. As one district court judge has stated in overturning a Magistrate Judge's refusal to require a telephone deposition of two corporate officers located in Europe:

> There is no reason why a full day's deposition cannot be conducted by a conference call, and there is no indication that the integrity of the discovery process will be compromised in any way by doing so. . . . I see positively no reason to add the cost of two trans-Atlantic flights and hotel accommodations to the tab when the same task can be accomplished with two simple phone calls. Therefore, plaintiff's motion on this point will be granted.

*Rehau, Inc. v. Colortech, Inc.*, 145 F.R.D. 444, 447 (W.D. Mich. 1993).

9. Pursuant to 28 U.S.C. § 1821, a deponent who travels to the place of its deposition "shall be paid for the actual expenses of travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled to and from such witness's residence ... ." Accordingly, Defendant must reimburse Plaintiff for the travel expenses that were associated with bringing Carr and Thomson from London to Chicago for their depositions. It is important to note that Datamonitor is paying Defendant's legal fees and that opposing counsel has been hired to defend both Defendant and Datamonitor in this matter. Therefore, Defendant and Datamonitor are demanding that these additional three depositions occur in person for no other reason then to harass Plaintiff and increase Plaintiff's costs. This is made evident by Datamonitor's failure to terminate Defendant's employment with Plaintiff even though Defendant disregarded the directions of his superior, spoiled evidence, disregarded a court order, and lied under oath.

3

10.　　Alternatively, should this Court refuse to overturn Magistrate Valdez's August 28, 2008 order and the in-person depositions of Weeks, Charlton and Popp are to be compelled, this Court should, pursuant to 28 U.S.C. § 1821, require Defendant to pay the travel expenses associated with flying Weeks, Charlton, Popp, Thomson and Carr from London to Chicago for their in-person depositions.

WHEREFORE Plaintiff MINTEL INTERNATIONAL GROUP, LTD. respectfully requests that the Court reconsider and deny Defendant's Motion to Compel Party Witnesses for In-Person Depositions. Plaintiff further requests that the Court reconsider and grant Plaintiff's Request for Protective Order, thereby requiring the depositions of Popp, Charlton and Weeks to be taken by telephone. Plaintiff also requests that the Court requires Defendant to pay the travel expenses associated with flying Thomson and Carr from London to Chicago. Should the Court refrain from overturning Magistrate Valdez's August 28, 2008 ruling, Plaintiff alternatively requests that this Court order Defendant to pay Plaintiff's expenses associated with flying Thomson, Carr, Weeks, Popp and Charlton from London to Chicago for their in-person depositions. Plaintiff also requests any additional relief the Court deems just and equitable.

          Respectfully submitted,

          MINTEL INTERNATIONAL GROUP, LTD

          _____/s/ Joseph R. Marconi_____
          One of Its Attorneys

Joseph R. Marconi – ARDC #01760173
Victor Pioli – ARDC #6256527
Katherine J. Pronk
Johnson & Bell, Ltd.
33 W. Monroe St., Suite 2700
Chicago, IL 60603
312-372-0770
Doc. No.: 1927475

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she caused to be served **Plaintiff's Emergency Objections to Magistrate Judge Valdez's Order Granting Defendant's Motion to Compel and Denying Plaintiff's Request for a Protective Order** on August 30, 2008 using the CM/ECF System, which will send notification of such filing to the following:

>Joel C. Griswold
>Jeana R. Lervick
>John T. Roache
>BELL, BOYD & LLOYD LLP
>70 West Madison Street, Suite 3100
>Chicago, IL  60602

/s/ Joseph R. Marconi

Joseph R. Marconi – ARDC #01760173
Victor Pioli – ARDC #6256527
Katherine J. Pronk
Johnson & Bell, Ltd.
33 W. Monroe St., Suite 2700
Chicago, IL  60603
312-372-0770