**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MINTEL INTERNATIONAL GROUP, LTD, a United Kingdom corporation, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: 08 CV 3939 |
| v. | ) ) | Judge Robert M. Dow |
| MEESHAM NEERGHEEN, an individual, | ) ) | Magistrate Judge Maria Valdez |
| Defendant. | ) ) ) | |

**MINTEL'S REPLY TO NEERGHEEN'S OPPOSITION TO MOTION TO
COMPEL DATAMONITOR'S COMPLIANCE WITH SUBPOENA**

Plaintiff MINTEL INTERNATIONAL GROUP, LTD. ("Mintel") hereby submits the following Reply to Datamonitor's Opposition to Motion to Compel Datamonitor's Compliance with Subpoena:

1.      Federal Rule of Civil Procedure 26(b)(1) provides for liberal discovery in order to encourage full disclosure before trial. *See EEOC v. Rush Prudential Health Plans*, 1998 U.S. Dist. LEXIS 4170, at * 2 (N.D. Ill. Mar. 31, 1998). The rule states: "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action … The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. Pro. 26(b)(1).

2.      The court broadly interprets relevancy in the discovery context "to encompass any matter that bears on, or that reasonably could lead to other matter that could

1

bear on, any issue that is or may be in the case." *Oppenheimer Fund Inc. v. Sanders*, 437 U.S. 340, 351, 57 L. Ed. 2d 253, 98 S. Ct. 2380 (1978).

3.    In light of the broad discovery principles set forth in Federal Rule of Civil Procedure 26(b)(1), Mintel requests that the Court compel Datamonitor to comply with numbers 5 through 9 within the Datamonitor subpoena.

*Relevance of Documents*

4.    Defendant's Datamonitor work computer and work e-mail account contain relevant information regarding the extent to which Mintel has been damaged by Defendant's misappropriation of Mintel's confidential and proprietary trade secret information.    As determined by Mintel's expert, Defendant's personal computer contains no evidence of Mintel's confidential and proprietary trade secret information.    Nonetheless, Defendant produced during discovery over forty (40) additional documents that Defendant misappropriated from Mintel and which remained in Defendant's possession at the start of this litigation.  A summary of the countless additional Mintel documents within Defendant's possession is attached hereto as "Exhibit 1."  Defendant asserts that he has not disclosed or used the eight Mintel files that Mintel initially learned were misappropriated by Defendant. However, Defendant fails to account for the approximately forty (40) additional Mintel documents misappropriated by Defendant.

5.    As such, Defendant has a substantial number of Mintel's confidential documents and information in his possession, yet there is no evidence of <u>any</u> of these documents on Defendant's computer due to Defendant's blatant and willful destruction of evidence.  Defendant has clearly been storing these documents on external storage devices (which Defendant has failed to produce despite Mintel's repeated requests) or other

2

computers.  Consequently, Mintel should be entitled to a forensic image of Defendant's Datamonitor computer to determine the extent to which Defendant has been using Mintel's documents for the benefit of himself and/or Datamonitor.

6.    In addition, the VISA documents requested by Mintel are relevant to the present claims.  Datamonitor argues that Mintel is not entitled to these documents because Mintel has not served Interrogatories on the subject.  This argument by Datamonitor is disingenuous.  Mintel served written discovery requests upon Defendant, requesting copies of all applicable VISA documents and correspondence pertaining to Defendant's employment with Datamonitor.  A copy of Defendant's objections to Mintel's written discovery requests are attached hereto as "Exhibit 2."  Defendant refused to produce the documents after a meet and confer was held between counsel.  Furthermore, Defendant feigned ignorance during his deposition when questioned about his work VISA with Datamonitor.  *See* Neergheen Dep. 85:16-89:6.

7.    Datamonitor's argument that the subpoena in question was not properly served upon Datamonitor must be disregarded by the Court.  Please see the correspondence attached hereto as "Exhibit 3" that makes clear that opposing counsel agreed to accept informal service of the subpoena on behalf of Datamonitor.  Therefore, Datamonitor has waived any argument regarding Mintel's service of the Datamonitor subpoena.  It is not surprising that opposing counsel accepted service on behalf of Datamonitor because opposing counsel similarly represents Datamonitor in regard to this matter.  Furthermore, as Defendant conceded during his deposition, Datamonitor is paying for Defendant's legal expenses.

*Potential Hardship Against Datamonitor*

8.     There will be no hardship to Datamonitor should the Court require Datamonitor to produce copies of Defendant's work VISA documents and correspondence. Furthermore, obtaining a forensic image of Defendant's Datamonitor work computer and work e-mail account can be completed quickly by Mintel's expert.

9.     Datamonitor's privileged documents, including Datamonitor's confidential and proprietary trade secret information, can be protected from disclosure to Mintel by a protective order.    Mintel's expert did not violate the Agreed Order and, therefore, Datamonitor's argument that Mintel's expert is untrustworthy is completely without merit.

10.     The Agreed Order states as follows: "Plaintiff's expert shall not provide or reveal to Plaintiff or Plaintiff's counsel any ***content of defendant generated documents*** obtained from the inspection of Defendant's hard drive.  This shall ***not preclude*** Plaintiff's expert from discussing anything not directly related to the content of the defendant generated documents.  The Plaintiff's expert will release to both parties simultaneously a round one activity listing report that details the universe of file and folder names on the computer as well as other system activity events, subject to the requirements of Paragraph 7." *See* Agreed Order, attached hereto as "Exhibit 4."  Paragraph 7 then states that "[a]ny index described above will not reveal the subject line of e-mails and will not reveal the preview field or any other information that reveals the content of the documents."

11.     Mintel's expert has not disclosed the content of any Defendant-generated documents.  Instead, the findings within Mintel's expert report were obtained exclusively from the Round One Production Report that Mintel's expert provided simultaneously to

both parties, pursuant to the Agreed Order, on July 29, 2008.  Despite having over a month to do so, Defendant has not objected to the Round One Production Report.

12.    Defendant has e-mailed approximately forty (40) Mintel documents to his personal e-mail account.  Therefore, Defendant's contention that he has not used and deleted (with the exception of one) the eight files referenced within Mintel's complaint – even if true – fails to account for the countless additional Mintel confidential documents that Defendant produced during written discovery.  Based upon the findings of Mintel's expert, the documents in question are no longer located on Defendant's computer.  Clearly, Defendant has been storing these documents somewhere and most likely has been using the documents as well.

13.    Datamonitor argues that because Datamonitor is a third party to this lawsuit, Datamonitor's third-party status must be considered by the Court in determining whether to enforce the subpoena.  However, as explained above, Datamonitor has retained opposing counsel and is paying for all of Defendant's legal fees.  Therefore, Datamonitor is intrinsically involved in this lawsuit.  It is Datamonitor who is mounting the defense, not only paying for it.

14.    Datamonitor attempts to counter Mintel's argument that Defendant should have stopped using his computer after notice of the litigation by stating that "many companies with regular litigation likely would find challenging meeting that requirement while still performing their normal business functions."  The Defendant is not a company. He should have been, and probably was, advised by counsel to turn off his personal computer until a forensic copy could be made, usually taking a couple of hours.  The same could and should have been done on his work computer.  Not only did Defendant fail to

implement such protective measures on his personal computer but, as the affidavit of Mintel's expert makes clear, Defendant blatantly and willfully destructed file material and data.

15.    The impact of not enforcing the Datamonitor subpoena would be great. Due to Defendant's evidence spoliation, Mintel would have no way of knowing the extent of damage caused by Defendant's misappropriation of Mintel's confidential and proprietary trade secret information. The Datamonitor subpoena must be enforced, for the evidence obtained from Defendant's Datamonitor computer is probative of whether Defendant has been using Mintel's confidential information for his benefit and/or the benefit of Datamonitor. But for Defendant's blatant and willful destruction of evidence, access to Defendant's Datamonitor computer would not be necessary.

WHEREFORE Plaintiff Mintel International Group, Ltd. respectively requests that this Court grant its Motion to Compel and enter an Order requiring Datamonitor to immediately produce all documentation and things responsive to numbers 5 through 9 within the Subpoena Rider. Mintel further requests any other such relief that the Court may deem just and proper.

Respectfully submitted,

MINTEL INTENTIONAL GROUP, LTD.
By:    /s/ Joseph R. Marconi
      One of Their Attorneys

Joseph R. Marconi
Victor Pioli
Katherine J. Pronk
JOHNSON & BELL, LTD.
Attorneys for Plaintiff
33 W. Monroe Street, Suite 2700
Chicago, Illinois  60603
(312) 372-0770
Doc. No.: 1928508

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he caused to be served **Mintel's Reply to Defendant's Opposition to Motion to Compel Datamonitor's Compliance with Subpoena** on September 2, 2008 using the CM/ECF System, which will send notification of such filing to the following:

> Joel C. Griswold
> Jeana R. Lervick
> John T. Roache
> BELL, BOYD & LLOYD LLP
> 70 West Madison Street, Suite 3100
> Chicago, IL  60602

_____ /s/ Joseph R. Marconi _____

Joseph R. Marconi – ARDC #01760173
Victor Pioli – ARDC #6256527
Katherine J. Pronk
Johnson & Bell, Ltd.
33 W. Monroe St., Suite 2700
Chicago, IL  60603
312-372-0770

## Index of Mintel Documents Produced by Meesham Neerghen

| Bates Number | Description |
|---|---|
| MN0000107 – MN0000108 | Email dated April 1, 2008 to/from meeshamneergheen@hotmail.com/meesham@mintel.com; Subject: $626,653 Daily Business Close 3.31.08; Attachments: pic09930.pcx; Daily Business Close – 3.31.08.xls |
| MN0000109 | Document: March 31, 2008 Mintel Daily Business Close – Americas |
| MN0000110 | Document: March 31, 2008 Mintel Daily Business Close – Americas |
| MN0000111 - MN0000112 | Email dated April 4, 2008 to/from meeshamneergheen@hotmail.com/meesham@mintel.com; Subject: -$1,068,531 Daily Business Close 4.1.08; Attachments: pic19954.pcx; Daily Business Close – 4.1.08.xls |
| MN0000113 | Document: April 1, 2008 Mintel Daily Business Close – Americas |
| MN0000114 | Document: April 1, 2008 Mintel Daily Business Close – Americas |
| MN0000115 - MN0000116 | Email dated April 25, 2008 to/from meeshamneergheen@hotmail.com/meesham@mintel.com; Subject: 2008 Life insurance Conf post-conference attendee listing; Attachments: Life Attendee listing-Final.xls |
| MN0000117 - MN0000172 | Document: Attendee list |
| MN0000178 - MN0000179 | Email dated April 28, 2008 to/from meeshamneergheen@hotmail.com / meesham@mintel.com; Subject: AKTRIN |
| MN0000182 - MN0000183 | Email dated April 29, 2008 to/from meeshamneergheen@hotmail.com/meesham@mintel.com; Subject: April 08 – CPG Press Release; Attachments: APR 08 – CPG NPOC Release NEW 0428.doc |
| MN0000183 | Document: Mintel News Release (April 2008) |
| MN0000185 - MN0000186 | Email dated January 30, 2008 to/from meeshamneergheen@hotmail.com/meesham@mintel.com; Subject: awa mkt emmy |
| MN0000187 - MN0000188 | Email dated April 18, 2008 to/from meeshamneergheen@hotmail.com/meesham@mintel.com; Subject: BBDO Becomes Reseller of HP Printers |
| MN0000189 - MN0000190 | Email dated April 11, 2008 to/from meeshamneergheen@hotmail.com/meesham@mintel.com; Subject: Breakfast Club Presentation; Attachment: Mintel Reports Repentation-.ppt |
| MN0000191 - MN0000209 | Document: brochure: The Breakfast Club, Mintel Reports, 4/11/2008 |
| MN0000210 - MN0000212 | Email dated April 3, 2008 to/from meeshamneergheen@hotmail.com/meesham@mintel.com; Subject: British Banker's Association: Retail Distribution Review Seminar, 3rd July 2008 |
| MN0000218 - MN0000200 | Email dated January 29, 2008 to/from meeshamneergheen@hotmail.com/meesham@mintel.com; Subject: Expense Policy Update to Managers; Attachment: Mintel Travel Policy 1-2008.doc; Expense Policy Highlights 1-2008.doc |
| MN0000221 - MN0000222 | Document: Mintel Business Travel and Expense Reimbursement Policy, Highlights of January 2008 Updates |
| MN0000223 - MN0000234 | Document: Mintel Business Travel and Expense Reimbursement Policy (Mintel Travel Guidelines January 2008) |

1907824 - CLH

EXHIBIT

1

| | |
|---|---|
| MN0000235 - MN0000236 | Email dated February 28, 2008 to/from meeshamneergheen@hotmail.com/meesham@mintel.com; Subject: Final version Product Guide UK; Attachment: Mintel Oxygen Sub Guide 2008 FINAL.pdf |
| MN0000237 - MN0000297 | Document: Mintel Oxygen, Your guide for future success, Subscriptions 2008 |
| MN0000299 | Email dated January 11, 2008 to/from meeshamneergheen@hotmail.com/Meesham Neergheen; Subject: food institute |
| MN0000302 - MN0000303 | Email dated January 11, 2008 to/from meeshamneergheen@hotmail.com/Meesham Neergheen; Subject: GNPD New Business Brochure; Attachments: GNPD New Business 08 (ver5).pdf |
| MN0000304 - MN0000305 | Document: GNPD business brochure |
| MN0000308 - MN0000310 | Email dated January 30, 2008 to/from meeshamneergheen@hotmail.com/Meesham Neergheen; Subject: int mkt brief |
| MN0000313 - MN0000314 | Email dated December 28, 2007 to/from meeshamneergheen@hotmail.com/Meesham Neergheen; Subject: IT org chart for your info; Attachments: IT Teams Nov 07.pdf |
| MN0000315 | Document: IT Project Groups and Project Management v2 26 Nov. 2007 |
| MN0000316 - MN0000317 | Email dated April 30, 2008 to/from meeshamneergheen@hotmail.com/meesham@mintel; Subject: Last day; Attachments: Leaver Notification.pdf |
| MN0000318 | Document: Leaver Notification |
| MN0000327 - MN0000328 | Email dated Jan. 28, 2008 to/from meeshamneergheen@hotmail.com/Meesham Neergheen; Subject: List of Account Planning Attendees; Attachments: 8-15 Sponosors.xls |
| MN0000329 - MN0000370 | Document: 2007 Account Planning Attendee List |
| MN0000371 - MN0000372 | Email dated Jan. 15, 2008 to/from meeshamneergheen@hotmail.com/Meesham Neergheen; Subject: Marcia mogelonsky details (with email from Marcia Mogelonsky to Ron Tanner re: SOI survey |
| MN0000375 - MN0000376 | Email dated Jan. 14, 2008 to/from meeshamneergheen@hotmail.com/Meesham Neergheen; Subject: Menu trends PDF – ready to use; Attachments: Mintel Menu Insights 2008 Trends.pdf |
| MN0000377 - MN0000378 | Document: Mintel Menu Insights – Eight Trends of '08 "Mintel Serves Up Restaurant Menu Trends for the New Year" |
| MN0000379 - MN0000380 | Email dated April 3, 2008 to/from meeshamneergheen@hotmail.com/meesham@mintel.com; Subject: Mintel Acquires Snapshots International |
| MN0000385 - MN0000386 | Email dated Dec. 11, 2007 to/from meeshamneergheen@hotmail.com/Meesham Neergheen; Subject: Mintel GNPD 2008 Trends PDF; Attachments: Mintel GNPD 2008 Trends (US).pdf |
| MN0000387 - MN0000389 | Document: Mintel GNPD "Sneak Peek: Fresh Forecasts for 2008" |
| MN0000393 - MN0000395 | Email dated January 9, 2008 to/from: meeshamneergheen@hotmail.com/Meesham Neergheen; Subject: MINTEL NEWS ALERT: Eight for '08 |
| MN0000396 - MN0000407 | Email dated April 24, 2008 to/from meeshamneergheen@hotmail.com/meesham@mintel.com; Subject: Mintel News |

| | |
|---|---|
| MN0000408 - MN0000409 | Email dated April 15, 2008 to meeshamneergheen@hotmail.com from Mintel International; **Subject: Mintel/Claritas Webinar – Preview** |
| MN0000410 - MN0000411 | Email dated April 23, 2008 to/from meeshamneergheen@hotmail.com/meesham@mintel.com; **Subject: no deck; Attachments: Finance Reports 2008.pdf** |
| MN0000412 - MN0000413 | Document: **Mintel Reports "Finance Reports"** |
| MN0000483 | Email dated April 18, 2008 to/from meeshamneergheen@hotmail.com/meesham@mintel.com; **Subject: OPC Release TEXT; Attachments: APR 08 – OPC Press Release.doc** |
| MN0000484 | Document "PLACE HOLDER", FileName: APR 08 – OPC Press Release.doc, Create Date: 4/18/2008 11:56 AM, **Modified Date: 7/24/2008 05:54 AM** |
| MN0000485 - MN0000490 | Email dated April 23, 2008 to/from meeshamneergheen@hotmail.com/meesham@mintel.com; **Subject: Optimizing Ethanol Plants Summit 2008** |
| MN0000491 - MN0000492 | Email dated January 31, 2008 to/from meeshamneergheen@hotmail.com/Meesham Neergheen; **Subject: order's in; Attachments: pic01186.pcx** |
| MN0000493 | Document/chart: **The All-Powerful, All-Seeing Lunch Calculator** |
| MN0000499 - MN0000500 | Email dated February 12, 2008 to/from meeshamneergheen@hotmail.com/Meesham Neergheen; **Subject: please proof; Attachments: GNPD New Business 08 (FINAL).pdf** |
| MN0000501 - MN0000502 | Document/brochure Mintel gnpd "The right partner makes all the difference" |
| MN0000503 - MN0000504 | Email dated April 29, 2008 to/from meeshamneergheen@hotmail.com/meesham@mintel.com; **Subject: Re: 2008 Comperemedia Rate Card (Please Disregard this mornings note); Attachments: Compere2008RateCard.doc** |
| MN0000505 - MN0000509 | Document: **"FEE SCHEDULE: COMPEREMEDIA AND FINANCE REPORTS, US MARKET – For Internal Use Only"** |
| MN0000523 - MN0000528 | Email dated April 24, 2008 to/from meeshamneergheen@hotmail.com/meesham@mintel.com; **Subject: RE: Claritas/ Mintel Comperemedia Webinar; Attachments: Claritas Comperemedia Web-Seminar.pdf; Final Attendee List.csv** |
| MN0000529 - MN0000567 | Document/brochure: **"Mintel Comperemedia and Nielsen Claritas Sizing up the Competition with "Next Generation" Sources of Direct Mail Competitive Intelligence" April 2008** |
| MN0000568 - MN0000575 | Document: **"Meeting Reports**, Date generated, Tuesday 4/22/2008 – Meeting Title, Claritas/Mintel Comperemedia Free Webinar: Uncover Next Generation Sources of Direct Mail Competitive Intelligence" |
| MN0000576 - MN0000578 | Email dated December 28, 2007 to/from meeshamneergheen@hotmail.com/Meesham Neergheen; **Subject: RE: COMMISSIONS DUE THURSDAY, JANUARY 3RDIIIII; Attachments: New Business Commission Sheet.xls** |
| MN0000579 - MN0000589 | Document/chart: sales and commission information re: Mike Stalilionis |
| MN0000594 - MN0000599 | Email dated April 29, 2008 to/from meeshamneergheen@hotmail.com/meesham@mintel.com; **Subject: RE: eTargetMedia – Count and other information** |
| MN0000614 - MN0000619 | Email dated April 3, 2008 to/from meeshamneergheen@hotmail.com/meesham@mintel.com; **Subject: RE: Health** |

3

| Bates Range | Description |
|---|---|
| | Wellness Webinar—outline for call today; Attachments: Food Institute Health Wellness webinar 5-08.doc |
| MN0000620 - MN0000621 | Document: "Mintel Research Consultancy – Food Institute webinar: Health and wellness, May 14, 2008" |
| MN0000625 - MN0000626 | Email dated January 2, 2008 to/from meeshamneergheen@hotmail.com/Meesham Neergheen; Subject: Re: Partnerships; Attachments: TA Master Sheet.xls |
| MN0000627 - MN0000642 | Documents/lists: Travel Association/Web Address/Sector/Product(s)/Status/Contact Name/Email |
| MN0000643 - MN0000644 | Email dated December 13, 2007 to/from meeshamneergheen@hotmail.com/Meesham Neergheen; Subject: Re: Sourcemedia; Attachments: Mintel CP Ad (final).pdf |
| MN0000645 | Brochure cover: "Looking for a little loyalty?" |
| MN0000660 - MN0000661 | Email dated April 29, 2008 to/from meeshamneergheen@hotmail.com/meesham@mintel.com; Subject: Sourcemedia – Datamonitor; Attachments: DMFS2064 CF.htm |
| MN0000662 - MN0000664 | Document/brochure: "Innovations in Payment Card Loyalty" |
| MN0000665 - MN0000670 | Email dated April 29, 2008 to/from meeshamneergheen@hotmail.com/meesham@mintel.com; Subject: sourcemedia; Attachments: Partnership Document.doc |
| MN0000673 - MN0000674 | Email dated March 25, 2008 to/from meeshamneergheen@hotmail.com/meesham@mintel.com; Subject: TA Spreadsheet; Attachments: TA Master Sheet.xls |
| MN0000698 - MN0000699 | Email dated February 27, 2008 to/from meeshamneergheen@hotmail.com/Meesham Neergheen; Subject: Top 5 reasons to buy; Attachments: Why Clients Buy.doc |
| MN0000700 | Document/outline: Why Clients Buy |
| MN0000703 | Email dated Apr 29, 2008 to/from meeshamneergheen@hotmail.com/meesham@mintel.com; Attachments: 2008 shows-Apr 8.xls; Marcomm Approved Expenses.xls; 2008-04-18 Marketing Exec Update.xls; marketing activities – current, future direction – for SP.xls; 2008-04-07 Mintel project priorities.xls; COMPEREMEDIA – Revenue by Client and Product.xls |
| MN0000704 - MN0000793 | Document: Budget Analysis YTD, Budget Analysis Total Spend – spreadsheet: 2007 & 2008 financial information |
| MN0000794 | Document/chart: Mintel portfolio – project priorities by department 4/7/2008 |
| MN0000795 - MN0000796 | Document/chart: Weekly Marketing Exec Update 14-18/04/2008 |
| MN0000797 - MN0000868 | Document/chart/spreadsheet: Comperemedia – Opportunity Product Report (2/6/2008 from salesforce.com) – Account Name/Product Name/Total Price/CSL-Light/Count |
| MN0000869 - MN0000872 | Document/chart/spreadsheet: Marketing Expenses |
| MN0000873 | Document/chart/spreadsheet: Marketing Activities to Achieve Objectives for Strategic, Longer Term Progress |
| MN0000874 | Email dated January 15, 2008 to/from meeshamneergheen@hotmail.com/Meesham Neergheen; Attachments: 11-07 Marketing Plan Outline Cons Email.doc |
| MN0000875 - MN0000882 | Document: "Mintel insight & impact – Marketing Plan Outline Consumer Email Product |

#190824 – CLH

4

| MN0000883 - MN0000884 | Email dated **February 6, 2008** to/from meeshamneergheen@hotmail.com/Meesham Neergheen; **Attachments: 2008 Tradeshows.xls** |
|---|---|
| MN0000885 - MN0000886 | Document/spreadsheet/chart: "**Americas shows / forums 2008 budget, Jan-08**" |
| MN0000890 - MN0000892 | Email dated **January 11, 2008** to/from meeshamneergheen@hotmail.com/Meesham Neergheen; **Subject: Weekly Marketing Update; Attachments: pic31602.pcx; pic03628.pcx; Press 11.01.doc** |
| MN0000893 | Document/graph: "**Click-throughs to Mintel Inspire Microsite**" |
| MN0001062 - MN0001063 | Email dated **February 6, 2008** to/from meeshamneergheen@hotmail.com/meesham@mintel.com; **Subject: FW: Position at BJ; Attachments: Integrated Marketing ManagerRevised.doc** |

5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| MINTEL INTERNATIONAL GROUP, LTD., a United Kingdom corporation, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: 08CV3939 |
| v. | ) ) | Judge Robert Dow, Jr. |
| MEESHAM NEERGHEEN, an individual, | ) ) ) | |
| Defendant, | ) ) | |

## NEERGHEEN'S RESPONSE TO PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS TO NEERGHEEN

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Neergheen Meesham Neergheen ("Neergheen"), by and through his attorneys Bell, Boyd & Lloyd LLP, responds to Plaintiff Mintel International Group, Ltd.'s ("Mintel") First Request For Production as follows:

## PRELIMINARY STATEMENT

Neergheen has not yet completed his investigation of the facts pertaining to this action, discovery is ongoing, and Neergheen is continuing his preparation for trial. Accordingly, all responses to the following document requests are based on information presently known to Neergheen after a reasonable effort to locate documents and things called for by these requests. All responses are given without prejudice to Neergheen's right to produce evidence based on any additional information, documents or things that may develop or come to Neergheen's attention at a later time. In addition, Neergheen's objections as set forth herein are made without prejudice to Neergheen's right to assert any additional or supplemental objections should Neergheen discover additional grounds for such objections. Finally, Neergheen's agreement to

986413/D/1                                    1

EXHIBIT
2
tabbies

produce documents to any request does not constitute an admission that any such documents in fact exist or are in Neergheen's possession, custody or control or that Neergheen is not prohibited from disclosing them under confidentiality agreements with third parties.

Neergheen makes the objections and responses set forth below without in any manner waiving: (1) the right to object to the use of any response, document or thing for any purpose in this matter or any other actions on grounds of privilege, relevancy, materiality, or any other appropriate basis; (2) the right to object to any other requests involving or relating to the subject matter of the responses herein and any documents or things produced by Neergheen; and (3) the right to revise, correct, supplement, or clarify any of the responses provided below at any time. Neergheen expressly reserves the right to supplement his responses and production of documents and things.

## **GENERAL OBJECTIONS**

1.      Neergheen objects generally to Mintel's requests as overbroad and unduly burdensome.  Neergheen also generally objects to Mintel's requests to the extent they call upon Neergheen to investigate and disclose information that is neither relevant subject matter of this matter nor reasonably calculated to lead to the discovery of admissible evidence.  Neergheen is willing, however, to confer with Mintel in an effort to resolve any disagreements between the parties relating to the scope, breadth, burden and relevancy of Mintel's requests.

2.      Neergheen objects to Mintel's requests to the extent they call for the production of documents protected by the attorney-client privilege, attorney work product doctrine and/or any other applicable privilege.

3.      Neergheen objects generally to Mintel's requests on the grounds they are designed to harass and impose unreasonable costs and burdens upon Neergheen.

986413/D/1                                    2

4.     Neergheen objects generally to Mintel's requests as duplicative and as cumulative, to the extent multiple requests seek the same information.

5.     Neergheen objects generally to Mintel's requests to the extent they seek information of an indefinite scope and/or time period.

6.     Neergheen objects generally to Mintel's requests and its definitions and instructions to the extent they purport to place a greater burden upon Neergheen than that required.

7.     Neergheen objects generally to Mintel's requests as seeking documents already in Mintel's possession, custody or control and/or documents and things already publicly available.

8.     Neergheen objects generally to Mintel's requests as seeking the disclosure of documents and things subject to confidentiality obligations that Neergheen has with one or more third parties.

9.     Neergheen objects to Mintel's definition of "communication" as overly broad and unduly burdensome in that it encompasses materials neither relevant to the present matter nor likely to lead to the discovery of admissible evidence.

10.    Neergheen objects to Mintel's definition of "Complaint" as encompassing other causes of action not relating to or regarding Neergheen.

11.    Neergheen objects to Mintel's definition of "Trade Secrets" and "Confidential Information" as vague and ambiguous and encompassing materials neither relevant to the present matter nor likely to lead to the discovery of admissible evidence.

12.    Neergheen incorporates by reference every general objection set forth above into each specific response set forth below.  A specific response may repeat a general objection for

emphasis.  The failure to include any general objection in any specific response does not waive any general objection to that request.

## DOCUMENT REQUESTS

1.     Make your computer hard drives, including software operating systems and any codes in memory necessary to make the encrypted data, including all documents and email, readable on its own equipment, in use at any time between January 1, 2003 and the present, available for inspection and copying by Mintel's designated expert.

**Response:**     In addition to the General Objections stated above, Neergheen objects to Request No. 1 as overly broad and unduly burdensome.  Neergheen further objects to the request as exceeding the scope of the Federal Rules and on the grounds that it seeks information that is protected by the attorney-client privilege, attorney work product doctrine and/or other applicable privileges and immunities.  Subject to and without waiving his general and specific objections, Neergheen states that he shall produce documents as agreed to and as required by the Temporary Restraining Order entered by the Court in this matter.

2.     All documents related to communications between you and Datamonitor regarding your employment and/or the possibility of your employment at Datamonitor.

**Response:**     In addition to the General Objections stated above, Neergheen objects to Request No. 2 as overly broad and unduly burdensome.  Neergheen further objects to the request as in that it encompasses communications not relevant nor likely to lead to the discovery of admissible evidence.  Subject to and without waiving his general or specific objections, Neergheen states that he will produce all relevant, non-privileged documents regarding his seeking and acquiring employment with Datamonitor.

986413/D/1                                           4

3.      All documents related to communications between you and any other competitor of Mintel, including but not necessarily limited to Synovate/BAI Global; Competiscan; Competitrack; Market IQ; Who's Mailing What; Paradyszmatera; Telephia; LIMRA; Lightspeed; Euromonitor; Iconoculture; Culture Waves; TrendSpotting; and Innova, regarding your possible employment with the competitor.

**Response:**     In addition to the General Objections stated above, Neergheen objects to Request No. 3 as overly broad and unduly burdensome.  Neergheen further objects to the request as in that it encompasses communications not relevant nor likely to lead to the discovery of admissible evidence.  Subject to and without waiving his general or specific objections, Neergheen states that he will produce all relevant, non-privileged documents regarding his seeking and acquiring employment with Euromonitor.  Neergheen states that he will produce any other responsive, non-privleged documents to the extent they exist.

4.      All documents constituting or relating to any communications with any third parties that support or relate to any of the allegations contained in the Complaint.

**Response:**     In addition to the General Objections stated above, Neergheen objects to Request No. 4 as overly broad and unduly burdensome, particularly as to the terms "support" and "relate." Neergheen further objects to the request as in that it encompasses communications not relevant nor likely to lead to the discovery of admissible evidence and on the grounds that it seeks information that is protected by the attorney-client privilege, attorney work product doctrine and/or other applicable privileges and immunities.  Subject to and without waiving his general or specific objections, Neergheen states that he will produce all responsive, non-privileged documents, if any.

986413/D/1                                          5

5.    All reports and memos prepared concerning any matter relating to this action.

**Response:**    In addition to the General Objections stated above, Neergheen objects to Request No. 5 as overly broad and unduly burdensome.  Neergheen further objects to the request as in that it encompasses communications not relevant nor likely to lead to the discovery of admissible evidence and on the grounds that it seeks information that is protected by the attorney-client privilege, attorney work product doctrine and/or other applicable privileges and immunities.  Subject to and without waiving his general and specific objections, Neergheen states that no responsive documents exist.

6.    All documents sufficient to identify each Mintel client or customer you have contacted or communicated with in any capacity since your departure from Mintel.

**Response:**    In addition to the General Objections stated above, Neergheen objects to Request No. 6 as overly broad and unduly burdensome.  Neergheen further objects to the request as in that it encompasses communications not relevant nor likely to lead to the discovery of admissible evidence and on the grounds that it seeks information that is protected by the attorney-client privilege, attorney work product doctrine and/or other applicable privileges and immunities.  Subject to and without waiving his general and specific objections, Neergheen states that no responsive documents exist.

7.    All documents identified in response to Plaintiff's Interrogatories directed to you.

**Response:**    In addition to the General Objections stated above, Mr. Neergheen states that, subject to his objections in the Interrogatory responses, he will produce all relevant, non-privileged documents.

986413/D/1                                      6

8.      All documents containing, referring to, stating, and/or discussing your decision to join Datamonitor subsequent to your resignation from Mintel.

**Response:**      In addition to the General Objections stated above, Neergheen objects to Request No. 8 as overly broad and unduly burdensome. Neergheen further objects to the request as in that it encompasses communications not relevant nor likely to lead to the discovery of admissible evidence and on the grounds that it seeks information that is protected by the attorney-client privilege, attorney work product doctrine and/or other applicable privileges and immunities. Subject to and without waiving his general and specific objections, Neergheen states that no responsive documents exist.

9.      All documents which refer, relate to, or support any of your actual or potential defenses to Plaintiff's Complaint.

**Response:**      In addition to the General Objections stated above, Neergheen objects to Request No. 9 as overly broad and unduly burdensome. Neergheen further objects to the request as in that it encompasses communications not relevant nor likely to lead to the discovery of admissible evidence and on the grounds that it seeks information that is protected by the attorney-client privilege, attorney work product doctrine and/or other applicable privileges and immunities. Subject to and without waiving his general and specific objections, Neergheen states that discovery is ongoing and he will produce any such responsive, relevant, non-privileged documents as they become discoverable.

10.      All documents which refer or relate to communications by a party or a party's agent to some person or entity other than his or her attorney regarding the subject matter of this cause.

**Response:**   In addition to the General Objections stated above, Neergheen objects to Request No. 10 as overly broad and unduly burdensome. Neergheen further objects to the request as in that it encompasses communications not relevant nor likely to lead to the discovery of admissible evidence and on the grounds that it seeks information that is protected by the attorney-client privilege, attorney work product doctrine and/or other applicable privileges and immunities.

11.   Any and all documents and correspondence which refer, reflect or relate to any of the allegations made in the cause which have not otherwise been requested herein.

**Response:**   In addition to the General Objections stated above, Neergheen objects to Request No. 11 as overly broad and unduly burdensome. Neergheen further objects to the request as in that it encompasses communications not relevant nor likely to lead to the discovery of admissible evidence and on the grounds that it seeks information that is protected by the attorney-client privilege, attorney work product doctrine and/or other applicable privileges and immunities. Subject to and without waiving his general and specific objections, Neergheen states that discovery is ongoing and he will produce any such responsive, relevant, non-privileged documents as they become discoverable.

12.   All proposals Datamonitor made to you in order to recruit you to work as an employee for Datamonitor.

**Response:**   In addition to the General Objections stated above, Neergheen objects to Request No. 12 as overly broad and unduly burdensome. Neergheen further objects to the request as in that it encompasses communications not relevant nor likely to lead to the discovery

of admissible evidence and on the grounds that it seeks information that is protected by the attorney-client privilege, attorney work product doctrine and/or other applicable privileges and immunities. Subject to and without waiving his general and specific objections, Neergheen states that responsive documents exist.


13.    All documents that refer, reflect or relate to your current and expected job duties and responsibilities at Datamonitor.

**Response:**    In addition to the General Objections stated above, Neergheen objects to Request No. 13 as overly broad and unduly burdensome, particularly as to the term "expected." Neergheen further objects to the request as in that it encompasses communications not relevant nor likely to lead to the discovery of admissible evidence and on the grounds that it seeks information that is protected by the attorney-client privilege, attorney work product doctrine and/or other applicable privileges and immunities. Subject to and without waiving his general or specific objections, Neergheen states that he will produce all responsive, non-privileged documents, if any.


14.    Any and all documents that refer, reflect or relate to how Datamonitor came to know you.

**Response:**    In addition to the General Objections stated above, Neergheen objects to Request No. 14 as overly broad and unduly burdensome, particularly as to the term "came to know you." Neergheen further objects to the request as in that it encompasses communications not relevant nor likely to lead to the discovery of admissible evidence and on the grounds that it seeks information that is protected by the attorney-client privilege, attorney work product

doctrine and/or other applicable privileges and immunities. Subject to and without waiving his general or specific objections, Neergheen states that he will produce all responsive, non-privileged documents, if any.

15.     A copy of the employment agreement entered into between you and Datamonitor, including copies of any other agreements entered into between you and Datamonitor.

**Response:**     In addition to the General Objections stated above, Neergheen objects to Request No. 15 as overly broad and unduly burdensome. Neergheen further objects to the request as in that it encompasses communications not relevant nor likely to lead to the discovery of admissible evidence and on the grounds that it seeks information that is protected by the attorney-client privilege, attorney work product doctrine and/or other applicable privileges and immunities. Subject to and without waiving his general or specific objections, Neergheen states that he will produce all responsive, non-privileged documents, if any.

16.     All documents relating to Mintel's Trade Secrets and/or Confidential Information you have acquired.

**Response:**     In addition to the General Objections stated above, Neergheen objects to Request No. 16 as overly broad, vague and ambiguous. Neergheen further objects to the request as calling for a legal conclusion.

17.     Every Trade Secret and/or Confidential Information you misappropriated from Mintel and/or failed to return to Mintel upon your departure from Mintel's employ.

**Response:**     In addition to the General Objections stated above, Neergheen objects to Request No. 17 as overly broad, vague and ambiguous.  Neergheen further objects to the request as calling for a legal conclusion.

18.     All communications to any third parties in which you discuss, disclose and/or present any of Mintel's Trade Secrets and/or Confidential Information.

**Response:**     In addition to the General Objections stated above, Neergheen objects to Request No. 18 as overly broad, vague and ambiguous.  Neergheen further objects to the request as calling for a legal conclusion.

19.     All documents relating to the transmittal to any third parties of any of Mintel's Trade Secrets and/or Confidential Information.

**Response:**     In addition to the General Objections stated above, Neergheen objects to Request No. 17 as overly broad, vague and ambiguous.  Neergheen further objects to the request as calling for a legal conclusion.

20.     Copies of all documents and electronically stored information taken by you from Mintel at any time prior to or after your resignation, including but not limited to copies of all e-mails, databases, electronic data and electronic files.

**Response:**     In addition to the General Objections stated above, Neergheen objects to Request No. 20 as overly broad and unduly burdensome.  Neergheen further objects to the request as in that it encompasses communications not relevant nor likely to lead to the discovery of admissible evidence and on the grounds that it seeks information that is protected by the

attorney-client privilege, attorney work product doctrine and/or other applicable privileges and immunities.

21.     Produce copies of all computer disks, flash drives and storage media in your possession that contain electronic information copied, downloaded or taken from any desktop and/or laptop computer of Mintel.

**Response:**     In addition to the General Objections stated above, Neergheen objects to Request No. 21 as overly broad and unduly burdensome. Neergheen further objects to the request as in that it encompasses communications not relevant nor likely to lead to the discovery of admissible evidence and on the grounds that it seeks information that is protected by the attorney-client privilege, attorney work product doctrine and/or other applicable privileges and immunities.

22.     All financial records and tax documents, including but not limited to federal and state tax returns, schedules, K-1s, 1099s and W-2s, for you from 2003 to the present.

**Response:**     In addition to the General Objections stated above, Neergheen objects to Request No. 22 as overly broad and unduly burdensome. Neergheen further objects to the request as in that it encompasses communications not relevant nor likely to lead to the discovery of admissible evidence and on the grounds that it seeks information that is protected by the attorney-client privilege, attorney work product doctrine and/or other applicable privileges and immunities.

23.    All documents which refer to, relate to or constitute your authorization to work for Datamonitor in the United States of America, including any applicable work VISA.

**Response:**    In addition to the General Objections stated above, Neergheen objects to Request No. 10 as overly broad and unduly burdensome.  Neergheen further objects to the request as in that it encompasses communications not relevant nor likely to lead to the discovery of admissible evidence and on the grounds that it seeks information that is protected by the attorney-client privilege, attorney work product doctrine and/or other applicable privileges and immunities.

Respectfully submitted,

MEESHAM NEERGHEEN, an individual,

By: _____
One of Its Attorneys

Jeana R. Lervick
Bell, Boyd & Lloyd LLP
Three First National Plaza
70 West Madison Street
Suite 3100
Chicago, Illinois  60602
312.807.4339
312.8271266 (facsimile)
Attorney No. 90100

986413/D/1                                   13

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a true and correct copy of **Defendant's**

**Response to First Set Requests for Production** have been served this 24th day of July, 2008

via messenger to:

> Joseph Marconi
> Victor Pioli
> Katherine J. Pronk
> JOHNSON & BELL, LTD.
> 33 West Monroe Street
> Suite 2700
> Chicago, Illinois 60603

> Jeana R. Lervick
> BELL, BOYD & LLOYD LLP
> 70 West Madison Street
> Suite 3100
> Chicago, IL 60602
> (312) 373-1121

**Katherine J. Pronk**

---

| | |
|---|---|
| **From:** | Katherine J. Pronk |
| **Sent:** | Monday, July 21, 2008 12:24 PM |
| **To:** | 'Lervick, Jeana R.' |
| **Subject:** | Subpoena |

**Attachments:**     Subpoena - Jeff Howard.pdf

Jeana:

Attached, please find a copy of Jeff Howard's Subpoena.  Please let me know if you have any problems opening or viewing the attachment.  Thank you for allowing us to informally subpoena Mr. Howard.  We appreciate your courtesy.

Please contact me at your convenience to discuss Mr. Neergheen's hard drive.  We were hoping to pick up Mr. Neergheen's computer today.

Thanks so much.

Katy

Katherine J. Pronk
Johnson & Bell, Ltd
33 W. Monroe St.
Suite 2700
Chicago, IL  60603
dir 312.984.0287
fax 312.372.9818
www.johnsonandbell.com



Subpoena - Jeff
Howard.pdf (13...

EXHIBIT

3

# Katherine J. Pronk

**From:** Lervick, Jeana R. [jlervick@bellboyd.com]
**Sent:** Monday, July 21, 2008 12:44 PM
**To:** Katherine J. Pronk
**Subject:** RE: Subpoena

Thanks, Katy. I am still trying to double-check the phone number, but will let you know as soon as I can confirm.
Best,
Jeana

**Jeana R. Lervick | Bell, Boyd & Lloyd LLP**
70 W. Madison St., Ste. 3100 | Chicago, IL 60602-4207
t. 312-807-4339 | f. 312-827-1266
jlervick@bellboyd.com | www.bellboyd.com

---

The information contained in this e-mail message may be privileged, confidential, and protected from disclosure. If you are not the intended recipient, any further disclosure or use, dissemination, distribution, or copying of this message or any attachment is strictly prohibited. If you think that you have received this e-mail message in error, please delete it and notify Jeana R. Lervick (jlervick@bellboyd.com). If this message contains advice with respect to a Federal tax matter, in accordance with the Treasury Department's Circular 230 such advice is not intended or written to be used, and cannot be used, for the purpose of avoiding any Federal tax penalties.

-----Original Message-----
**From:** Katherine J. Pronk [mailto:pronkk@jbltd.com]
**Sent:** Monday, July 21, 2008 12:24 PM
**To:** Lervick, Jeana R.
**Subject:** Subpoena

Jeana:

Attached, please find a copy of Jeff Howard's Subpoena. Please let me know if you have any problems opening or viewing the attachment. Thank you for allowing us to informally subpoena Mr. Howard. We appreciate your courtesy.

Please contact me at your convenience to discuss Mr. Neergheen's hard drive. We were hoping to pick up Mr. Neergheen's computer today.

Thanks so much.

Katy

Katherine J. Pronk
Johnson & Bell, Ltd
33 W. Monroe St.
Suite 2700
Chicago, IL 60603
dir 312.984.0287
fax 312.372.9818

9/2/2008

www.johnsonandbell.com
<<Subpoena - Jeff Howard.pdf>>

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

All contents of this e-mail and any attachment are private &
confidential.  If received or viewed by anyone other than the
intended recipient, neither this e-mail nor any attachments, or
anything derived from these, may be used or passed on for any
purpose whatsoever, and all materials must be destroyed and the
sender notified immediately.

## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| MINTEL INTERNATIONAL GROUP, LTD., a United Kingdom corporation, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: 08CV3939 |
| v. | ) ) | Judge Robert Dow, Jr. |
| MEESHAM NEERGHEEN, an individual, | ) ) | |
| Defendant. | ) ) | |

## AGREED ORDER

This cause having been heard before the Court during the hearing taking place Thursday July 24, 2008, the parties seeking clarification of the terms of the temporary restraining order entered by the Court on July 16, 2008, IT IS HEREBY ORDERED:

1.  Per agreement of the parties, the temporary restraining order entered by the Court on July 16, 2008 is hereby extended until the date the Court renders a ruling following the preliminary injunction hearing.

2.  The preliminary injunction hearing currently scheduled for August 4, 2008 is hereby continued until September 4, 2008 at 1:30 p.m. Accordingly, Plaintiff's supplemental brief and Defendant's initial brief are extended to be due on August 21, 2008. Both parties' reply briefs are extended to be due on August 28, 2008.

3.  Defendant shall provide to Plaintiff's expert on or before July 25, 2008 a forensic copy of Defendant's hard drive(s). Defendant's expert shall certify that the forensic copy given is an exact copy of Defendant's hard drive(s) and shall provide a copy of the intake documentation including the hash verification.

4.  Plaintiff's expert may conduct an inspection of the forensic copy, which may include the performance of any and all searches desired by the Plaintiff. Plaintiff's expert shall not provide or reveal to Plaintiff or Plaintiff's counsel any content of defendant generated documents obtained from the inspection of Defendant's hard drive. This shall not preclude Plaintiff's expert from discussing anything not directly related to the content of the defendant

1

EXHIBIT
tabbies
4

generated documents. The Plaintiff's expert will release to both parties simultaneously a round one activity listing report that details the universe of file and folder names on the computer as well as other system activity events, subject to the requirements of Paragraph 7. This round one listing shall not include any contents of defendant generated documents that are subject to the agreed privilege review protocol. Plaintiff's expert may retain a copy of the forensic image and the results of the inspection until such time that the Court may order them produced (in whole or in part) or destroyed.

5.     On a rolling basis as discovered, Plaintiff's expert shall provide to Defendant's counsel all defendant generated documents responsive to any searches performed. Plaintiff's expert will create an index listing of any items produced and will release such index to both parties simultaneously, subject to the requirements of Paragraph 7. All defendant generated documents will be produced only to Defendant's counsel. Defendant's counsel will then have the opportunity to review the results and, thereafter, shall produce the results to Plaintiff, to the extent they are not privileged or subject to objection. Within three (3) business days of receiving the documents, Defendant will produce a privilege log and all non-privileged documents.

6.     Defendant shall take no action to delete, modify, scrub or otherwise alter or diminish any data related to or contained on the hard drive(s), including metadata.

7.     Any index described above will not reveal the subject line of e-mails and will not reveal the preview field or any other information that reveals the content of the documents.

Dated:  July 25, 2008

_____
Hon. Robert M. Dow