IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MINTEL INTERNATIONAL GROUP, ) | | |
| LTD., a United Kingdom corporation, ) | | |
| ) | | |
| Plaintiff, ) | Civil Action No. 08-cv-3939 | |
| ) | | |
| v. ) | The Hon. Robert M. Dow, Jr. | |
| ) | | |
| MEESHAM NEERGHEEN, an individual, ) | | |
| ) | | |
| ) | | |
| Defendants. ) | | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO "EMERGENCY OBJECTIONS TO MAGISTRATE JUDGE VALDEZ'S ORDER GRANTING DEFENDANT'S MOTION TO COMPEL AND DENYING PLAINTIFF'S REQUEST FOR A PROTECTIVE ORDER"**

Defendant, Meesham Neergheen ("Defendant"), by his attorneys, respectfully submits this Response in Opposition to the "Emergency Objections to Magistrate Judge Valdez's Order Granting Defendant's Motion to Compel and Denying Plaintiff's Request for a Protective Order" ("Objections") filed by Plaintiff, Mintel International Group, Ltd. ("Plaintiff").

1. Plaintiff's Objections should be denied because Plaintiff has not demonstrated that Magistrate Judge Valdez's Order, dated August 28, 2008, is "clearly erroneous or contrary to law." Pursuant to 28 U.S.C. § 636(b)(1), the Court "may reconsider any pretrial matter … where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.*

2. It is well settled that the decision of where a deposition should occur is in the discretion of the court. A copy of the Order, dated August 28, 2008, is attached hereto as Exhibit A (*citing* 8A C. Wright & A. Miller, Federal Practice and Procedure, §2112 at 72-73 (1994)).

Plaintiff does not contest that the Court has discretion to determine where a deposition should occur, nor does Plaintiff claim that the Court abused that discretion. Objection (*in seriatim*)

3. On August 28, 2008, Magistrate Judge Valdez entered an Order granting Mr. Neergheen's Motion to Compel the in-person depositions of three (3) witnesses that Plaintiff identified in its Answers to Interrogatories as persons with knowledge of the facts in this lawsuit, *i.e.* Mr. Charlton, Mr. Weeks, and Ms. Popp. A copy of the Order, dated August 28, 2008, is attached hereto as Exhibit A (*citing* Mintel's Answers to First Set of Interrogatories at No. 14, Ex. AA, Doc. No. 47-2).

4. Despite Plaintiff's identification of Mr. Weeks as someone with knowledge of the facts in this lawsuit, Plaintiff – when faced with being deposed – is attempting to reverse course by arguing that he now "has no personal knowledge of the facts in this case." Objections at ¶5. This attempt to "unidentify" himself as a person with knowledge is both disingenuous and belied by the deposition testimony of other personnel at Mintel.

5. On September 2, 2008, Plaintiff filed a "Supplemental Memorandum of Law in Support of Preliminary Injunction." [Doc. 71] In support of its Supplemental Memorandum, Plaintiff attached the Affidavit of Ms. Popp. [Doc. 71 at Ex. 2] In her Affidavit, Ms. Popp represents that she was Mr. Neergheen's "direct supervisor from October 2007 until his resignation on April 30, 2008," makes statements about Mr. Neergheen's "main job responsibilities for [Plaintiff]," and explains it was her decision to restructure the marketing department, thereby eliminating Mr. Neergheen's position. *Id.* Ms. Popp was the author and recipient of many of the correspondence relating to the aforementioned topics and produced by Plaintiff in this matter.

457132/E/1

6. Likewise, Mr. Charlton was the author and recipient of many of the correspondence relating to the aforementioned topics and produced by Plaintiff in this matter, and had direct and repeated communications with Mr. Neergheen regarding the elimination of Mr. Neergheen's position at Plaintiff and employment opportunities subsequent to the elimination of that position.

7. Plaintiff argues that Magistrate Judge Valdez's finding that a telephonic deposition would be insufficient under the present circumstances is "directly contrary to existing authority." Objections at ¶8. In support of its contention that the Court abused its discretion or other, Plaintiff relies exclusively upon an district court case from the Western District of Michigan, *Rehau v. Colortech, Inc.*, 145 F.R.D. 445, 445 (W.D. Mich. 1993). Tellingly, Plaintiff cites no authority from the Northern District of Illinois applying *Rehau*.

8. Courts for the Northern District of Illinois, however, have applied the standard set forth in *Clem v. Allied Van Lines Int'l Corp.*, 102 F.R.D. 938, 939-40 (S.D.N.Y. 1984). *See Orrison v. Balcor Company*, 132 F.R.D. 202, 203 (N.D. Ill. 1990)(denying the plaintiff's motion for a protective order to either prevent the plaintiffs' deposition in Chicago or require the defendant to pay the costs of such depositions); *see also MCI WorldCom Network Services, Inc. v. Atlas Excavating*, No. 02 C 4394, 2004 WL 755786, *2 (N.D. Ill. Feb. 23, 2004)(granting the defendant's motion to compel deposition of the plaintiff's Rule 30(b)(6) witness in Chicago)

9. In *Orrison*, the court denied the plaintiff's motion for a protective order to either prevent deposition of the plaintiff in Chicago or, in the alternative, require the defendant to pay the costs of such deposition. *Id.* Citing *Clem*, the court explained as follows:

> Having voluntarily selected the Northern District of Illinois as the forum in which to pursue their cause of action, plaintiffs are in no position to complain of the costs of discovery. In the absence of compelling circumstances or extreme hardship, a plaintiff should

> appear for a deposition in the forum of his choice – even if he is a nonresident.

*Id.* Indeed, the case for requiring Plaintiff to present these individuals for depositions in the Northern District of Illinois is even more compelling in this case than in *Orrison*. In *Orrison*, the plaintiffs being compelled to appear for deposition in the Northern District of Illinois were individuals, not frequent-fliers in a multi-national corporation. Indeed, as Magistrate Judge Valdez noted, "the deponents are well acquainted with international travel and have not specifically articulated undue burden." Ex. A at 4. Indeed, "there is nothing in Plaintiff's motion to indicate that the cost of the deposition cannot be afforded or that there is any physical impediments to travel." *Id.* at 3.

10. Plaintiff's reliance upon 28 U.S.C. §1821 is misplaced. Plaintiff has waived any argument for costs pursuant to that statute because it did not raise that argument before Magistrate Judge Valdez. "Theories raised for the first time in objections to the magistrate judge's report are deemed waived." *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001); *see also Lang v. Shalala*, No. 94 C 50154, 1995 WL 444408, *2 (July 21, 1995 N.D Ill.) (affirming magistrate judge's recommendation and, with respect to an issue that was raised for the first time in an objection to the recommendation, holding that "[a]s the argument was not raised to the magistrate judge, it would hardly make sense to find error in the resulting report and recommendation…")

11. Moreover, 28 U.S.C. § 1821 applies to the recovery of taxable costs against a losing party under Rule 54(d) of the Federal Rules of Civil Procedure. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987); 10 C. Wright & A. Miller, Federal Practice and

Procedure, §2678 at 376 (1994)). Plaintiff cites no authority for applying 28 U.S.C. § 1821 outside of that context. Objections (*in seriatim*).[1]

12. Moreover, having chosen this forum, Plaintiff – not Mr. Neergheen - should bear the costs because Plaintiff is "in no position to complain of the costs of discovery." *Id.* Tellingly, Plaintiff has not cited any authority in which a Court has ordered the defendant to pay for the plaintiff's costs incurred in sitting for a deposition.[2]

13. Accordingly, Magistrate Judge Valdez's decision to require Plaintiff to present Mr. Weeks, Mr. Charlton, and Ms. Popp in the Northern District of Illinois is not "clearly erroneous or contrary to law," but consistent with the precedent of this Northern District of Illinois and within the Court's discretion.

---

[1] Moreover, even if Plaintiff ultimately prevails in this litigation and pursues costs relating to these depositions, such request should be denied because "[i]n interpreting Section 1821, courts consistently have held that parties are not entitled to witness fees for their own appearances in court." *WH Smith Hotel Services, Inc. v. Wendy's International, Inc.*, 25 F.3d 422 (7th Cir. 1994)

[2] In addition to these reasons, the Court should deny Plaintiff's request for travel expenses associated with the deposition of Mr. Thomson and Mr. Carr because that issue was not raised before Magistrate Judge Valdez and, accordingly, is not properly before this Court on Objections to the Order, dated August 28, 2008.

WHEREFORE, for the foregoing reasons and those set forth in Defendant's Motion to Compel Party Witness for In-Person Depositions [Doc. 38], Defendant's Supplement in Support of His Motion to Compel Party Witness for In-Person Depositions [Doc. 47], and the Court's Order, dated August 28, 2008 [Doc. 57], Defendant, Meesham Neergheen, respectfully requests that the Court enter an Order denying Plaintiff, Mintel International Group, Ltd.'s "Emergency Objections to Magistrate Judge Valdez's Order Granting Defendant's Motion to Compel and Denying Plaintiff's Request for a Protective Order," and entering such other relief as the Court deems appropriate.

Dated: September 2, 2008                    Respectfully submitted,

                                            MEESHAM NEERGHEEN

                                            By  /s/ Joel C. Griswold
John T. Roache                                  One of His Attorneys
Jeana R. Lervick
Joel C. Griswold
BELL, BOYD & LLOYD LLP
70 West Madison Street, Suite 3100
Chicago, Illinois  60602
(312) 372-1121

457132/E/1

## **CERTIFICATE OF SERVICE**

    The undersigned counsel hereby certifies that a true and correct copy of **Defendant's Response in Opposition to the "Emergency Objections to Magistrate Judge Valdez's Order Granting Defendant's Motion to Compel and Denying Plaintiff's Request for a Protective Order,"** and has been served this 2nd day of September, 2008 via ECF filing to:

> Joseph Marconi
> Victor Pioli
> Katherine J. Pronk
> JOHNSON & BELL, LTD.
> 33 West Monroe Street, Suite 2700
> Chicago, Illinois 60603

                                             */s/* Joel C. Griswold

# EXHIBIT A

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | Maria Valdez |
|---|---|---|---|
| CASE NUMBER | 08 C 3939 | DATE | 8/28/2008 |
| CASE TITLE | Mintel International Group, LTD vs. Neergheen | | |

### DOCKET ENTRY TEXT

Defendant's Motion to Compel Party Witness for In-Person Depositions [38] is GRANTED and Plaintiff's Request for a Protective Order [42] is DENIED.

■ [ For further details see text below.]

Docketing to mail notices.
*Copy to judge/magistrate judge.

### STATEMENT

This matter is before the Court on Defendant's Motion to Compel Party Witness for In-Person Depositions [Doc. No. 38] and Plaintiff's related Request for a Protective Order [Doc. No. 42].

Defendant moves to compel the deposition of three individuals, Mr. Charlton, Mr. Weeks and Ms. Popp, who are employed by the Plaintiff in London. Mr. Weeks is the Chairman for Mintel, Mr. Charlton is Global Executive for Mintel and Ms. Popp is Global Marketing Director for Mintel. (Mintel's Answers to First Set of Interrog. No. 14, Ex. AA to Doc. No. 47). Defendants agree that Mr. Weeks is a corporate officer but deny that Mr. Charlton and Ms. Popp are corporate managers or officers. Defendant wishes to take the depositions of the three individuals in Chicago. Plaintiff objects and has filed a related motion seeking a protective order "requiring the deposition of Sabine Popp, Steve Charlton and John Weeks to be taken by telephone." (Pltf's Resp. and Mot. at 11).

The depositions of Mr. Weeks, Mr. Charlton and Ms. Popp are requested under Rule 30(b)(1) of the Federal Rules of Civil Procedure. Defendant points out that Plaintiff has specifically identified all three as persons who may have knowledge of the facts in this lawsuit. (Mintel's Answers to First Set of Interrog. No. 14, Ex. AA, Doc. No. 47-2). And, according to the defendant, recent deposition testimony illuminated the role of Mr. Charlton and Ms. Popp in this litigation. Mr. Charlton oversees two Human Resource managers -- one of which is listed in email documents that defendant believes is central to the case. Mr. Charlton also lived in the United States until recently and held a position at Mintel in which he acted on behalf of the United States CEO of Mintel. Ms. Popp, according to the defendant, made the decision to restructure the company that lead to the termination of the defendant. Ms. Popp frequently travels to the United States.

As to the defendant's motion to compel, the party seeking relief has the burden of persuasion under Rule 26. *Trading Technologies Intern., Inc. v. eSpeed, Inc.*, 2005 WL 1300778, *1 (N.D.Ill. April 28, 2005). Plaintiff

## STATEMENT

has also filed a motion for a protective order and has the burden to show good cause for a protective order. *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir.1994).

There is no serious argument that the taking of the depositions of the three employees is relevant for purposes of discovery. Plaintiff generally contends that the deposition of Mr. Weeks, a corporate officer, should not be compelled because he is a person with no personal knowledge of the issues involved and whose deposition would be costly to Mintel. Plaintiff relies on *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681-82 (7th Cir.2002) for the proposition that a court need not compel deposition of a high-ranking executive in a multinational corporation where the cost and expense outweigh any potential benefit when the executive lacks personal knowledge of the case. But, *Patterson* is not exactly on point because in this case Plaintiff identified Mr. Weeks as a person who may have knowledge of the underlying claims.

Although Plaintiff initially argued that Mr. Charlton and Ms. Popp were not managers and should therefore be subpoenaed for deposition Plaintiff has now stated that they are not seeking to quash the two depositions. (Pltf's Supp. Br. at 2). Therefore, the remaining issue is whether the three employees should be required to submit to a deposition in the United States.

The decision of where a deposition should occur is in the discretion of the court. Rule 26(c)(2), Federal Rules of Civil Procedure; 8A C. Wright & A. Miller, Federal Practice and Procedure, § 2112 at 72-73 (1994). The general rule is that even a nonresident plaintiff must appear for deposition in the place they chose to file the lawsuit. *Orrison v. Balcor Co.*, 132 F.R.D. 202, 203 (N.D.Ill.1990). As a counterpoint to this general rule is the broad presumption that the depositions of a corporation through its agents should be taken at the corporation's principal place of business. *Magnus Electronics, Inc. v. Masco Corp. of Indiana*, 871 F.2d 626, 630 (7th Cir.1989); *Custom Form Mfg., Inc. v. Omron Corp.*, 196 F.R.D. 333, 336 (S.D.Ind.2000). This rule particularly applies when the corporation is a defendant because the courts acknowledge that the defendant did not chose the forum and should not be forced to expend time and resources to travel to the plaintiff's choice of forum. *Zuckert v. Berkliff Corp.*, 96 F.R.D. 161, 162 (N.D.Ill.1982). The rule, however, gives way depending on the facts of the case and even foreign corporate defendants have been compelled to submit to deposition in the United States. *Custom Form Mfg. v. Omron Corp.*, 196 F.R.D. 333, 336 (N.D.Ind. 2000) ("When a foreign corporation is doing business in the United States, is subject to the court's jurisdiction, and has freely taken advantage of our federal rules of discovery, exceptions to the general rule on the location of depositions are often made. Under such facts, the foreign corporation's agents are frequently compelled for deposition on American soil."). However, "'the presumption appears to be merely a decision rule that facilitates determination when other relevant factors do no favor one side over the other.'" *Id.* (citation omitted). And, "[c]orporate defendants are frequently deposed in places other than the location of their principal place of business, especially when the deposition site is the forum most convenient to all parties and that which best serves the general interests of judicial economy." *Id.* at 338. To complicate matters, we have a case where a counterclaim exists so that the Plaintiff is also a Defendant and the Defendant is also a Plaintiff. Although the Court does note that the Plaintiff Mintel filed the action and chose the forum for this lawsuit and resultant countersuit.

Given these rules and counter-presumptions, in exercising its discretion, this Court considers a number of factors. These include whether there is any hardship for the deponent to travel due to time, expense, and inconvenience, *Afram Export Corp. v. Metallurgiki Halyps, S.A.*, 772 F.2d 1358, 1365 (7th Cir.1985), the ability of the Court to intervene in the event a dispute arises, *Custom Form*, 196 F.R.D. at 336, the convenience of the parties, and whether the persons sought to be deposed engages in travel for business purposes. *Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 629 (C.D.Cal.2005).

## STATEMENT

Plaintiff argues that it should not incur the expense of bringing in three London-based employees. Defendant points out that all three are well-traveled and at least one was recently a resident of the United States. Certainly, the ability of the Court to intervene (not that it is anticipated that the Court will have to intervene) is best preserved with the deposition taking place in Chicago rather than in London (by telephone or otherwise). Further, Plaintiff does not detail how the deponents would be burdened, but the Court can reasonably presume that the deponents themselves will be inconvenienced by a transatlantic journey. Also, the convenience of the attorneys is best served by a Chicago locale instead of a London deposition since both sides have Chicago-based counsel. *Custom Form Mfg.*, 196 F.R.D. at 337 (citing *Kasper v. Cooper Canada Ltd.*, 120 F.R.D. 58 (N.D.Ill.1988) (The burden and expense to the deponents and travel expense of counsel are also legitimate considerations.).

To deal with the inconvenience, Plaintiff argues that telephonic depositions would be appropriate in light of the burden and expense of the three witnesses traveling to the United States. In support of this Plaintiff relies on the case of *Rehau v. Colortech, Inc.*, 145 F.R.D. 445, 445 (W.D. Mich. 1993). In *Rehau*, the court followed the reasoning of *Jahr v. IU Int'l Corp.*, 109 F.R.D. 429 (M.D.N.C.1986) in concluding that upon giving a legitimate reason for taking a deposition telephonically, the moving party need not further show an extraordinary need for the deposition. Rather, the burden is on the opposing party to establish why the deposition should not be conducted telephonically. *Rehau*, 145 F.R.D. at 446-47.

However, other courts have followed the holding in *Clem v. Allied Lines Int'l Corp.*, 102 F.R.D. 938 (S.D.N.Y.1984), which held that a plaintiff living abroad who seeks to have his deposition taken by telephone must demonstrate that holding his deposition in the forum jurisdiction would impose an extreme hardship on him. *Id.* at 940. The *Clem* case is based on the general presumption stated above that a plaintiff who chooses to bring suit in a particular forum should be prepared to be deposed in that forum.

To resolve this split it is important to look at the basis for the motion at issue. Plaintiff wants to proceed by telephonic deposition. Rule 30(b)(4) of the Federal Rules of Civil Procedure allows for the taking of a deposition by telephone upon agreement or by court order. The Rule is silent as to whether a burden is placed on the requesting party to show hardship. However, we do not have an agreement between the parties to take the depositions by telephone so the Plaintiff was required to seek a protective order to allow for telephonic depositions. In filing for a protective order the Plaintiff must meet that the "for good cause" standard established by Fed. R. Civ. P. 26(c). Here, Plaintiff has not shown that "good cause" exists in that conducting the three depositions in Chicago would subject the deponents to undue burden or expense. If the standard under Rule 26(c) was any undue burden than it would be a closer call. But the standard anticipates that litigation, and discovery in particular, by its very nature impose significant burdens and expenses on the litigants. Mintel must show an "undue burden" beyond what is normally anticipated. There is nothing in Plaintiff's motion to indicate that the cost of the deposition cannot be afforded or that there is any physical impediments to travel. Instead, Mintel argues that the telephonic alternative to the in-person deposition is available.

A telephonic deposition would be a cost saver in nearly every case. But, they are not the norm, they are the exception. This is so because counsel, for example, could be disadvantaged in a telephonic deposition without the opportunity "to see the witness and to evaluate the witness' demeanor, facial reactions and expressions." *Arrocha v. McAuliffe*, 109 F.R.D. 397, 402 (D.D.C.1986) (holding in a Title VII employment discrimination case that the disparity and ability of counsel to examine and evaluate witnesses which would result if depositions occurred in the foreign country, precluding plaintiffs' counsel from attending in person and requiring him to participate by telephone, could not be approved).

| STATEMENT |
|---|

The court finds that the balance of the interests discussed above favors in-person depositions in Chicago. The deponents are well acquainted with international travel and have not specifically articulated undue burden. The Court is mindful that the Plaintiff's suggestion would offer some cost relief to the parties and as such is always an important consideration. However, because the Plaintiffs have identified the three deponents as individuals who may have some unique knowledge of the underlying claims, Defendant's demand to take their depositions are not redundant or pure fishing expeditions. A telephonic deposition would not provide an adequate setting to question individuals who have specific knowledge of the allegations.

For the foregoing reasons, Defendant's Motion to Compel Party Witness for In-Person Depositions [Doc. No. 38] is GRANTED and Plaintiff's Request for a Protective Order [Doc. No. 42] is DENIED.