**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MINTEL INTERNATIONAL GROUP, LTD., a United Kingdom corporation, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 08 c 3939 |
| v. | ) ) | Judge Robert M. Dow, Jr. |
| | ) | Magistrate Judge Maria Valdez |
| MEESHAM NEERGHEEN, an individual, | ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I.  Introduction**

On August 28, 2008, Magistrate Judge Valdez entered an order [57] granting Defendant's motion to compel party witnesses for in-person depositions [38] and denying Plaintiff's request for a protective order [42]. Prior to issuing that order, Magistrate Judge Valdez took extensive briefing [40, 42, 46, 47] and held a hearing [44] on the motions. Before the Court are Plaintiff's emergency objections to the August 28, 2008 order [67] and Defendant's response [74]. For the reasons stated below, the Court overrules Plaintiff's objections and affirms Magistrate Judge Valdez's order.

**II.  Analysis**

As both parties have recognized, where, as here, a district court considers objections to a magistrate judge's rulings on nondispositive matters, the magistrate judge's disposition will be set aside only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); see also *Hall v. Norfolk Southern Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006); *Bobkoski v. Board of Educ. of Cary Consol. School Dist.*, 141 F.R.D. 88, 90 (N.D. Ill. 1992). Under the clear error standard of review, "the district court can overturn the magistrate judge's ruling only if the district court is

left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Industries Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

In the motions that are the subject of Plaintiff's objections, Defendant moved to compel the deposition of three individuals who are employed by Plaintiff in London, and Plaintiff countered by seeking a protective order requiring the depositions of those individuals to be taken by telephone. In its answers to Defendant's first set of interrogatories, Plaintiff identified all three individuals as persons who may have knowledge of the facts in this lawsuit. Order at 1. Magistrate Judge Valdez inquired further into the positions of these individuals in the company and their involvement in the circumstances giving rise to this litigation and concluded that "[t]here is no serious argument that the taking of the depositions of the three employees is relevant for purposes of discovery." *Id*. at 2. Having reviewed the contentions of the parties in the briefing on Plaintiff's objections, this Court sees no error, much less clear error, in Magistrate Judge Valdez's conclusion concerning the relevance of the witnesses' testimony. This Court thus agrees that the principal issue is whether the depositions must take place in-person in the United States (as Defendant contends and Magistrate Judge Valdez ruled) or may instead be conducted by telephone from London (as Plaintiff contends).

As Plaintiff acknowledged in its brief in response to the motion to compel and in support of its request for a protective order [42, at 10] courts have "great discretion in designating the location of taking a deposition." *Thompson v. Sun Oil Co.*, 523 F.2d 647, 648 (8th Cir. 1975). Magistrate Judge Valdez correctly noted that telephonic depositions are "a cost saver in nearly every case" (Order at 3), and the parties certainly could have agreed to conduct the depositions in question over the telephone. But they did not, and thus the matter was brought before the Court. In a four-page, single-spaced ruling, Magistrate Judge Valdez carefully considered the arguments

of the parties, the circumstances of the case, and the pertinent case law before ruling that the "balance of the interests * * * favors in-person depositions" of the three individuals in Chicago. *Id*. at 4.

Plaintiff argues that Magistrate Judge Valdez committed legal error in holding that in order to warrant a protective order Plaintiff "must show an 'undue burden' *beyond what is normally anticipated*." Obj. at 2 (emphasis in original). According to Plaintiff, that standard "is contrary to the plain language of Rule 26(c), which states that a court 'may, for good cause, issue an order to protect a party or person from * * * undue burden or expense.'" *Id*. at 3. Plaintiff's argument is not compelling. The plain language of the statute permits relief from an "undue" burden upon a showing by the moving party of "good cause." In describing that burden as "beyond what is normally anticipated" (Order at 3), Magistrate Judge Valdez chose a sensible elaboration on the concept of "undue." And in finding that Plaintiff could not meet that standard, Magistrate Judge Valdez noted, among other things, that Plaintiff had not made a showing "that the cost of the deposition cannot be afforded or that there is any physical impediments to travel." *Id*. She further observed that the deponents "are well acquainted with international travel." *Id*. at 4. There is neither legal error nor abuse of discretion in any of those findings or in Magistrate Judge Valdez's reading of Rule 26(c).

Plaintiff also contends that Magistrate Judge Valdez's ruling that "a telephonic deposition would not provide an adequate setting to question individuals who have specific knowledge of the allegations" is "directly contrary to existing authority." Obj. at 3. In support of that position, Plaintiff relies on *Rehau, Inc. v. Colortech, Inc.*, 145 F.R.D. 444, 447 (W.D. Mich. 1993), in which the district court overturned a magistrate judge's ruling that would have required in-person depositions of two corporate officers located in Europe. Magistrate Judge Valdez

expressly considered *Rehau* and correctly noted that the court in that case imposed a burden on the opposing party to establish why a deposition should not be conducted telephonically. See Order at 3. At the same time, Magistrate Judge Valdez also considered a contrary line of cases that stand for the proposition that a plaintiff who chooses to bring suit in a particular forum should be prepared to be deposed in that forum. See *id*. (citing *Clem v. Allied Lines Int'l Corp.*, 102 F.R.D. 938, 939-40 (S.D.N.Y. 1984)). Neither party has cited, nor has the Court's independent research located, any controlling authority in the Seventh Circuit on this issue – although the Court notes that the cases from this district that have been cited appear to follow the rule set forth in *Clem*. See *Orrison v. Balcor Co.*, 132 F.R.D. 202, 203 (N.D. Ill. 1990) (citing *Clem*); *MCI Worldcom Network Servs. v. Atlas Excavating, Inc.*, 2004 WL 755786, at *2 (N.D. Ill. Feb. 23, 2004) (citing *Orrison*). In resolving that split in authority, Magistrate Judge Valdez examined the specific circumstances of this case and found that, on balance, the relevant factors pointed in the direction of in-person depositions in Chicago. Order at 3-4. Again, that conclusion has ample support in the law, including in the case law of this district, and rests on a factual basis that in no way could be considered clearly erroneous.

Finally, Plaintiff invokes 28 U.S.C. § 1821, and requests that the Court require Defendant to pay the travel expenses associated with flying the three deponents – plus two other witnesses for Plaintiff who already have appeared for depositions – from London to Chicago. Obj. at 3-4. Because that argument was not raised before Magistrate Judge Valdez [see 42, 46], there is no basis for raising, much less sustaining, an objection on that basis. See *Lang v. Shalala*, 1995 WL 444408, at *2 (N.D. Ill. July 21, 1995) ("[a]s the argument was not raised to the magistrate judge, it would hardly make sense to find error in the resulting report and recommendation"). Moreover, it appears that Section 1821 – entitled "Per diem and mileage generally – subsistence"

– applies to the recovery of taxable costs against a losing party. Plaintiff has not cited any authority for invoking Section 1821 to impose costs at this stage of the litigation. That is not to say that Plaintiff may not have a basis for requesting some or all of the travel expenses as taxable costs to be imposed on Defendant if Plaintiff prevails on the merits of this litigation, a matter on which the Court expresses no opinion at this time. For present purposes, however, no issue under Section 1821 is properly before the Court.

In sum, the issue raised was a challenging one as to which reasonable minds could differ. But in the final analysis, the Court finds no legal error or abuse of discretion in Magistrate Judge Valdez's thorough and well-reasoned decision. Accordingly, Plaintiff's objections are overruled.

### III.　Conclusion

Plaintiff's emergency objection to Magistrate Judge Valdez's order granting Defendant's motion to compel and denying Plaintiff's request for a protective order [67] is overruled and Magistrate Judge Valdez's August 28, 2008 order [57] is affirmed.

Dated: September 3, 2008　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Robert M. Dow, Jr.
　　　　　　　　　　　　　　　　　　　　　United States District Judge