IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MINTEL INTERNATIONAL GROUP, LTD., a United Kingdom corporation, | ) ) ) |
| Plaintiff, | ) ) Case No.: 08 CV 3939 ) |
| v. | ) Judge Robert Dow, Jr. ) Magistrate Judge Maria Valdez |
| MEESHAM NEERGHEEN, an individual, | ) ) |
| Defendant. | ) ) |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR RULE TO SHOW CAUSE AND SANCTIONS

Plaintiff MINTEL INTERNATIONAL GROUP, LTD. ("Mintel") hereby submits its Response to Defendant's Motion for Rule to Show Cause and Sanctions, and in support thereof states as follows:

1.  On August 29, 2008, Defendant Meesham Neergheen ("Neergheen") filed a motion (Court Doc. 63) seeking sanctions for Mintel's alleged violation of this Court's discovery order of July 25, 2008 (Court Doc. 28) ("Order"). Specifically, Neergheen claims that Mintel's Motion to Compel (Court Doc. 53) and the Jones Affidavit attached thereto demonstrate "that Mr. Jones revealed the content of defendant generated documents obtained from the inspection of Defendant's hard drive" in violation of the Order.

2.  Neergheen is wrong. There has been no violation of the letter or the spirit of the Order. First, the information contained in the Jones Affidavit does not disclose the content of any document or any other information protected by the Order. Second, the purpose of the Order was to prevent the disclosure of privileged communications, and no privileged communications have been disclosed to counsel. Accordingly, Neergheen's motion must be denied.

1

3. With regard to the first point, Neergheen suggests in his motion that the Court's Order constitutes a blanket prohibition on the sharing of *any* information between Jones and Mintel's counsel regarding Neergheen's computer hard drive. *See* Def.'s Mot. ¶ 3 (arguing that the term "documents" includes "computer data" under Fed. R. Civ. P. 34(a)(1)(A)); *id.* ¶ 7 ("By providing and/or revealing to Plaintiff and/or Plaintiff's counsel documents generated by Neergheen, Mr. Jones . . . violated the Court's Order."); *id.* ("All of this 'writing' and 'data' was generated by Neergheen and, accordingly, Mr. Jones was . . . required to provide such documents to [sic] 'only' to Neergheen's counsel for their review.").

4. Neergheen's argument is disingenuous. The Court's order protects the "*content* of defendant generated documents." Order ¶ 4 (emphasis added). Jones has not disclosed the content of any of the documents on Neergheen's hard drive. The Jones Affidavit is based almost entirely on information contained in the Round One Production Report.[1] Jones Aff. ¶ 3 & Tables 1-7. By definition, the Round One Production Report does not contain the content of any documents. Order ¶ 4 ("This round one listing *shall not include any content* of defendant generated documents") (emphasis added).[2]

5. The Order cannot possibly be read to prevent the disclosure of information contained in the Round One Production Report. Instead, to the contrary, the Order specifies that the round one report *must* be disclosed to both parties. Order ¶ 4 ("The Plaintiff's expert will release to both parties simultaneously a round one activity listing . . . .").

6. More fundamentally, the Jones Affidavit simply discloses the *fact* that documents or

---

[1] While the Jones Affidavit discusses additional information that is not in the Round One Production Report, the additional information is not from Neergheen's hard drive. *See, e.g.*, Jones Aff. ¶¶ 21-22 (explaining Jones's recreation of Neergheen's search queries on Jones's own computer).

[2] Neergheen appears to concede that the Round One Production Report itself does not contain any document content. If Neergheen felt that the round one report violated the Order by disclosing document content, he could have simply brought a motion for sanctions on that basis over a month ago when the Round One Production Report was provided by Jones. However, no such objection was made by Neergheen to the Round One Production Report.

2

files were deleted; it does not disclose the *content* of any such documents. The Order prohibits the disclosure of information contained in "defendant generated documents" such as letters or e-mails. Order ¶¶ 4-5. It does not prohibit the disclosure of non-content information. The hard drive itself is not a "document"; it is a tangible thing in which documents are stored. *See Sony BMG Music Entm't v. Arellanes*, 2006 U.S. Dist. LEXIS 78399, at *2 (E.D. Tex. 2006). It is analogous to a row of books on a shelf: one can see the titles but cannot see the content inside. Here, the Order prohibits the disclosure of the content of documents contained on the hard drive but does not prohibit the disclosure of the external non-content information.

7. Indeed, the fact the files on Neergheen's computer were deleted means that the content is irretrievably lost and undiscoverable—hence Mintel's motion for sanctions due to evidence spoliation (Court Doc. 61). Neergheen's position that the content of these documents has somehow been revealed makes absolutely no sense.

8. Because the Jones Affidavit and Mintel's related motion are based only on non-content information in the Round One Production Report that was disclosed to both parties pursuant to the Order, Jones, Mintel, and Mintel's attorneys cannot be charged with discussing or disclosing any protected information.

9. Second, the purpose of the Court's Order is to prevent the disclosure of documents containing privileged communications. The Court made this abundantly clear at the hearing on the matter:

> THE COURT: . . . [W]hat I had in mind was getting the experts together and creating or giving the defendants an opportunity to assert whatever privileges they have and to keep that information from getting into the plaintiff's hands because they're not supposed to have it, it's privileged. Any thing beyond that the plaintiffs get and as quickly as possible.

Hearing Tr. at 7-8 (Court Doc 63-3); *see also* Order ¶ 5 ("Defendant's counsel will then have an opportunity to review the results and, thereafter, shall produce the results to Plaintiff, to the extent

they are not privileged or subject to objection.").

10.　　The information at issue in the present motion has nothing to do with any privileged communications. Neergheen does not claim that any privileged information has been disclosed, or even that there was a risk of such disclosure.[3] Neergheen cannot make a claim that the information at issue is privileged because it does not pertain to Neergheen's confidential communications to counsel for the purpose of seeking legal advice. *See United States v. Lawless*, 709 F.2d 485, 487 (7th Cir. 1983). If Jones had disclosed e-mails or letters sent by Neergheen to his attorneys, privilege may have been an issue. But nothing of the sort is involved here. The Jones Affidavit and the corresponding motion simply disclose the remnants of Neergheen's computing activities to demonstrate how Neergheen systematically deleted core evidence in this case. Neergheen's deceptive activities are not privileged by any stretch of the imagination.

11.　　Because Mintel has not obtained any information that is protected by the Order, it has not violated any provisions thereof, and Neergheen's motion must be denied.

12.　　In addition, Neergheen's motion is a misguided and unsupported effort to block Mintel's access to the other storage and transfer devices that are the subject of Mintel's discovery motions (Court Docs. 53, 61). Neergheen has claimed that Mintel cannot be trusted with Neergheen's computing devices, but as explained herein, Mintel has not in any way violated the Court's Order or otherwise done anything wrong or improper. Neergheen is attempting to distract the Court from what appears to be his widespread and systematic efforts to spoil evidence, and Neergheen's attempt should be disregarded by the Court in its entirety.

---

[3] Neergheen does not even make the claim that the information is "subject to objection" such that its disclosure should be barred for a reason other than privilege. *See* Order ¶ 5.

4

WHEREFORE, Plaintiff Mintel International Group, Ltd. respectfully requests that this Court deny Defendant Meesham Neergheen's Motion for Rule to Show Cause and Sanctions (Court Doc. 63).

Respectfully submitted,

MINTEL INTERNATIONAL GROUP, LTD

/s/ Joseph R. Marconi
One of Its Attorneys

Joseph R. Marconi – ARDC #01760173
Victor Pioli – ARDC #6256527
Katherine J. Pronk
Johnson & Bell, Ltd.
33 W. Monroe St., Suite 2700
Chicago, IL  60603
312-372-0770
Doc. No.: 1928198

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she caused to be filed **Plaintiff's Response to Defendant's Motion for Rule to Show Cause and Sanctions** on September 3, 2008 using the CM/ECF System, which will send notification of such filing to the following:

> Joel C. Griswold
> Jeana R. Lervick
> John T. Roache
> BELL, BOYD & LLOYD LLP
> 70 West Madison Street, Suite 3100
> Chicago, IL  60602

/s/ Joseph R. Marconi

Joseph R. Marconi – ARDC #01760173
Victor Pioli – ARDC #6256527
Katherine J. Pronk
Johnson & Bell, Ltd.
33 W. Monroe St., Suite 2700
Chicago, IL  60603
312-372-0770