IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MINTEL INTERNATIONAL GROUP, ) <br> LTD., a United Kingdom corporation, ) <br> ) <br> Plaintiff/Counter-Defendant, ) <br> ) <br> v. ) <br> ) <br> MEESHAM NEERGHEEN, an individual, ) <br> ) <br> ) <br> Defendant/Counter-Plaintiff ) <br> _____) | | Civil Action No. 08-cv-3939 <br><br> Hon. Robert M. Dow, Jr. <br> Magistrate Judge Maria Valdez |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR
RULE TO SHOW CAUSE AND SANCTIONS**

Defendant, Meesham Neergheen ("Neergheen"), by his attorneys and pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure, respectfully submits this Reply in Support of his Motion for an Order for a Rule to Show Cause why Plaintiff, Mintel International Group, Ltd. ("Plaintiff"), and Scott Jones of Forensicon, Inc. ("Plaintiff's expert") should not be held in contempt for violating the Court's Order, dated July 25, 2008, and for the entry of sanctions.

1. In its Response, Plaintiff contends that neither Plaintiff's expert nor Plaintiff violated the Court's Order, dated July 25, 2008, because: (1) Plaintiff's expert, Plaintiff, and Plaintiff's counsel determined that Mr. Neergheen's attorney-client privilege and other applicable privileges did not apply, Resp. at ¶¶9-11, and (2) "the Jones Affidavit does not disclose the content of any document or any other information protected by the Order," Resp. at ¶¶2-8. Both arguments only confirm that Plaintiff's expert violated the Order.

457218/E/1

A. **The Purpose Of The Order Was To Provide Mr. Neergheen With An Opportunity To Assess And Assert His Privileges.**

2. Plaintiff contends that, even if content was revealed, neither Plaintiff's expert nor Plaintiff have violated the Order because, in **Plaintiff's** assessment, "[t]he information at issue in the present motion has nothing to do with any privileged communication." Resp. at ¶10. The attorney-client privilege, however, "belongs to the client and can only be asserted by him or on his behalf." *Omega Electronics, S.A. v. Stewart-Warner Corp.*, No. 86 8186, No. 86 C 8186, *1 (N.D. Ill. Dec. 2, 1988). "[T]he attorney-client privilege … may be raised by client or attorney on client's behalf…" *Id.* at *2. Indeed, the purpose behind the Order was to ensure that Mr. Neergheen and Mr. Neergheen's counsel had the opportunity to determine whether any documents were protected under the attorney-client privilege and assert that privilege if applicable. As the Court explained,

> What matters, at least as I'm conceiving this, is you, the defendants, have an opportunity to look at every document before it's turned over to decide whether you've got a basis for privilege.

Mot. at Ex. B, 13-14. By disregarding the Court's Order and not providing Mr. Neergheen "an opportunity to look at every document before it's turned over," Plaintiff, Plaintiff's expert, and Plaintiff's counsel hijacked Mr. Neergheen's right to assess and assert his attorney-client privilege. Regardless of whether the documents revealed in Jones Affidavit fall within the attorney-client privilege, by revealing the contents of "Defendant generated documents," Plaintiff, Plaintiff's expert, and Plaintiff's counsel violated the Court's Order. Given this violation of the Court's Order, Mr. Neergheen has no way of knowing what other documents and information Plaintiff's expert has revealed to Plaintiff and/or Plaintiff's counsel. Indeed, the Court's Order was entered specifically to prevent this situation.

457218/E/1

3.      Moreover, such documents – search terms, text, and computer data – could also be protected from discovery under the work product doctrine. Indeed, "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or **for** another party **or its representative**." Fed. R. Civ. 26(b)(3)(A). The purpose of this is to "protect against the disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. 26(b)(3)(B). Indeed, "work product immunity is not limited to investigations conducted by the attorney or client, but also includes investigation **for the attorney** or client." *BancBoston Financial Co. v. Gould*, No. 97 C 5369, 1988 WL 76888, *3 (N.D. Ill. July 14, 1988). Plaintiff's expert, Plaintiff, and Plaintiff's attorney had no way of knowing whether Mr. Neergheen generated search terms, text, and other computer data for his attorneys "in anticipation of litigation or for trial." If search terms, for instance, were employed as part of an investigation at the behest of Mr. Neergheen's counsel, Plaintiff's expert's revelation of such documents certainly would disclose Mr. Neergheen's counsel's "mental impressions, conclusions, opinions, or legal theories." Mr. Neergheen and his counsel should have had the opportunity to assess and assert this privilege.

**B.    Plaintiff's Expert Revealed To Plaintiff And/Or Plaintiff's Counsel The Contents Of "Defendant Generated Documents."**

4.      In a breathtakingly circular argument, Plaintiff contends that Mr. Jones did not reveal the contents of defendant generated documents to Plaintiff because the Order prohibits Mr. Jones from revealing the contents of defendant generated documents to Plaintiff. Resp. at ¶4. Specifically, Plaintiff argues that the Jones Affidavit does not include the contents of defendant generated documents because it was based, in large part, on information contained in

457218/E/1

Mr. Jones' Round One Report, in which Jones was prohibited from disclosing the contents of defendant generated documents. *Id*.

5.  The Order, in pertinent part, provides that the Round One Report "shall not include any content of defendant generated documents" and "will not reveal the **subject line** of e-mails and will not reveal the **preview field** or **any other information that reveals the contents of the documents**." Mot. at Ex. A, ¶¶4, 7(emphasis added). As evident from the Jones Affidavit, Mr. Jones revealed to Plaintiff: "text that Neergheen typed into Microsoft's search bar while he visited Microsoft's support website," "queries that Neergheen entered" in Internet Explorer, "registry data," "Windows operating system artifacts," "Internet history data," and "file entries of various types." [Doc. 53 at Exhibit 1 ((Jones Affidavit), ¶¶20-22; *see also*, *e.g.*, ¶¶14 ("subset of the Item 004 All Files Present information"), 19 ("data within the original Item 004 Internet History"), 20 ("query text"), 27 ("Internet history data"), 37 ("Item 004 USBSTOR data"), 43 ("internet usage data"))]. As the Seventh Circuit has recognized, "computer data is included in Rule 34's description of documents." *Crown Life Insurance Co. v. Craig*, 995 F.2d 1376, 1383 (7th Cir. 1993)(entering sanctions against plaintiff for failing to produce computer data because such data was a "document"). Indeed, in its Response, Plaintiff does not contest that the search terms, text queries, and other computer data spelled out in the Jones Affidavit are "documents" that were generated by Neergheen. Resp. (*in seriatim*) Accordingly, to the extent that these were included in the Round One Report, Plaintiff's expert violated the Court's Order.

6.  Plaintiff contends that the Jones Affidavit "simply discloses the fact that documents or files were deleted; it does not disclose the content of such documents." Resp. at ¶6. Plaintiff's argument ignores the definition of "document" and disregards the unambiguous language and intent of the Order. The search terms, text queries, and other computer data that

457218/E/1

Mr. Neergheen generated are – in and of themselves – "documents" and Plaintiff's expert's revelation of the same are a revelation of the content of those documents. Fed. R. Civ. P. 34; *Crown Life Insurance Co.*, 995 F.2d at 1383. Plaintiff's expert's revelation of the same is a violation of the Court's Order.

WHEREFORE, Defendant, Meesham Neergheen, respectfully requests that the Court enter and Order:

(1) dismissing Plaintiff's Complaint with prejudice,

(2) awarding Neergheen reasonable costs and fees, and

(3) for such other and further relief as the Court deems appropriate.

<u>or, in the alternative,</u>

(1) precluding Plaintiff from introducing any evidence relating to the inspection of Defendant's hard drive, including, but not limited to precluding Plaintiff's expert's report and testimony;

(2) striking Plaintiff's Motion to Compel [Doc. 53] and Motion for Rule to Show Cause for Discovery Sanctions and for Sanctions Because of Evidence Spoliation [Doc. 61],

(3) awarding Neergheen reasonable costs and fees from Mr. Jones, Plaintiff, or Plaintiff's counsel incurred in relation to this Motion, and

(4) for such other and further relief as the Court deems appropriate.

Dated: September 4, 2008  Respectfully submitted,

                                        MEESHAM NEERGHEEN

                                        By  /s/ Joel C. Griswold

John T. Roache                            One of His Attorneys
Jeana R. Lervick
Joel C. Griswold
BELL, BOYD & LLOYD LLP
70 West Madison Street, Suite 3100
Chicago, Illinois  60602
(312) 372-1121

457218/E/1

## CERTIFICATE OF SERVICE

    The undersigned counsel hereby certifies that a true and correct copy of **DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR RULE TO SHOW CAUSE AND FOR SANCTIONS**, and accompanying documents, have been served this 4th day of September, 2008 via ECF filing to:

>Joseph Marconi
>Victor Pioli
>Katherine J. Pronk
>JOHNSON & BELL, LTD.
>33 West Monroe Street, Suite 2700
>Chicago, Illinois 60603

                                                  */s/* Joel C. Griswold