**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MINTEL INTERNATIONAL GROUP, LTD, a United Kingdom corporation, | ) ) ) | |
| Plaintiff/Counter-Defendant, | ) ) | |
| v. | ) ) | Case No.: 08 CV 3939 |
| MEESHAM NEERGHEN, an individual | ) ) ) | |
| Defendant/Counter-Plaintiff. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's Motion to Compel Datamonitor's Compliance with Subpoena and Rule 30(b)(6) [Doc. No. 133]. Plaintiff's Motion seeks to compel third-party Datamonitor to provide a forensic image of the computers used by Defendant; a forensic image of Defendant's electronic mail account; and sanctions for violation of a subpoena. For the reasons stated below, Plaintiff's Motion to Compel Datamonitor's Compliance with Subpoena and Rule 30(b)(6) [Doc. No. 133] is GRANTED in part and DENIED in part.

First, Plaintiff's motion to compel does not comply with the requirements of Rule 37(a)(1) of the Federal Rules of Civil Procedure and Local Rule 37.2. The former provides that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Local Rule 37.2 makes clear that the court *shall* refuse to hear discovery motions under Federal Rules 26-37:

> unless the motion includes a statement (1) that after consultation in person or by telephone and good faith attempts to resolve differences they are unable to reach an accord, or (2) counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel's. Where the consultation occurred, this

> statement shall recite, in addition, the date, time and place of such conference, and the names of all parties participating therein. Where counsel was unsuccessful in engaging in such consultation, the statement shall recite the efforts made by counsel to engage in consultation.

Courts have broad discretion to determine how and when to enforce local rules, *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 923 (7th Cir. 1994), and they have the inherent authority to decide when a departure from their Local Rules should be excused. *Somylo v. J. Lu-Rob Enterprises,* 932 F.2d 1043, 1048 (2nd Cir. 1991). Despite Plaintiff's failings this Court will exercise its discretion and consider the motion even though the motion could have been denied for failure to comply with the "meet and confer" rules. *Kalis v. Colgate-Palmolive Co.,* 231 F.3d 1049, 1059 (7th Cir. 2000).

Access to Datamonitor's Computers

Mintel's former employee, Defendant Neergheen, is currently working at third-party competitor Datamonitor. Prior to leaving Mintel's employment, Defendant e-mailed to his private e-mail account Mintel documents. Mintel was aware of this activity and demanded that Defendant not use the documents. Based, in part, on Defendant Neergheen's removal of Mintel documents and his employment with a competitor, Mintel has filed this lawsuit against Defendant Neergheen alleging violations of the Illinois Trade Secrets Act, Computer Fraud Abuse Act and violations of various terms of Defendant's employment contract with the Plaintiff.

Plaintiff seeks the forensic images of Datamonitor computers used by the Defendant and his work e-mail account to "close the loop on identifying all persons who now have Mintel's confidential and proprietary trade secret information within their possession. *Pl.'s Mot. To*

*Compel* ¶ 7. Plaintiff proposes having its expert conduct searches of the computers and electronic mail accounts pursuant to a previously agreed protocol. *Id.* ¶ 8. Plaintiff's sole justification for a search of a third-party competitor's computers and e-mail system is to "determine the veracity on the issue of whether Defendant has used the misappropriate Mintel [Plaintiff] documents and information." *Id.* Third-party Datamonitor argues that Plaintiff has no legitimate reason to search its computers, and that a search by Datamonitor's experts turned up none of Mintel documents. *Opp. to Mot. to Compel and Cross-Motion for Fees and Costs Associated with Responding* at 4, *Ex.* A "Declaration of Andrew L. Reisman" at 6.

Rule 26(b)(1) of the Federal Rules of Civil Procedure prescribes the scope of matters upon which a party may seek discovery. "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). When discovery is sought from a third-party the normal standard of *possible* relevance may not be enough and the third-party can be entitled to somewhat greater protection. *See Builders Ass'n of Greater Chicago v. City of Chicago*, No. 96 C 1122, 2001 WL 664453, at *7 n.4 (N.D. Ill. June 12, 2001). However, if the discovery does meet the relevancy standard, the party objecting to the discovery request bears the burden of showing why that request is improper. *Rubing v. Islamic Republic of Iran*, 349 F. Supp. 2d 1108, 1111 (N.D. Ill. 2004).

Here, Datamonitor asserts that no Mintel documents are on their computers. In support of this, they attached the Affidavit of Jeff Howard to their Opposition to Mintel's Motion to Compel and Cross-Motion for Fees and Costs Associated with Responding [Doc. No. 138]. In

his affidavit, Mr. Howard attests that Defendant Neergheen was required to sign a certification that required him to not provide Datamonitor with any Mintel confidential information or trade secrets. Aff. of Jeff Howard ¶ 7. Mr. Howard also testified that to his knowledge Defendant has complied with the terms of the certification. *Id.*

In further opposition to this motion Datamonitor points to a recent search performed of their computers that yielded no Mintel fruit. The Reisman Declaration describes the steps Mr. Reisman, a stated expert in the field of computer forensics, took in performing his August 2008 search of Datamonitor's computers. *Reisman Decl.* at 5, 6. First, he took a forensic image of the Datamonitor Drive confirming that Defendant's user profile was included. *Id.* at 5. He used EnCase, a forensic tool that is widely used in the computer forensic industry, and searched based on the names of the documents Plaintiff identified in the complaint and two phrases from the content of each document. *Id.* at 7. The Reisman Declaration states, "My search of the file names listed in Mintel's Complaint revealed no active files of those names on the Datamonitor Drive. Additionally, the keyword phrases utilized above resulted in no hits associated with any of the files available to me." *Id.* at 8.

Plaintiff seeks to have a forensic image of Datamonitor's computer(s) not just a search completed by Datamonitor. But, Rule 34 of the Federal Rules of Civil Procedure does not give the requesting party the right to conduct the actual search for the required, relevant data. *In re Ford Motor Co.*, 345 F.3d 1315, 1317 (11th Cir. 2003); *compare Hagenbuch v. 3B6 Sistemi Elettronici Industriali S.R.L.,* No. 04 C 3109, 2006 WL 665005, at *4 (N.D. Ill. March 9, 2006) (where moving party had first obtained relevant documents in non-native format the court allowed moving party unlimited access to a database that contained non-confidential, relevant

4

data). Here, unlike in *Hagenbuch*, Plaintiff seeks to have access to Datamonitor's database without having first established that relevant documents are or were in the possession of the party from which discovery is sought.

Since there is currently no evidence that Datamonitor possesses Mintel documents, Mintel can make no credible argument that there may be hidden information or other metadata that can only be discovered by imaging the computer. See *Medical Billing Constultants, Inc. v. Intelligent Medical Objects, Inc.*, No. 01 C 9148, 2003 WL 1809465, at *2 (N.D. Ill. 2003) (denying motion to compel defendants to allow experts to perform physical inspection of defendants' computer equipment where court found there were no additional relevant records on computer).

As to Datamonitor's search of its computers Plaintiff raises a concern that the search conducted by Datamonitor was not complete in that it did not include the titles and phrases from approximately forty Mintel documents produced by the Defendant in the course of discovery that were not included in the Complaint. Given this information, Datamonitor should expand their search to include search terms from these documents. The Court is mindful that Datamonitor is a third-party competitor of Mintel and since there is no current evidence that Datamonitor possesses Mintel documents any further search will be conducted by Datamonitor's expert.[1]

Therefore, Plaintiff and Datamonitor are ordered to "meet and confer" and attempt to

---

[1] Although the Plaintiff points to Defendant Neergheen's possession of Mintel documents this possession does not necessarily lead to the conclusion that Datamonitor also possesses these documents. This coupled with Defendant Neergheen's certification that he did not provide Datamonitor with any confidential Mintel documents and given the current lack of evidence that Datamonitor received Mintel documents leads this Court to believe that a forensic image of Datamonitor's computers is not warranted at this time.

agree on supplemental search terms and phrases based on the additional Mintel documents Defendant produced during that course of discovery. The "meet and confer" shall take place within three (3) days of this Order. If Plaintiff and Datamonitor cannot agree on the additional search terms and phrases, then Plaintiff will file a motion before the Court setting forth the respective positions of the parties. In anticipation of an agreement, the Court further orders that a new search shall be conducted by Mr. Reisman within ten (10) days after the "meet and confer." Third-party Datamonitor shall advise Plaintiff of the results of the search within three (3) days of the search.

Rule 30(b)(6) Deposition

On July 21, 2008, Plaintiff issued a Rule 30(b)(6) subpoena for oral deposition of a Datamonitor representative knowledgeable on 15 different topics ranging from the hiring of Defendant to Datamonitor's paper and electronic document retention policies. Datamonitor offered Jeffrey Howard for several topics and Datamonitor's counsel indicated that they would produce additional witnesses to supplement Mr. Howard's testimony. During his deposition Mr. Howard was unable to answer questions regarding the hiring of the Defendant and testified that Mr. Dylan Grey would be the person most knowledgeable about those topics. After the Howard deposition, Datamonitor offered Mr. Grey, but the parties have not been able to negotiate a time for his deposition.

This is the second time Plaintiff has filed a motion based on the July 21, 2008 Rule 30(b)(6) subpoena. *See* Motion to Compel [Doc. No. 35]. On August 12, 2008, this Court denied Plaintiff's motion to compel. *August 12, 2008 Minute Order* [Doc. No. 37]. Plaintiff now seeks a sanction against Datamonitor for failing to produce witnesses qualified to testify as

to the 15 topics contained in Plaintiff's Rule 30(b)(6) subpoena and seeks an order compelling the 30(b)(6) deposition to take place in Chicago.

According to Datamonitor, prior to Mr. Howard's deposition it informed Plaintiff's counsel that he would be able to testify to only certain topics in the subpoena and that Datamonitor would supply another witness for the remaining topics. Plaintiff argues that because Mr. Howard was unable to testify regarding all the topics in their subpoena, Datamonitor should be sanctioned by requiring all Rule 30(b)(6) witnesses to be deposed in Chicago.

Corporations have a duty to "make a conscientious good faith effort to designate the persons having knowledge of the matters sought by the [discovering party] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed by [the discovering party] as to the relevant subject matters." *Buycks-Roberson v. Citibank Federal Savings Bank,* 162 F.R.D. 338, 342 (N.D. Ill. 1995). This means that a corporation must prepare the corporate representative "to adequately testify not only on matters known by the deponent, but also on subjects that the entity should reasonably know." *Beloit Liquidating Trust v. Century Indem., Co.,* No. 02 C 50037, 2003 WL 355743 at *2 (N.D. Feb. 13, 2003). Courts have required parties to redesignate a corporate representative to testify where a witness initially chosen was unable or unprepared to testify. *See, e.g., Id.* at *2 (If the deponent is unable to answer questions about certain relevant areas of inquiry, then the corporation must designate another individual to satisfy a Rule 30(b)(6) notice.); *Smithkline Beechman Corp. et al v. Apotex Corp. et al.,* No. 98 C 3952, 2000 WL 116082, at *8 (N.D. Ill. Jan. 24, 2000) ("If a deponent is unable to testify about certain relevant areas of inquiry the business entity must designate

7

additional parties to satisfy a Rule 30(b)(6) notice."). However, it is ultimately up to the corporation to designate its Rule 30(b)(6) witness. *See* Fed.R.Civ. P. 30(b)(6) ("the organization so named shall designate one or more officers . . . to testify on its behalf"); *Resolution Trust Corp. v. S. Union Co., Inc.,* 985 F.2d 196, 197 (5th Cir. 1993) (noting that Rule 30(b)(6) places the burden on identifying and designating responsive witnesses for corporate deposition upon corporation itself).

In this case, Datamonitor designated Mr. Howard to testify on the company's behalf and has been willing to produce Mr. Grey to supplement Mr. Howard's testimony. Though Plaintiff would have preferred to have all the depositions in Chicago, such a preference should not have spawned a motion for sanctions. On the contrary, Plaintiff may not impose its preferences on non-party Datamonitor. Here, not only was Datamonitor's Rule 30(b)(6) designee sufficiently knowledgeable as to certain topics of the subpoena, but Datamonitor has shown good faith by making Mr. Grey available for additional testimony after designating Mr. Howard as their Rule 30(b)(6) designee. Since Datamonitor has been willing to submit Mr. Grey for deposition, there is no reason to compel them to do so. Had Plaintiff engaged in a required "meet and confer" this issue should have been addressed without court intervention. Accordingly, the motion to compel the 30(b)(6) deposition and for sanctions is DENIED. Finally, Datamonitor's cross-motion for fees and costs based on Plaintiff's failure to meet and confer is DENIED.

For the reasons stated, Plaintiff's Motion to Compel Datamonitor's Compliance with Subpoena and Rule 30(b)(6) [Doc. No. 133] is GRANTED in part and DENIED in part.

**SO ORDERED.**            **ENTERED:**

**Dated: November 17, 2008**

_____
**HON. MARIA VALDEZ**
**United States Magistrate Judge**