# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MINTEL INTERNATIONAL GROUP, LTD., a United Kingdom corporation, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 08 c 3939 |
| v. | ) ) ) | Judge Robert M. Dow, Jr. Magistrate Judge Maria Valdez |
| MEESHAM NEERGHEEN, an individual, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

**I.    Introduction**

On November 17, 2008, Magistrate Judge Valdez issued a memorandum opinion and order [151] granting in part and denying in part Plaintiff's motion to compel compliance with a subpoena and Rule 30(b)(6). On November 21, Plaintiffs moved for reconsideration [153] of the November 17 order. On December 3, Judge Valdez issued an order [163] denying Plaintiff's motion for reconsideration. Before the Court are Plaintiff's objections to the November 17, 2008 memorandum opinion and order [160] and Plaintiff's supplement to its previously-filed objections [164]. For the reasons stated below, the Court overrules Plaintiff's objections and affirms Magistrate Judge Valdez's order.

**II.    Analysis**

As both parties previously have recognized, where, as here, a district court considers objections to a magistrate judge's rulings on nondispositive matters, the magistrate judge's disposition will be set aside only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); see also *Hall v. Norfolk Southern Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006); *Bobkoski v. Board of Educ. of Cary Consol. School Dist.*, 141 F.R.D. 88, 90 (N.D. Ill. 1992). Under the clear

error standard of review, "the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Industries Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

In the motions that are the subject of Plaintiff's objections, Plaintiff sought to compel Datamonitor – a third party that is a competitor of Plaintiff and also is Defendant's current employer – to provide "a forensic image of Datamonitor's desktop and/or laptop computers used at any time by Defendant and the forensic image of Defendant's electronic mail account at Datamonitor." In considering Plaintiff's objections, the Court has thoroughly reviewed all of the briefs that were filed before Judge Valdez, the November 17 order, the December 3 order denying Plaintiff's motion for reconsideration, and Plaintiff's objections filed in this Court. The Court also has considered the oral arguments of counsel at the December 9 hearing, at which time Plaintiff presented its objections.[1]

Upon review of the aforementioned materials and arguments, the Court concludes that Judge Valdez considered and applied the appropriate rules and case authorities in a well-reasoned fashion and offered a more than reasonable justification for her ruling. As Judge Valdez correctly noted [151, at 3], third parties are entitled to somewhat greater protection than parties in regard to discovery requests (see *Builders Ass'n of Greater Chicago v. City of Chicago*, 2001 WL 664453, at *7 n.4 (N.D. Ill. June 12, 2001)), such as requests for a forensic image of a competitor's computers (see, *e.g.*, *Powers v. Thomas M. Cooley Law School*, 2006 WL 2711512, at *5 (W.D. Mich. Sept. 21, 2006)). Moreover, the pertinent rules of civil procedure generally do not permit the requesting party to conduct the actual search for discoverable data (*In re Ford Motor Co.*, 345 F.3d 1315, 1317 (11th Cir. 2003)), at least absent

---

[1] In view of the extensive briefing on this matter before Judge Valdez, Defendant declined to file an additional brief and instead was content to stand on the arguments that it had previously advanced.

2

some showing that the documents sought by the requesting party are or were in the possession of the party to whom the request is made (see, *e.g.*, *Hagenbuch v. 3B6 Sistemi Elettronici Industriali S.R.L.*, 2006 WL 665005, at *4 (N.D. Ill. March 9, 2006)). Here, Judge Valdez – who has supervised the discovery process in this case from the outset and has had extensive involvement with the parties throughout – concluded that "there is currently no evidence that Datamonitor possesses Mintel documents." [151, at 5.]

For the reasons stated above, the Court cannot find that Judge Valdez's ruling that "a forensic image of Datamonitor's computers is not warranted at this time" [151, at 5 n.1] was clearly erroneous or contrary to law. Nor can the Court conclude that Judge Valdez erred in denying Plaintiff's motion for reconsideration. To begin with, the Court does not find any "clear error" in Judge Valdez's ruling that, because Defendant testified in his deposition in August that he accessed his personal e-mail account at Datamonitor, the evidence from Microsoft was not "new." [163, at 2.] In addition, even if the evidence that Defendant accessed his personal e-mail account from Datamonitor or Kinko's was "new," it was received by Plaintiff on October 29 [153, at 2] – well in advance of Judge Valdez's November 17 ruling – and could have been called to her attention before she issued that ruling. Finally, and most importantly, that additional evidence would not be enough to overturn Judge Valdez's determination that a "complete forensic image of all relevant Datamonitor computers" is not warranted in the circumstances, for the evidence obtained from Microsoft does not undermine any of the bases for Judge Valdez's ruling discussed in the preceding paragraph.

The Court further observes that although Judge Valdez denied Plaintiff's requests for forensic images of any Datamonitor computers, she agreed with Plaintiff that the search of Datamonitor's computers performed by Datamonitor was not complete and permitted additional

3

searches to be performed. Mem. Op. and Order at 5. As Datamonitor has acknowledged, as a result of Judge Valdez's November 17 order, Plaintiff "was allowed to view the computer systems of [Datamonitor] to determine what it seeks – namely, whether Mr. Neergheen has passed any Mintel confidential information to Datamonitor" [158, at 2], and in particular, Plaintiff was given "an opportunity to dictate how the computer system of Datamonitor is searched, and the opportunity to be even more sure that none of Mintel's claimed proprietary information was passed to Datamonitor." [*Id*. at 6.]

The upshot of Judge Valdez's November 17 order is that additional searches of Datamonitor's computers are a given. The questions are when, of what information, and by whom? Pursuant to Judge Valdez's order, Datamonitor's expert was to perform the searches, but at Plaintiff's direction following a "meet and confer" that was to be held within three days of the November 17 order. [151, at 5-6.] Under the timetable set forth in Judge Valdez's order, the new searches then were to be performed within ten days and the results produced to Plaintiff within three additional days. [*Id*. at 6.] In other words, the entire process should have been concluded by December 4 or 5.

Unfortunately, Plaintiff declined to participate in the "meet and confer" according to that timetable, choosing instead to await a ruling on its motion for reconsideration. [159, at 3 (acknowledging "its obligation, per the Court's November 17, 2008 Order, to meet and confer with Defendant *should the instant Motion fail*").] In fact, the "meet and confer" still had not been held as of December 9, when Plaintiff appeared before this Court to present its objections to the November 17 order. Counsel for Plaintiff suggested that the delay was occasioned by Plaintiff's concerns about the cost of repeatedly engaging its expert to pursue discovery relating to Datamonitor's computers. With due respect, the Court does not find that to be a compelling

4

reason to disregard the clear directive in Judge Valdez's order, which was designed to allow Plaintiff access to discovery in response to concerns that it had raised about the adequacy of the prior search of Datamonitor's computers. As the Court noted at the December 9 hearing when it directed the parties to have the long overdue "meet and confer," the additional searches ordered by Judge Valdez – and other searches that were neither expressly required nor expressly prohibited by her order, such as searches for "fragments" and "deleted files" – may address Plaintiff's concerns about "telltale signs" of efforts by Defendant to "cover his tracks."[2]

In sum, because the Court finds that Magistrate Judge Valdez's November 17 and December 3 decisions are neither clearly erroneous nor contrary to law, Plaintiff's objections [160, 164] are overruled.

## III. Conclusion

For the reasons stated above, the Court overrules Plaintiff's objections [160, 164] to Magistrate Judge Valdez's orders (i) granting in part and denying in part Plaintiff's motion to compel [151] and (ii) denying Plaintiff's motion for reconsideration [163], and Magistrate Judge Valdez's November 17 and December 3, 2008 orders are affirmed.

Dated: December 16, 2008

Robert M. Dow, Jr.
United States District Judge

---

[2] On December 15, 2008, Plaintiff filed a status report [167], as requested by the Court, concerning the results of the "meet and confer." In that status report, Plaintiff reported that the meet and confer took place on December 10, but that, at least as of December 15, the parties had not been able to agree on how to proceed. To the extent that the parties' attempts to reach accord in a manner consistent with this opinion and the prior discovery orders issued in this case are not successful, they may of course notice any appropriate motion before Magistrate Judge Valdez.