IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MINTEL INTERNATIONAL GROUP, LTD., a United Kingdom corporation, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: 08CV3939 |
| v. | ) ) ) | Judge Robert Dow, Jr. Magistrate Judge Maria Valdez |
| MEESHAM NEERGHEEN, an individual, | ) ) ) | |
| Defendant. | ) | |

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON COUNT I OF DEFENDANT'S COUNTERCLAIM AND REQUEST FOR SANCTIONS

Plaintiff MINTEL INTERNATIONAL GROUP, LTD. ("Mintel"), by and through its attorneys at JOHNSON & BELL, LTD., hereby respectfully moves for summary judgment pursuant to Fed. R. Civ. P. 56 on Count I of Defendant's Counterclaim. Mintel further requests sanctions against Defendant and Defendant's counsel because Count I of Defendant's Counterclaim was filed for improper purposes and without any factual or legal support. In support of its motion, Mintel states as follows:

1. Count I of Defendant Meesham Neergheen's ("Defendant") Counterclaim purports to state a claim for "tortious interference with business relations" against Mintel. Defendant seeks damages for Mintel's alleged interference with Defendant's "business expectancies" with his current employer, Datamontor, Inc. ("Datamonitor").

2. During his deposition, Defendant conceded that his only "business expectancies" with Datamonitor were his employment with Datamonitor and the receipt of his salary from Datamonitor. Defendant also conceded that he is still employed by Datamonitor

and has continually received his salary from Datamonitor since he began employment with Datamonitor in May 2008.

3. Yet, despite Mintel's request that Defendant dismiss Count I of his Counterclaim pursuant to Fed. R. Civ. P. 11, Defendant persists in attempting to state a claim for tortious interference.

4. Illinois law is clear that in order to succeed on a claim for tortious interference, "the interference complained of must induce or cause a breach or termination of the relationship or expectancy." Heying v. Simonaitis, 126 Ill.App.3d 157, 161, 466 N.E.2d 1137, 1141 (1st Dist. 1984).

5. Defendant cannot sustain his burden of putting forth evidence necessary to sustain his claim for tortious interference. No action by Mintel has caused a breach or termination of Defendant's relationship with Datamonitor. Defendant is still employed by Datamonitor and has continually received his salary from Datamonitor – notwithstanding and despite any alleged misconduct or interference by Mintel.

6. Indeed, Defendant could not even identify any individual at Datamonitor that has less of a perception of him as a result of any action by Mintel. Defendant's failure is unsurprising as Defendant conceded that his Counterclaim was filed to gain leverage in defending Mintel's claims against him and that he is unable to provide any breakdown of the damages he is seeking.

7. Count I of Defendant's Counterclaim is deficient as a matter of law. Defendant cannot put forth any evidence that any action by Mintel has caused a breach or termination of his relationship with Datamonitor. Mintel is entitled to summary judgment on Count I as a result.

8. Furthermore, in light of Defendant's continued refusal to dismiss his frivolous tortious interference claim against Mintel, sanctions are proper. Accordingly, in addition to the dismissal of Count I of Defendant's Counterclaim, Mintel requests reasonable fees associated with the filing of all documents related to this motion for summary judgment.[1]

9. Mintel is filing contemporaneously herewith its memorandum of law in support of its motion for summary judgment on Count I that more fully sets forth the facts and authorities supporting its arguments.

WHEREFORE Plaintiff MINTEL INTERNATIONAL GROUP, LTD. respectfully requests that that this Honorable Court enter an order granting it summary judgment on Count I of Defendant's Counterclaim. Mintel further requests that the Court impose sanctions against Defendant and Defendant's counsel and for such other relief the Court deems just and proper.

Respectfully submitted,

MINTEL INTERNATIONAL GROUP, LTD

/s/ Joseph R. Marconi
One of Its Attorneys

Joseph R. Marconi
Victor J. Pioli
Katherine J. Pronk
JOHNSON & BELL, LTD.
33 West Monroe Street
Suite 2700
Chicago, Illinois 60603
(312) 372-0770

*Attorneys for Plaintiff,*
*Mintel Int'l Group, Ltd.*

---

[1] It is important to note that Defendant conceded during his deposition that Datamonitor is paying for Defendant's legal fees in the present lawsuit.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he caused to be served **Plaintiff's Motion for Summary Judgment on Count I of Defendant's Counterclaim** on December 23, 2008 using the CM/ECF System, which will send notification of such filing to the following:

>Joel C. Griswold
>Jeana R. Lervick
>John T. Roache
>BELL, BOYD & LLOYD LLP
>70 West Madison Street, Suite 3100
>Chicago, IL 60602

/s/ Joseph R. Marconi

Joseph R. Marconi
Victor Pioli
Katherine J. Pronk
Johnson & Bell, Ltd.
33 W. Monroe St., Suite 2700
Chicago, IL 60603
312-372-0770